UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JENNIFER P. SCHWEICKERT,

       Plaintiff,

       v.

HUNTS POINT VENTURES, INC; HUNTS
POINT VENTURE GROUP, LLC; CHAD
and ELIZABETH RUDKIN, and their marital
community comprised thereof; JOHN DU
WORS and AMBER DU WORS, and their
marital community comprised thereof; and
DOES 1-4;

       Defendants.

Case Number: 13-CV-675


**COMPLAINT**

1. **Breach of Contract**
2. **Fraud**
3. **Conspiracy**

**JURY DEMAND**


      Plaintiff, Jennifer P. Schweickert, by and through her attorney of record, files this complaint for damages against Hunts Point Ventures, Inc., Hunts Point Venture Group, LLC, Chad and Elizabeth Rudkin, John and Amber Du Wors, and Does 1-4 (collectively "defendants"), and upon information and belief alleges as follows:

---

Complaint— 1
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

1

## INTRODUCTION

This case arises out of a loan made by plaintiff Jennifer Schweickert to defendant Hunts Point Ventures, Inc., (hereinafter "HPV") a company now wholly owned and operated by defendants Chad and Elizabeth Rudkin.  Plaintiff and defendant HPV entered into a promissory note on or about April 21, 2011.  Plaintiff loaned HPV $200,000 that was to repaid in two interest payments in December 2011 and October 2012, as well as the principal repayment in October of 2012.  A true and correct copy of the Promissory Note (hereinafter referred to as the "note") is attached hereto as Exhibit "A".  HPV has failed to make any of the payments owed to plaintiff under the Promissory Note.

The purpose of each of the corporations as well as their interaction and relationship was memorialized in a series of email and memorandums prepared by the defendants.  The principal goal of HPV was to monetize intellectual property of Mark Phillips that would be licensed to HPV through Hunts Point Intellectual Property, LLC.  HPV was to use the Phillips' IP to generate income that would be used not only to repay investors and provide remuneration for its officers; but primarily to provide capital to Mark Phillips who was going through significant civil litigation as well as fighting criminal charges.  Plaintiff is a personal friend of Mr. Phillips and was interested in investing in HPV because the investment would go towards helping Mr. Phillips and would be secured by the licensing revenue of HPV.  The note also included a "Joint Participation Agreement," setting up Hunts Point Ventures Group, LLC, (hereinafter "HPVG"). Defendant John Du Wors, an attorney, acted as one of Mr. Phillips' criminal defense attorneys as well as representing Mr. Phillips in several civil matters.  Mr. Du Wors was the attorney that would be prosecuting the violations of Mr. Phillips' patents.

---

**Complaint**— 2
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

At the time she entered into the Promissory Note and Joint Participation Agreement, Ms. Schweickert was assured by Steven Schweickert and defendant John Du Wors that her investment would go to pay Mr. Du Wors past due fees, which would allow him to aggressively pursue the patent litigation.  Both Steven Schweickert and John Du Wors represented that HPV had no money and needed her investment.  Steven Schweickert and defendants assured Ms. Schweickert that HPV and HPVG were set up to consider the interests of Mr. Phillips.   Ms. Schweickert has never received any shares in HPVG and does not know its status.  She now sues for breach of the Promissory Note as well as all of the other damages suffered as a result of defendants' actions.

## THE PARTIES

**1.**      Plaintiff, Jennifer Schweickert, is an individual and a resident of Santa Monica, State of California.

**2.**      Defendants HPV and HPVG are corporations set up under the laws of the State of Washington and reside in King County.  It is believed that both corporate entities are on-going concerns, though both may be inactive.

**3.**      Defendants, Chad and Elizabeth Rudkin (jointly referred to hereafter as "the Rudkins"), are individuals residing in King County, State of Washington and are believed to be the sole shareholders of defendants HPV and HPVG.

**4.**      Defendant John Du Wors is a resident of King County, State of Washington, and a licensed attorney practicing in the Seattle area.  Amber Du Wors is his spouse and were married at the time the alleged incidents described herein occurred.   To the extent that defendant John Du Wors' actions were for the benefit of, or in furtherance of, the marital community, the allegations made against this defendant individually shall apply equally to the defendants' spouse.

---

**Complaint**— 3
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

**5.**     Doe defendants 1 thru 4 are individuals who acted in concert with the named defendants in their illegal and tortious conduct, and whose identities or conduct are unknown to plaintiff at this time.  When such identity or conduct is discovered, plaintiff will seek leave of court to amend the complaint.

## JURISDICTION AND VENUE

**6.**     This court has diversity jurisdiction over these claims against Chad and Elizabeth Rudkin and John and Amber Doe Du Wors pursuant to 28 U.S.C. §1332(a)(3), as Ms. Schweickert, Mr. and Mrs. Rudkin and Mr. and Mrs. Du Wors are residents of different states, and the amount in controversy exceeds $75,000.00.

**7.**     This Court has personal jurisdiction over all defendants because each defendant conducts business activities in this jurisdiction, voluntarily entered into written contracts within this jurisdiction, and has caused harm to Ms. Schweickert within this jurisdiction.

**8.**     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because defendants have substantial contacts with and/or the majority of the pertinent witnesses may be found in this district; many of the events giving rise to this lawsuit have arisen and continue to occur in this district; and defendants have committed the majority of their alleged tortious acts in this district.

## FACTUAL ALLEGATIONS
### HPV Formation

**9.**     Mr. Phillips owns certain valuable intellectual property.  In 2009 through 2010, Mr. Phillips became involved in civil litigation with his company, MOD Systems, Inc., as well as the subject of a criminal investigation.

---

**Complaint**— 4
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**10.**     In order to protect his intellectual property, Mr. Phillips contacted friends Steven Schweickert, Doug Lower, Kenn Gordon, and Chad and Elizabeth Rudkin.  The plan, as memorialized in a memorandum of understanding dated May 2, 2010 was to set up a company, HPV, that would license Phillips' IP from Hunts Point Intellectual Property, LLC ("HPIP").  No other person contributed intellectual property to the HPIP entity.

**11.**     HPV was set up to monetize the intellectual property of Mr. Phillips by prosecuting those violations of the IP.  Mr. Phillips recommended his attorney, Mr. Du Wors, as the attorney to prosecute the IP violations.  HPV agreed to retain Mr. Du Wors, who provided HPV with a plan to prosecute the IP violations.

**12.**     Plaintiff is informed and believes that HPV was organized as a Washington corporation with shares divided between Steven Schweickert, Doug Lower, Chad Rudkin and Mr. Phillips.  She is further informed and believes that Mr. Phillips contributed his IP to HPIP, agreed to a license to HPV, as well as $9,200 in cash to support the purchase of his shares.

**13.**     Plaintiff is informed and believes that Steven Schweickert, as a shareholder of HPV, sought the consent of Mr. Phillips, as a shareholder and director of HPV, regarding operational and financial concerns of HPV.

**Plaintiff makes a loan to HPV**

**14.**     Plaintiff is the cousin of one of the founders of HPV, Steven Schweickert. Mr. Schweickert approached plaintiff in 2011 about putting money into HPV.  Mr. Schweickert knew that plaintiff was a friend of Mr. Phillips and was told that by supporting HPV, she would be furthering the efforts to monetize the Phillips' IP as well as helping Mr. Phillips personally.  Mr. Schweickert assured plaintiff that HPV and

**Complaint**— 5
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

HPVG had essentially been formed to monetize the Phillips' IP and to support Mr. Phillips.

**15.**     Plaintiff was introduced to Mr. Du Wors while considering her "investment" in HPV.  Plaintiff was aware that Mr. Du Wors was the attorney that would handle the IP litigation.  She was also provided with a copy of Mr. Du Wors' memorandum to Steven Schweickert outlining his litigation "plan" for the Phillips' IP.

**16.**     Plaintiff was led to believe in no uncertain terms that the goal of the formation of HPV was to assist Mr. Phillips.  Mr. Du Wors met with plaintiff and orally represented that the majority of plaintiff's loan would go to pay for Mr. Phillips' mounting legal fees.  However, by so doing, Mr. Du Wors assured plaintiff that plaintiff's loan would allow him to vigorously pursue any patent violations, thereby helping HPV recover money through settlements for Mr. Phillips' direct benefit.

**17.**     Plaintiff was also told by Steven Schweickert that the loan would allow HPV to form HPVG and that she would be given an "8% passive membership" without regard to HPV's obligation on the $200,000 note.  Plaintiff was informed by defendants and believed that HPVG would be formed to further the goals of HPV to monetize the Phillips' IP and support Mr. Phillips.

**18.**     On or about April 21, 2011, plaintiff received a signed copy of the Promissory Note and Joint Participation Agreement from HPV and HPVG.  In response, plaintiff sent instructions to her bank to wire $200,000 to an HPV account at Commerce Bank.  That money was sent on April 26, 2011.

**19.**     Shortly after the note was executed, plaintiff received a call from Steven Schweickert seeking approval to invest in "Viacam," a purported joint venture with John Ridgeway from Malibu, CA. Plaintiff denied the request and instructed Mr. Schweickert to expend no such resources on the venture. On information and belief, Mr.

---

**Complaint**— 6
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

Schweickert ignored Ms. Schweickert's instruction. Additionally, on information and belief, without authorization Mr. Schweickert, Mr. Rudkin, and others spent HPV resources on ventures or consultants without any written agreements.

### HPV Breaches the Agreement

**20.**    As set forth in the Agreement, plaintiff was to receive her first interest payment on December 31, 2011.  Plaintiff received no payment from HPV on that date.

**21.**    The second interest payment as well as the principal repayment was scheduled to occur on October 31, 2012.  Again plaintiff received no payment from HPV on that date.  Plaintiff has not received any payment from HPV at any time that would be in satisfaction of its obligations under the note.

**22.**    In addition, plaintiff has never received any document purporting to award her an "8% interest" in any entity identified as HPVG.

**23.**    Plaintiff is informed and believes and upon that basis alleges that HPVG was organized under the laws of the State of Washington, but is unsure if it is an ongoing concern.  Plaintiff is aware that the records with the Washington State Secretary of State do not list her as a shareholder of HPVG.

**24.**    Plaintiff has never received any written document that would confirm her ownership of shares or stock in HPVG.

**25.**    Plaintiff contacted Attorney John Du Wors regarding payment of the note and was informed that defendants Mr. and Mrs. Rudkin had "purchased" all of the shares of HPV and were now the sole shareholders and governing officers.  He suggested that she contact the Rudkins.

**26.**    Plaintiff left numerous messages with defendants Mr. and Mrs. Rudkin regarding HPV and its obligations on the note but received no response.

---

**Complaint**— 7
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

**27.** On or about February 4, 2013, plaintiff sent a letter to the Rudkins and Mr. Du Wors regarding repayment of the note. A true and correct copy of that letter is attached hereto as Exhibit "B." She received a response from Mr. Du Wors, who stated he had no information of any interest plaintiff had in HPV. A true and correct copy of the Du Wors email is attached hereto as Exhibit "C."

**28.** Plaintiff now sues defendants to recover her damages.

**First Cause of Action**
**Breach of Contract**
**(Against Defendants HPV and the Rudkins)**

**29.** Plaintiff repeats and incorporates by reference each allegation in paragraphs 1 through 28 as if set forth fully herein.

**30.** Plaintiff entered into a written contract with defendant HPV on April 24, 2011. Plaintiff fulfilled her obligations under the Agreement by sending $200,000 to HPV on that date.

**31.** Defendants Chad and Elizabeth Rudkin are the sole shareholders of HPV.

**32.** Defendants HPV and the Rudkins breached the written agreement by failing to make any interest payments as required by the contract and by failing to make the full principal payment as required by the contract.

**33.** Defendants HPV and the Rudkins further breached the written agreement by failing to provide plaintiff with ownership of 8% of the shares of HPVG.

**34.** As a result of defendants' breach, plaintiff has been damaged by the loss of interest payments due under the contract. In addition, plaintiff has been damaged by a loss of her principal as required by the contract.

---

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

**35.**     As a result of defendants' breach, plaintiff has been forced to pay for legal counsel to consult and bring this action.  Plaintiff requests reimbursement of all attorney's fees as approved by that written Agreement entered into by the parties.

**Second Cause of Action**
**Fraud**
**(Against Defendants the Rudkins and John and Amber Du Wors)**

**36.**     Plaintiff repeats and incorporates by reference each allegation in paragraphs 1 through 35 as if set forth fully herein.

**37.**     Defendants Mr. Schweickert and Mr. Du Wors made certain representations to plaintiff before she entered into the Promissory Note and Joint Venture Agreement.

**38.**     Representations made by Mr. Schweickert include (but are not limited to) the claim that plaintiff's investment would help HPV to raise funds for Mr. Phillips, that Mr. Phillips would always be a shareholder and/or director of HPV and HPVG, that Mr. Du Wors would be able to generate "a lot of money" by prosecuting the Phillips IP, that she would participate in decisions on HPV's investments in 3rd parties, that HPV and HPVG had a profit sharing agreement that was approved by the members of HPV and HPVG, that HPVG was set up to defend Mr. Phillips from future litigation attacks and invest in new Phillips companies and she would have an ownership interest in HPVG, and that her loan would be repaid on time.

**39.**     Representations made by Mr. Du Wors include (but are not limited to) the claim that by using her investment to pay his fees because HPV had no money, he would be able to generate a lot of money through patent litigation that would help Mr. Phillips, he represented HPV and HPVG, that Ms. Schweickert would be paid back her promissory note from "Digicor" settlement funds, that Mr. Du Wors would see to

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

settlement funds be disbursed to his firm, HPVG for profit sharing, that Ms. Schweickert would participate in future patent litigation settlements from HPVG, and his participation in HPV and HPVG would provide oversight to the actions of Mr. Schweickert and the Rudkins as they didn't not have extensive corporate governance experience.

40.     On information and belief, HPVG has no signed operating agreement with any of the purported members represented to plaintiff prior to her executing the note, HPVG was not properly formed and operated as a separate company, that HPVG has no intercompany agreement with HPV, nor have the terms of that agreement been vetted by past or present shareholders, directors, or officers of HPV or HPVG. In fact, plaintiff believes that HPVG was a ruse much like the company presented to Mr. Phillips for the contribution of his IP, HPIP.

41.     Plaintiff is informed and believes and on that basis alleges that in order to "hide" the loan from plaintiff, Mr. Schweickert, Mr. Rudkin and Mrs. Rudkin listed the "loan" in the HPV corporate financial books as an "investment."  Plaintiff believes that this mistreatment of the loan was approved by all defendants, including Mr. Du Wors.

42.     These defendants knew these representations were false, and were made to induce plaintiff to do certain things in reliance upon these representations; namely, to convince plaintiff to loan HPV money that would help HPV generate money that would be paid to Mr. Phillips. To further induce plaintiff to invest, defendants granted stock or participation in a company, namely HPVG, which had no formal relationship with HPV, despite plaintiff's reliance on defendant's false statements that future profit sharing from HPV would be provided to HPVG.

43.     Defendants had no intention of honoring their obligations and duties under the written agreement.  In fact, it appears that the representations were made to

**Complaint**— 10
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

plaintiff to convince her to loan HPV money just so Mr. Du Wors could receive payment.

44.   Plaintiff reasonably relied upon these representations to her detriment.

45.   As a result of this reliance, plaintiff was significantly damaged in an amount to be proven at trial. The acts of defendants, and all of them, were done with the specific intent to take property from plaintiff, and were malicious and without conscious regard for the rights of plaintiff.  As such, plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

### Third Cause of Action
### Conspiracy
### (Against Defendants the Rudkins and Mr. Du Wors)

46.   Plaintiff repeats and incorporates by reference each allegation in paragraphs 1 through 45 as if set forth fully herein.

47.   Defendants Du Wors and the Rudkins, in concert with Steven Schweickert, did conspire to induce plaintiff to give $200,000 to HPV for the unlawful purpose of misappropriating that money based upon misrepresentations that defendants knew were false.

48.   Steven Schweickert misrepresented to plaintiff that she would be given shares in HPV and HPVG, that Mr. Phillips would be a shareholder and director of HPV and HPVG, that Mr. Du Wors would be able to generate "a lot of money" by prosecuting the Phillips IP, that her "investment" was better than purchasing property, and that her loan would thus be secure and timely repaid.

49.   Steven Schweickert also told plaintiff that she needed to hurry to invest in HPV because, Sandy Hoover, defendant Elizabeth Rudkin's mother, and defendant Chad Rudkin's mother-in-law, was going to invest and there was only one "slot" to be

---

**Complaint**— 11
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

invested. Mr. Schweickert misrepresented that Ms. Hoover was "going" to invest and take the "final slot." In fact, Ms. Hoover has already invested in October of 2010 and was not planning on investing any more funds into HPV.  Later in May of 2011, during proceedings regarding Steven Schweickert's infidelity defendant Chad Rudkin confessed to plaintiff that Mr. Schweickert was "lying" to plaintiff to induce her investment.

50.     At this time, Mr. Schweickert informed Mr. Du Wors that plaintiff was in possession of money and had expressly provided plaintiff with a copy of a memorandum prepared by Mr. Du Wors in which Mr. Du Wors presents a plan to raise a lot of money using the Phillips IP.  A true and correct copy of the memorandum is attached hereto as Exhibit "D."

51.     When plaintiff was reluctant to make the loan (also referred to by defendants as "investment"), the defendants and Mr. Schweickert conspired to have Mr. Du Wors meet personally with plaintiff.  The entire purpose of the meeting between Mr. Du Wors and plaintiff was to complete the conspiracy to provide plaintiff with enough false promises to induce her to invest in HPV.

52.     Representations made by Mr. Du Wors include (but are not limited to) the claim that by using her investment to pay his fees, he would be able to generate a lot of money through patent litigation that would help Mr. Phillips.

53.     The defendants conspired to induce plaintiff to invest in HPV.  Plaintiff did invest in HPV based upon the various representations and promises of defendants.

54.     Defendants the Rudkins actively participated in the conspiracy to defraud plaintiff after plaintiff had invested in HPV, by assuring plaintiff that her loan would be repaid, that HPV would generate money via the Phillips IP, and sending plaintiff notices identifying plaintiff as a shareholder of HPV.  An example of defendant Mrs.

---

**Complaint**— 12
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

Rudkin's knowledge of the conspiracy can be found in a memorandum regarding an HPV shareholders' meeting, a true and correct copy is attached hereto as Exhibit "E."

**55.**     The conspiracy of defendants to commit fraud was done without conscious regard for the rights and property of plaintiff.  The acts of defendants were malicious, and intended to commit fraud upon plaintiff.

**56.**     As a result of defendants' actions, plaintiff has been damaged in an amount to be determined at trial.

**57.**     Defendants Mr. Rudkin, Mrs. Rudkin and Mr. Du Wors made certain representations to plaintiff before she entered into the Promissory Note and Joint Venture Agreement.

**58.**     Representations made by Mr. Rudkin include (but are not limited to) the claim that plaintiff's investment would help HPV to raise funds for Mr. Phillips, that Mr. Phillips would always be a shareholder and/or director of HPV, that Mr. Du Wors would be able to generate "a lot of money" by prosecuting the Phillips IP, that HPVG would be set up to defend Mr. Phillips from future litigation attacks and invest in new Phillips companies and she would have an ownership interest in HPVG, and that her loan would be repaid on time.

**59.**     Representations made by Mr. Du Wors include (but are not limited to) the claim that by using her investment to pay his fees, he would be able to generate a lot of money through patent litigation that would help Mr. Phillips, that he represented HPV and HPVG and Ms. Schweickert would receive shares from HPVG, and that HPV and HPVG had an agreement for profit sharing.

**60.**     Plaintiff is informed and believes and on that basis alleges that in order to deprive plaintiff of her monies made under the promissory note, Mr. Schweickert, Mr. Rudkin and Mrs. Rudkin listed the loan in the HPV corporate financial books as an

---

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

angel investment.  As an investment, the Rudkins would be under no obligation to repay the money under the terms of the note.   Plaintiff believes that this mistreatment of the loan was approved by all defendants, including Mr. Du Wors.  A true and correct copy of the memorandum is attached hereto as Exhibit "F."

61.     The defendants got lost in their own conspiracy.  Before treating the loan as an investment, the defendants became confused over how to characterize plaintiff's role in HPV.  For instance, on or about May 5, 2011, Mr. Schweickert contacted Ms. Schweickert for shareholder permission to invest HPV funds into ViaCam. Ms. Schweickert denied the request. In another instance, on August 6, 2012, plaintiff received a notice prepared by Mr. Du Wors inviting her as a shareholder to an HPV shareholder meeting.  On the agenda was to discuss her "debt and/or equity interest."

62.     However, on or about February 8, 2013, plaintiff demanded from Mr. Du Wors information regarding the status of her loan/investment and he responded evasively, stating he had no information identifying her as an investor. See Exhibit "C" attached hereto.

63.     Defendants had no intention of honoring their obligations and duties under the written agreement.  In fact, it appears that the representations were made to plaintiff to convince her to loan HPV money just so Mr. Du Wors could receive payment, so that Steven Schweickert and the Rudkins could loot the remaining assets of HPV, rather than treat the payment as a loan and provide Ms. Schweickert shares in any corporation, especially HPV.

PRAYER FOR RELIEF

64.     WHEREFORE, plaintiff, Ms. Schweickert, prays for judgment against defendants, jointly and severally, as follows:

---

**Complaint**— 14
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

65.     For actual and consequential damages for breach of the Promissory Note of $230,378.95;

66.     For interest on the full amount due under the Promissory Note calculated from the date of each breach of the written agreement;

67.     For actual and consequential damages for their fraud upon plaintiff in an amount to be determined at trial;

68.     For exemplary damages for Defendants' intentional conduct in an amount to be determined at trial;

69.     For an order that Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC stock or shares be awarded to plaintiff;

70.     Declaratory relief ordering that all actions of defendants Chad and Elizabeth Rudkin and John Du Wors on behalf of Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC be declared "void ab initio."

71.     For attorney's fees to the extent permitted by law or by contract;

72.     For costs of suit; and

73.     Such other and further relief as this Court deems just.


## DEMAND FOR JURY TRIAL

Under Fed.R.Civ.P. 38(b), plaintiff demands jury trial of all issues raised by the Complaint.

//

//

//

//

//

---

**Complaint**— 15
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

**DATED** this 12th day of April, 2013

**LAW OFFICE OF REED YURCHAK**

By:_____
REED YURCHAK, WSBA No. 37366
Attorney for Plaintiff

**VERIFICATION**

JENNIFER P. SCWEICKERT hereby declares as follows:

I am the Plaintiff named hereinabove. I have personal and testimonial knowledge of the facts set forth below and am competent to be a witness herein.

I have read the foregoing Complaint, know the contents thereof and believe the same to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 12th day of April, 2013

_____
JENNIFER P. SCHWEICKERT

Complaint— 16
SCHWEICKERT v. HPV, HPVG, RUDKINS, DU WORS ET AL.

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-941-6659; FAX: 425-654-1205

EXHIBIT "A"

## NATIONAL MAILBOX CENTER, INC.

NATIONAL MAIL BOX CENTER
2801 OCEAN PARK BLVD
LOS ANGELES, CA 90405
TEL (310) 581-8399 FAX (310) 581-8398



To: Mike Kuo  From: Jennifer Schweickert
Fax: (425) 462-0651  Pages: 1
Phone:  Date: 4-26-11

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

• Comments:

Please use this as my authorization for
$240,000⁰⁰ wire transfer from my account

[redacted] to my citibank account and
to another account at the commerce bank.

$40,000 goes to: Citibank
Routing #  acct #
# [redacted]

and $200,000.00 goes to: Hunts Point Ventures
Routing #:  acct #
# [redacted]

Thanks!
Jennifer Schweickert

200

## Promissory Note and Joint Participation Agreement

**Borrower**    HUNT'S POINT VENTURES, INC
3644 Hunts Point Rd
Hunts Point, WA 98004

(Hereinafter referred to as the "Borrower")

**Lender**    Jennifer Schweickert
2045  11th Street
Santa Monica CA 90405

(Hereinafter referred to as the "Lender")

The Lender, Jennifer Schweickert, an Individual, agrees to lend Borrower, Hunts Point Ventures, Inc, a Washington corporation, total sum of Two Hundred Thousand Dollars ($200,000) according to the schedule of payments as outlined in Exhibit A.   Borrower agrees to pay simple interest at the annualized rate of 8%, as computed on the balance of funds from the date of receipt(s) of such funds, to Lender, with the first interest payment due and payable on December 31 computed on amounts outstanding at that date, with the exception that upon full repayment, the then accrued interest shall be paid concurrently with such final payment. Borrower hereby agrees to repay total monies received, including all accrued interest, no later than October 31, 2012, however Borrower may repay the note earlier, without penalty, and interest due thereunder shall be accrued and paid as simple non-compounding interest.

### Place of Payment
Payment shall be made at the above stated address of the Lender or at such place as may be designated from time to time in writing by the Lender or holder of this Note. For ease of payment the Borrower may exercise the option to effect payment by direct deposit or electronic transfer of funds into the account of Lender as specified in writing.

### Prepayment
The Borrower may prepay this Note in full or in part at any time without premium or penalty. All prepayments shall first be applied to accrued interest and thereafter to the principal loan amount. Notwithstanding any such prepayment, the terms of the Joint Participation shall remain in full force and effect.

### Transfer
The Lender may transfer this Note to another holder with thirty (30) days written notice to the Borrower and the Borrower agrees to remain bound to any subsequent holder of this Note under the terms of this Note.

**Replacement of Note**

The Borrower agrees to execute a new Note with the same terms and conditions and remaining value in the event that this Note is lost, stolen or mutilated. The Lender shall release the Borrower of all obligations under the lost, stolen or mutilated Note in lieu of a replacement new Note.

**HPVG, LLC. Participation Agreement**

The Borrower agrees that the Lender has been induced to enter this agreement with the understanding and stipulation that an 8% fully paid passive membership participation in that venture entity known as Hunts Point Venture Group, LLC. ("HPVG, LLC"), shall be granted without requirement for further equity contribution by the lender (see Exhibit B pro-forma Member Participation Schedule). Notwithstanding the granting of membership participation in HPVG, LLC. as reflected in Exhibit B, the underlying note herein, shall remain due and payable, under the terms set forth herein, with simple interest according to the schedule shown in Exhibit A.

**Borrower's Waiver**

The Borrower waives presentment for payment, notice of non-payment, off-set, protest and notice of protest and agrees to remain fully bound until this Note is paid in full.

**Lender's Indulgence**

No relaxation, indulgence, waiver, release or concession of any terms of this Note by the Lender on one occasion shall be binding unless in writing and if granted shall not be applicable to any other or future occasion.

**Binding Effect**

The terms of this Note shall be binding upon the Borrower's successors and shall accrue to the benefit and be enforceable by the Lender and his/her successors, legal representatives and assigns.

**Jurisdiction**

This Note shall be construed, interpreted and governed in accordance with the laws of the State of Washington and should any provision of this Note be judged by an appropriate court of law as invalid, it shall not affect any of the remaining provisions whatsoever.

**General**

Paragraph headings are for convenience of reference only and are not intended to have any effect in the interpretation or determining of rights or obligations under this Note.

Signed at _____ The Woodlands, TX _____ on this __21st__ day of __April__, 2011.

By Borrower: _____

Hunts Point Ventures, Inc.
Steve Schweickert, Its Chief Executive Officer

By HPVG, LLC: _____

Hunts Point Venture Group, LLC.
Steve Schweickert, Its Managing Member

By Lender: _____

Jennifer Schweickert

## EXHIBIT A
Loan Funding Schedule

| Annualized Loan % 8% | HPVG, LLC participation 8% | Principal Loan Amount $200,000 |
|---|---|---|

| EXAMPLE TABLE OF PAYMENTS UNDER TERMS OF NOTE WITHOUT PREPAYMENT | | | |
|---|---|---|---|
| | | Amounts payable to: | |
| Date | Payment Description | Hunts Point Ventures, Inc Borrower | Jennifer Schweickert Lender/Finder |
| 04/22/11 | Principal Loan | $200,000.00 | |
| 12/31/11 | Interest Due 12/31/11 | | $11,090.41 |
| 10/31/12 | Interest Due 10/31/12 | | $19,288.54 |
| 10/31/12 | Principal Repayment | | $200,000.00 |
| | Total Amount Paid | $200,000.00 | $230,378.95 |

Note: Interest payments are computed based upon actual funding occurring as of the date shown.

## EXHIBIT B
Proposed HPVG, LLC. Participation Schedule

| PROPOSED HPVG, LLC.  SHARE PARTICIPATION | | |
|---|---|---|
| Members | Participation Role | Participation Share |
| Steve Schweickert | Active, Member, Manager | 21% |
| Chad Rudkin | Active, Member | 21% |
| Douglas Lower | Active, Member | 21% |
| Mark Phillips | Passive, Member | 21% |
| Joyce Schweickert | Passive, Member | 8% |
| Jennifer Schweickert | Passive, Member | 8% |

## Wire Transfer Instructions
## Hunts Point Ventures, Inc.

**Bank Name** The Commerce Bank of Washington
601 Union Street, Suite 3600
Seattle, WA   98101, USA

Phone 206.292.3900
Fax      206.625.9457
Web    www.tcbwa.com

**ABA/Federal Reserve Routing Number:**

█████ 013

**Beneficiary Account Name/Account Number:**

Hunts Point Ventures, Inc.

█████ 323

**Beneficiary Account Holder Contact:**

S. Schweickert
206.660.0829
steves1@mac.com

EXHIBIT "B"

Jennifer Schweickert
2045 11th Street
Santa Monica, CA 90405

February 4, 2013

Chad and Elizabeth Rudkin
11415 178th Ave. Court East
Bonney Lake, WA 98391

John Du Wors, Esq.
NEWMAN and DU WORS
1201 Third Avenue, Suite 1600
Seattle, WA 98101

Re:     Demand for Repayment of Promissory Note
        Agreement Dated April 21, 2011

Dear Mssrs. Rudkin and Du Wors, and Mrs. Rudkin:

This letter is to serve as a formal demand for repayment of the loan amount on the Promissory Note dated April 21, 2011 in the amount of $230,378.95 (two hundred thirty thousand, three hundred seventy-eight dollars and ninety-five cents) plus 12% annual interest to date. In addition, I am requesting the immediate delivery of the shares of Hunts Point Venture Group, LLC (hereinafter "HPVG") which were a part of the above agreement; or in the alternative, shares in Hunts Point Ventures, LLC (hereinafter "HPV"); if that is the only valid corporate entity that is concerned with the matters contained in the above agreement.

## Summary of Facts

In April of 2011, I reached an agreement with all of you regarding my investment in a company known as HPV. You are all well aware that my interest in investing in HPV was solely due to my support of Mark Phillips, and my belief that Mr. Phillips would be able to produce substantial revenue over time and that his intellectual property was very valuable. I did not invest in HPV because I believed in the corporate abilities of you, the Rudkins, nor because of the legal acumen of you, Mr. Du Wors. For these reasons, I was assured that Mr. Phillips would not only be an owner of HPV, but would be a director and officer of the corporation. In addition, it was represented that other investment vehicles would be set up, namely, HPVG, and that I would be a shareholder in that corporation along with Mr. Phillips and that HPV would not only protect my investment but also assure my repayment.

We entered into a written agreement on April 21, 2011. On April 26, 2011, I wired $200,000.00 (two hundred thousand dollars) to HPV based on the representations made to me by all of you, and to fulfill my obligations under the contract. I have received nothing in return: no acknowledgement, no stock, no consideration. More importantly, the promissory note is now past due and I have received no money.

I have never received any stock in HPVG. Thus, I can reach no other conclusion than that all of you conspired to defraud me from my money and made significant material misrepresentations to induce me to do so. You sold me a promise in shares in a shell corporation - snake oil. I have also discovered that Mr. Phillips is no longer an owner, director or manager of any of the HPV entities. I am stunned, but given the turn of events, am sadly not surprised. During a conference call with you, Mr. Du Wors, and Mr. Schweickert, shortly before my investment, you, Mr. Du Wors, made clear to me that "I understood" that in fact the entirety of my investment was going to be appropriated for *your* personal benefit by claiming it as Mr. Phillip's past owed legal fees.

In another conference call with Mr. Rudkin, he admitted he was "ill-equipped" to run or manage HPV as either a shareholder or officer and it appears that HPV has not been properly governed since its inception. Mr. Rudkin further admitted to me that the *DigiCor* litigation settlement of $120,000.00 (one hundred twenty thousand dollars) went almost entirely into your personal account, and that HPV had "no money." Your only response to me during that call was that I was a "smart girl." Indeed, Mr. Du Wors, I

am a smart girl and will not stand for your patronizing attitude or having used HPV as your personal piggy bank.

In short, I agreed to invest in a shell company based upon representations made to me by all of you. It appears that you never had any intention of issuing shares of HPVG, or keeping Mr. Phillips as a shareholder, director or officer. I can only conclude that all of you made these material misrepresentations of fact so I would "invest," or more accurately, just send you money. To me, that sounds like fraud. It is time to resolve these matters, and fulfill your obligations to me under the written agreement.

### Demand

In an effort to quickly and informally resolve these matters, I demand the following actions be taken by you immediately:

1. Repayment of the $230,378,95 Promissory Note due October 31, 2012 + interest (since nearly all the assets of HPV have been taken by you, Mr. Du Wors, and since I know the Rudkins have limited assets and appear to merely be your patsies, I look to you, Mr. Du Wors, for repayment);
2. The immediate resignation of all of you from HPV;
3. Transfer of all stock of HPV into the names of Mark Phillips, Jennifer Schweickert, and/or our designees;
4. A full accounting of all HPV assets and liabilities, including but not limited to P/L statements, statement of accounts, and other corporate documents.

I do hope this matter can be resolved informally and without me seeking either professional legal assistance or enlisting the help of the Bar Association. However, in spite of your egregious bad faith and professional misconduct, I am willing to give you this time to consider my offer to make things right and amend for your wrong-doing. In the event you chose to disregard me, I will take all necessary steps to protect my interests.

I will await your response within the next 5 days.

Very truly yours,

Jennifer Schweickert

CC:
James Smith, SMITH & HENNESSEY
Mark Phillips, HPV Board Member, HPVG Board Member, HPV Executive Vice President and Chief Technology Officer

Schweickert Demand Letter File

EXHIBIT "C"



# Following up...

**John Du Wors** <John@newmanlaw.com>                                         Fri, Feb 8, 2013 at 7:37 PM
To: "jps214@mac.com" <jps214@mac.com>, "chadrudkin@hotmail.com" <chadrudkin@hotmail.com>,
"elizabethrudkin@mac.com" <elizabethrudkin@mac.com>
Cc: "mark.phillips@gmail.com" <mark.phillips@gmail.com>, "jas@smithhennessey.com"
<jas@smithhennessey.com>, "chad.rudkin@gmail.com" <chad.rudkin@gmail.com>

Ms. Schweickert,

We are not aware of you being an investor in HPV. Would you please send us a copy of whatever agreement provides you with shares in HPV?

Thanks,

John Du Wors

---

**From:** Jennifer Schweickert [mailto:jps214@mac.com]
**Sent:** Friday, February 08, 2013 06:30 PM
**To:** John Du Wors; chadrudkin@hotmail.com <chadrudkin@hotmail.com>; Elizabeth Rudkin
<elizabethrudkin@mac.com>
**Cc:** Mark Phillips Phillips <mark.phillips@gmail.com>; James A. Smith Jr. <jas@smithhennessey.com>
**Subject:** Following up...

Chad, Elizabeth, and John,

I'm disappointed to have not received any kind of response to my letter from Monday. As the largest single investor in Hunts Point, this is unacceptable.  I would have appreciated notice that you do not intend to resolve this informally, but will interpret your silence as your choice to escalate this to a legal process.  I'm sad that it has come to this.  Are we not friends?

Jennifer Schweickert
Miasmom@me.com
Cell: (310) 773-6967

EXHIBIT "D"

From: John Du Wors <John@newmanlaw.com>
Subject: **HPV Patent litigation**
Date: April 10, 2011 11:43:07 AM PDT
To: "steves1@mac.com" <steves1@mac.com>



Dear Steve,

The purpose of this email is to outline our strategy in monetizing the buffering and playlist patents Hunts Point Ventures purchased from Mark Phillips. Our strategy is to replicate the experience we have had enforcing a patent for another client, Essociate, over the past year and a half. Essociate holds a patent for certain internet marketing technology that, like the buffering and playlist patents, became the technological norm for every participant in the industry. We have obtained settlements for Essociate over the last 18 months totaling approximately $1,500,000.

The key to our success in the Essociate litigation has been keeping our settlement demands lower than the amount a defendant would likely spend litigating a patent through trial. All of the Essociate defendants have paid a settlement between $75,000 and $250,000, except one very large defendant which paid us $550,000. The average cost of defending a patent infringement case through discovery is $300,000; through claim construction is $500; and through trial is $800,000. The Essociate defendants settled irrespective of whether they thought they could win on the issue of infringement or patent validity, simply because it was economically efficient to do so.

HPV's buffering and playlist patents appear to cover all portable video and audio players distributed until 2009, and some distributed after. On Monday, we will file an action for infringement of the buffering and playlist patents against Digecore, which distributes the portable media players offered to customers on most commercial airlines. We will file our action in the Western District of Wisconsin, which has the fastest patent docket in the country, with cases going to trial typically within nine months of filing. We believe the incredible pace toward trial will cause Digecore to settle in the $250,000 range within a few short months of filing.

Shortly thereafter, we will file another action in the Eastern District of Texas, naming five separate defendants. These defendants will be distributors of the lower priced portable digital media players in Walmart, Target and Radio Shack. The Eastern district of Texas is the most patent-plaintiff-friendly venue in the country, and although it does not bring cases to trial as quickly as the Western District of Wisconsin, it is known for issuing the highest patent infringement awards in the country. The overall purpose of this strategy is to bring an immediate cash infusion to HPV to provide a return to the HPV investors who facilitated HPV's acquisition of the buffering and play list patents, followed by a steady stream of seed income in the low seven figure range over the following 12 months.

The one risk to be aware of is the possibility of reexamination of the buffering and playlist patents. Reexamination is a proceeding whereby the United States Patent and Trademark Office reviews a patent at the request of a defendant who submits prior art they claim anticipates (and therefore invalidates) the patent being reexamined. Some courts will stay a lawsuit pending a reexamination proceeding, however this is statistically less likely in the Western District of Wisconsin and the Eastern District of Texas. The cost of a good reexamination petition is $100,000, and the best way to avoid one is to settle for $150,000 when one is threatened.

We anticipate having selected our 5 Eastern District of Texas defendants within the next 14 days, and filing shortly thereafter. Please let me know if you have any other questions.

Very truly yours,

John Du Wors

EXHIBIT "E"



## 8/7/12 Fwd: Hunts Point Ventures - Notice of Annual Meeting of Shareholders

**JENNIFER SCHWEICKERT** <jps214@mac.com>                    Tue, Apr 9, 2013 at 8:45 AM

Jennifer Schweickert
Miasmom@me.com
Cell: (310) 773-6967

Begin forwarded message:

**From:** Lindsey Rowson <Lindsey@newmanlaw.com>
**Subject: Hunts Point Ventures - Notice of Annual Meeting of Shareholders**
**Date:** August 7, 2012 3:16:24 PM PDT
**To:** "elizabethrudkin@mac.com" <elizabethrudkin@mac.com>,
"chad.rudkin@gmail.com" <chad.rudkin@gmail.com>, "steves1@me.com"
<steves1@me.com>, "tjd@tjkeanelaw.com" <tjd@tjkeanelaw.com>, "joyce@
seattlepacificinvestments.com" <joyce@seattlepacificinvestments.com>,
"jps214@mac.com" <jps214@mac.com>, "sandy@bobandsandy.com"
<sandy@bobandsandy.com>
**Cc:** John Du Wors <John@newmanlaw.com>

Good afternoon,

Attached, please find the Hunts Point Ventures Notice of Annual Meeting of Shareholders.

Regards,
Lindsey Rowson

Lindsey A. Rowson
Paralegal
Main: (206) 274-2800
Email: Lindsey@NewmanLaw.com

This communication may contain privileged or other confidential information. If you have received it in
error, please advise the sender by reply email and immediately delete the message and any attachments
without copying or disclosing the contents. Thank you.

**2 attachments**

 **image001.png**
9K

**Notice of Annual Meeting of Shareholders 8.6.2012.doc.pdf**
40K

## Notice of Annual Meeting of Shareholders

### OF

### Hunts Point Ventures, Inc.

Pursuant to the By-Laws of the Corporation, and annual meeting of the Shareholders of Hunts Point Ventures, Inc, a Washington corporation is called for the 27th day of August, 2012, at 2:00 PM to be held at the following address:

Newman Du Wors, LLP
1201 Third Ave Suite 1600
Seattle, WA 98191

The purpose of the meeting is to conduct both annual and special business of the shareholders of the corporation, including:

(1)    Election of Directors

(2)    Reporting on corporate finance and status of outstanding litigation

(3)    Discussion of the debt and/or equity interests of Joyce Schweickert,Jennifer Schweickert and Sandy Hoover

(4)    Discussion of Mark Phillips' approaching date of release from federal prison

(5)    Discussion of Joyce Schweickert's Subpoena Duces Tecum to Hunts Point Ventures' law firm, Newman Du Wors, LLP

Although the legal status of their debt and/or equity interests are or may be unsettled, Joyce Schweickert, Jennifer Schweickert and Sandy Hoover are invited to attend and participate in the Shareholder Meeting, along with legal counsel of their choice if desired. Any shareholder wishing to proxy the voting of their shares to another attendee must provide Newman Du Wors, LLP with notice of that proxy at least three (3) business days prior to the Shareholder Meeting.

This notice is given on this the 6th day of August 2012, by the Secretary of the Corporation at the direction of the Board Of Directors, by mailing a true and correct copy of this Notice to the address of each shareholder on the records of the Corporation at least 10 days prior to such meeting.


/s/ Elizabeth Rudkin
Elizabeth Rudkin, Secretary
Hunts Point Ventures, Inc.

**Hunts Point Ventures, Inc.**
**Notice of Annual Shareholders Meeting**

EXHIBIT "F"

**Hunts Point Ventures, Inc.**

# General Ledger

### All Transactions

| Type | Date | Name |
|------|------|------|

**3000 · Equity**

    **3010 · Steve Schweickert**

| | Type | Date | Name |
|---|------|------|------|
| | Deposit | 03/12/2010 | Steve Schweickert |
| | Check | 02/03/2012 | Steve Schweickert |
| | Check | 03/13/2012 | Newman & DuWors |
| | Check | 03/19/2012 | Newman & DuWors |
| | Check | 04/03/2012 | Mair & Camiel, P.S. |
| | Check | 04/18/2012 | Newman & DuWors |
| | Check | 05/22/2012 | Newman & DuWors |

    Total 3010 · Steve Schweickert

    **3020 · Joyce Schweickert**

| | Type | Date | Name |
|---|------|------|------|
| | Deposit | 04/07/2010 | Joyce Schweickert |
| | Deposit | 05/06/2010 | Joyce Schweickert |

    Total 3020 · Joyce Schweickert

    **3030 · Sandy Hoover**

| | Type | Date | Name |
|---|------|------|------|
| | Deposit | 10/15/2010 | Sandy Hoover |

    Total 3030 · Sandy Hoover

    **3040 · Jennifer Schweickert**

| | Type | Date | Name |
|---|------|------|------|
| | Deposit | 04/29/2011 | Jennifer Schweickert |

    Total 3040 · Jennifer Schweickert

    **3000 · Equity - Other**

    Total 3000 · Equity - Other

Total 3000 · Equity

**Hunts Point Ventures, Inc.**
# General Ledger
## All Transactions

**Memo**

**3000 · Equity**

    **3010 · Steve Schweickert**

        Steve's Investment to HPV

        January and February Draw

        Payment to Reduce Steve's Capital Account: "This Funds check to HPV for Partial Payment of Settl...

        Payment to Reduce Steve's Capital Account: Invoice re: City of Kirkland v Schweickert Fees assoc...

    Total 3010 · Steve Schweickert

    **3020 · Joyce Schweickert**

        Joyce's Initial Investment (1st Part of $200K)

        Initial Investment (Part 2 of 2)

    Total 3020 · Joyce Schweickert

    **3030 · Sandy Hoover**

        Investment

    Total 3030 · Sandy Hoover

    **3040 · Jennifer Schweickert**

        "Angel Investor" Investment

    Total 3040 · Jennifer Schweickert

    **3000 · Equity - Other**

    Total 3000 · Equity - Other

Total 3000 · Equity

3:59 PM
10/17/12
**Accrual Basis**

**Hunts Point Ventures, Inc.**
# General Ledger
**All Transactions**

| | Split | Debit | Credit | Balance |
|---|---|---|---|---|
| **3000 · Equity** | | | | |
| **3010 · Steve Schweickert** | | | | |
| | 1030 · Corner Office - Steve Account | | 30,000.00 | -30,000.00 |
| | 1000 · The Commerce Bank Checking | 4,000.00 | | -26,000.00 |
| | 1020 · IOLTA Trust Account | 35.00 | | -25,965.00 |
| | 1020 · IOLTA Trust Account | 5,000.00 | | -20,965.00 |
| | 1020 · IOLTA Trust Account | 8,500.00 | | -12,465.00 |
| | 1020 · IOLTA Trust Account | 611.98 | | -11,853.02 |
| | 1020 · IOLTA Trust Account | 2,457.00 | | -9,396.02 |
| Total 3010 · Steve Schweickert | | 20,603.98 | 30,000.00 | -9,396.02 |
| | | | | |
| **3020 · Joyce Schweickert** | | | | |
| | 1030 · Corner Office - Steve Account | | 20,000.00 | -20,000.00 |
| | 1000 · The Commerce Bank Checking | | 180,000.00 | -200,000.00 |
| Total 3020 · Joyce Schweickert | | 0.00 | 200,000.00 | -200,000.00 |
| | | | | |
| **3030 · Sandy Hoover** | | | | |
| | 1000 · The Commerce Bank Checking | | 100,000.00 | -100,000.00 |
| Total 3030 · Sandy Hoover | | 0.00 | 100,000.00 | -100,000.00 |
| | | | | |
| **3040 · Jennifer Schweickert** | | | | |
| | 1000 · The Commerce Bank Checking | | 200,000.00 | -200,000.00 |
| Total 3040 · Jennifer Schweickert | | 0.00 | 200,000.00 | -200,000.00 |
| | | | | |
| **3000 · Equity - Other** | | | | |
| Total 3000 · Equity - Other | | | | 0.00 |
| | | | | |
| Total 3000 · Equity | | 20,603.98 | 530,000.00 | -509,396.02 |