EXHIBIT "B"

FILED

13 DEC 30 PM 4:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-42758-3 SEA

1

2

3

4

5

6 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

7

8 JOYCE SCHWEICKERT, a single person, )
)
9      Plaintiff, )  No.
)
10    vs. )  **PLAINTIFF'S COMPLAINT FOR**
)  **FRAUD, NEGLIGENT**
11 CHAD HAROLD RUDKIN and ELIZABETH )  **MISREPRESENTATION, UNJUST**
RUDKIN, husband and wife and the marital )  **ENRICHMENT, CONVERSION, AND**
12 community composed thereof, DOUGLAS )  **CONSTRUCTIVE TRUST**
LOWER and JANE DOE LOWER, husband )
13 and wife and the marital community composed )
thereof, JOHN DU WORS and JANE DOE )
14 DU WORS, husband and wife and the marital )
community composed thereof, NEWMAN & )
15 NEWMAN, ATTORNEYS AT LAW, LLP, a )
Washington limited partnership, )
16 )
)
17     Defendants. )

18

19     Joyce Schweickert, by and through her attorneys, T. Jeffrey Keane and the Keane Law

Offices, for her complaint against defendants alleges as follows:

20

21           **I.**   **PARTIES**

    **1.1**   Plaintiff Joyce Schweickert is a single person who at all material times has

22 been a resident of Hunts Point, King County, Washington.

23     **1.2**   Defendants Chad Rudkin and Elizabeth Rudkin are husband and wife.  All acts

24 herein which were performed by either were performed for their individual benefit and for the

25

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 1

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

1  benefit of their marital community. Upon information and belief, plaintiff alleges that at all

2  material times they have been residents of King County, Washington.

3       **1.4**    Defendants Douglas Lower and Jane Doe Lower are husband and wife. All

4  acts herein which were performed by either were performed for their individual benefit and

5  for the benefit of their marital community. Upon information and belief, plaintiff alleges that

6  at all material times they have been residents of King County, Washington.

7       **1.5**    Defendants John Du Wors and Jane Doe Du Wors are husband and wife. All

8  acts herein which were performed by either were performed for their individual benefit and

9  for the benefit of their marital community. Upon information and belief, plaintiff alleges that

10  at all material times they have been residents of King County, Washington.

11       **1.6**    Defendant Newman & Newman, Attorneys at Law, LLP, (hereinafter

12  "Newman") is a Washington limited liability partnership, which conducts business in King

13  County, Washington.

14              **II.**     **VENUE AND JURISDICTION**

15       **2.1**    This Court has jurisdiction over the parties and subject matter in the case under

16  RCW 2.08.010.

17       **2.2**    The tortious acts giving rise to this lawsuit occurred in Seattle, King County,

18  Washington. Venue is proper in King County, Washington.

19              **III.**    **FACTS**

20       **3.1**    Hunts Point Ventures, Inc. (hereinafter "HPV") is a Washington corporation,

21  which was incorporated on May 5, 2010 by Stephen Schweickert.

22       **3.2**    Upon its incorporation HPV's sole directors were Stephen Schweickert and

23  Joyce Schweickert. Joyce Schweickert purchased 50% of the stock in the company for

24  $200,000.00, which represented the entirety of HPV's initial working capital.

25

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 2

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

1    **3.3**    Stephen Schweickert, Douglas Lower, Chad Rudkin, and John Du Wors, each

2    represented to plaintiff that the purported business purpose of HPV was to engage in the

3    business of "monetizing" patents by prosecuting patent infringement claims for profit.

4    **3.4**    However, the true purpose of HPV was a scheme by defendants to divert

5    HPV's assets for their personal financial gain.

6    **3.5**    On May 5, 2010, Stephen Schweickert opened a corporate bank account for

7    HPV at Commerce Bank.

8    **3.6**    On May 6, 2010 plaintiff wired $180,000.00 into this account.

9    **3.7**    The money provided by plaintiff was quickly transferred from HPV to Stephen

10   Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and Newman or used for their

11   personal gain.

12   **3.8**    Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and

13   Newman each acted in concert to create the appearance that HPV was engaged in a legitimate

14   business, but in truth they were systematically looting the corporation's assets.

15   **3.9**    HPV never operated as a legitimate business entity.    Instead, Stephen

16   Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and Newman utilized the

17   corporation to solicit investment capital from plaintiff, and others, which they thereafter paid

18   to themselves without regard for advancing the purported legitimate goals of HPV.

19   **3.10**    After Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and

20   Newman depleted the initial capital of the company, they began seeking additional

21   investments in HPV from others.

22   **3.11**    On October 8, 2010, HPV had a total of $10,937.56 in its bank account.

23   **3.12**    On October 15, 2010, Sandy Hoover invested $100,000.00.    This additional

24   capital was needed since Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors,

25   and Newman had already improperly consumed the money Ms. Schweickert paid to HPV.

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 3

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540

1       **3.13**   Shortly after Sandy Hoover invested in HPV, the corporation purported to

2   "redeem" Joyce Schweickert's shares in exchange for "indemnity" from claims against HPV

3   that it provided to Ms. Schweickert.

4       **3.14**   John Du Wors and Newman created an "indemnity" agreement which Stephen

5   Schweickert presented to plaintiff.  A copy of this agreement is attached hereto as Exhibit A.

6       **3.15**   The "indemnity" had no economic or legal value to plaintiff whatsoever.

7   Defendants knew that HPV's Articles of Incorporation already provided "indemnity" to

8   plaintiff.

9       **3.16**   John Du Wors and Stephen Schweickert knew the offer to purchase plaintiff's

10   interest in HPV for valuable "indemnity" was untrue when made.  Indeed, the "indemnity"

11   offered to plaintiff lacked any economic or legal value.

12       **3.17**   Plaintiff relied upon the misrepresentations made by Stephen Schweickert,

13   John Du Wors, and Newman, and agreed HPV's offer to "redeem" her HPV shares for

14   "indemnity" against claims.   The "indemnity" she received from HPV was, in fact,

15   "indemnity" that she was already entitled to under HPV's corporate bylaws.

16       **3.18**   HPV's purported redemption of plaintiff's shares was further improper and

17   unlawful, because HPV never "...deposited with a bank, trust company, or other financial

18   institution under an irrevocable obligation to pay the holders the redemption price on

19   surrender of the shares" as require by RCW 23B.06.030(3).   Indeed, HPV attempted to

20   "redeem" plaintiff's shares for no money or consideration of any kind.

21       **3.19**   HPV's redemption of plaintiff's shares was part of Stephen Schweickert,

22   Douglas Lower, Chad Rudkin, John Du Wors, and Newman's scheme to remove her as a

23   director in order to attract additional investment and defraud additional investors.

24       **3.20**   The $100,000.00 invested by Sandy Hoover was quickly looted by Stephen

25   Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and Newman.

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 4

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 · Facsimile 206-632-2540

1    3.21    Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and

2    Newman sought additional investors for HPV when its bank account balance reached

3    $2,882.80 in April of 2011.

4    3.22    Stephen Schweickert John Du Wors, and Newman convinced Jennifer

5    Schweickert to loan HPV $200,000.00 by representing to Jennifer Schweickert that HPV was

6    legitimate business enterprise.

7    3.23    Jennifer Schweickert relied upon these representations and on April 29, 2011,

8    Jennifer Schweickert loaned HPV $200,000.00.

9    3.24    The same day Ms. Schweickert's funds were received by HPV, $117,652.57

10    was wired from HPV's bank account to the Newman firm's bank account.

11    3.25    The funds loaned to HPV by Jennifer Schweickert were transferred from

12    HPV's bank to Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and

13    Newman, or to others for their benefit, and were almost completely exhausted within three

14    months.

15    3.26    By July, 2011, HPV's Commerce Bank Account was virtually empty.

16    3.27    Commerce Bank's records demonstrate that Newman and/or John Du Wors

17    obtained $333,410.62 from HPV; Douglas Lower obtained $49,500.00; Chad Rudkin

18    obtained $16,500.00; and Stephen Schweickert obtained $16,814.07.    Accordingly, of the

19    $500,000.00 provided to HPV by Joyce Schweickert, Sandy Hoover, and Jennifer

20    Schweickert, Stephen Schweickert, Douglas Lower, Chad Rudkin, John Du Wors, and

21    Newman received $416,224.69 from the corporation.

22    3.28    There is no evidence that the actions of Stephen Schweickert, Douglas Lower,

23    Chad Rudkin, John Du Wors, and Newman, or the payments they received, ever advanced

24    any legitimate business purpose of HPV.  Indeed, throughout HPV's corporate existence it

25    never engaged in any legitimate business activity.  All of the purported business activity

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 5

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

1    engaged in by HPV was for the sole purpose of maintaining the appearance of propriety in

2    order to solicit additional capital from other investors.

3        **3.29**    After looting HPV, its directors, Chad Rudkin and Elizabeth Rudkin, initiated

4    a Receivership under RCW 7.08 *et seq.*, which purported to assign the assets of HPV for the

5    benefit of its creditors.

6        **3.30**    Shortly before initiating an "Assignment for the Benefit of Creditors" for HPV,

7    the corporation provided security to Sandy Hoover for the money she provided two years

8    earlier.

9        **3.31**    Sandy Hoover is the mother of Elizabeth Rudkin.

10       **3.32**    On October 9, 2013, a UCC-1 was filed purporting to provide Sandy Hoover a

11   security interest in "all assets" of HPV.

12       **3.33**    This UCC-1 filing was made just prior to HPV's directors, Chad Rudkin and

13   Elizabeth Rudkin, filing a petition for HPV under RCW 7.08 *et seq.*

14       **3.34**    The UCC-1 was clearly provided to HPV's corporate directors' mother in

15   order to further "loot" the corporation.

16       **3.35**    Virtually all of HPV's assets have been transferred to Stephen Schweickert,

17   Douglas Lower, Chad Rudkin, John Du Wors, and Newman, or transferred to third-parties for

18   defendants' personal benefit.

19                        **IV.    CLAIMS**

20       **4.1    FRAUD**

21       **4.1.1**    Plaintiff realleges as if restated paragraphs 1.1 to 3.35, above.

22       **4.1.2**    By making material misrepresentations which were false, known to be false,

23   made for the purpose of inducing plaintiff to act, which were fraudulent when made, and

24   caused harm to plaintiff, defendants have committed common law fraud upon plaintiffs.

25

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 6

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

1    **4.1.3**  Defendants, having committed fraud upon plaintiff, are liable to plaintiff for

2  any and all consequent harm plaintiff has sustained, including all economic and other losses

3  sustained or to be sustained as a result of defendants' misconduct.

4       **4.2     NEGLIGENT MISREPRESENTATION**

5       **4.2.1**  Plaintiff realleges as if restated paragraphs 1.1 to 4.1.3, above.

6       **4.2.2**   Defendants provided false information to plaintiff, that she had a right to rely

7  upon, and that she did, in fact, rely upon to her detriment.  These false representations made

8  by defendants include, but are not limited, representations that HPV was a legitimate business

9  entity, representations that money plaintiff invested in HPV was being utilized for legitimate

10  business purposes, representations that HPV was engaged in a legitimate business enterprise,

11  and representations that plaintiff's shares of HPV were being "redeemed" for good and

12  valuable consideration.

13       **4.2.3**  The above and foregoing conduct of defendants constitutes a negligent

14  misrepresentation and plaintiff is entitled to damages in an amount to be proven at trial.

15       **4.3     UNJUST ENRICHMENT**

16       **4.3.1**  Plaintiff realleges as if restated paragraphs 1.1 to 4.2.3, above.

17       **4.3.2**   For her first equitable claim, plaintiff alleges that she enters a court of equity

18  with clean hands, having discharged any and all predicate acts required of her to perfect what

19  purported to be a legitimate business transaction between herself, and defendants.

20       **4.3.3**   By promising the advance a legitimate business, for which plaintiff paid, and

21  failing to advance any legitimate business purpose, defendants have been unjustly enriched in

22  the amount of the total amount of payments made by plaintiff.

23       **4.3.4**   By misrepresenting that plaintiff's HPV shares were properly "redeemed" for

24  good and valuable consideration, defendants have been unjustly enriched.

25

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 7

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540

1    **4.3.5**   Due to defendants' unjust enrichment, plaintiff is entitled to the return of all

2    money paid to HPV, as well as compensation for any and all harm she has sustained as a

3    result.

4    **4.4**   **CONVERSION**

5    **4.4.1**   Plaintiff realleges as if restated paragraphs 1.1 to 4.3.5, above.

6    **4.4.2**   Defendants wrongfully looted the assets of HPV for personal gain and the gain

7    of third-parties.

8    **4.4.3**   Defendants misrepresented to plaintiff that HPV had "redeemed" her shares of

9    the corporation for no compensation of any kind.

10    **4.4.4**   Defendants wrongful conversion of HPV's property for their own personal use

11    has resulted in the complete depletion of HPV's corporate assets, causing damage to plaintiff

12    in an amount to be proven at trial.

13    **4.5**   **CONSTRUCTIVE TRUST**

14    **4.5.1**   Plaintiff realleges, as if restated, paragraphs 1.1 to 4.4.4, above.

15    **4.4.2**   In order to restore the parties to their original positions, in light of defendants'

16    conversion of HPV's assets, plaintiff hereby requests that the Court impose and enter upon

17    any and all property of defendants a constructive trust, including but not limited to

18    defendants' bank accounts, business assets, and all real property owned by defendants.

19    **4.4.3**   To permit defendants to otherwise retain and preserve proceeds of any kind

20    from their looting of HPV would be an unjust enrichment of defendants.

21    **4.4.4**   In imposing such constructive trust upon any and all assets of defendants,

22    plaintiff requests that the Court use its equitable powers to impose such trust, and to order

23    transfer of all such assets so secured to plaintiff, in whole or partial satisfaction of the debt

24    owed to, but unpaid to, plaintiff.  Such relief would be fit and proper since plaintiff is the

25    party who should be truly and equitably entitled to such monies or assets.

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 8

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

V.   PRAYER FOR RELIEF

WHEREFORE, having stated her claims, plaintiff prays for the following relief, jointly and severally, against all parties defendant:

**5.1**   For a judgment in her favor, against all defendants for the damages sustained by plaintiff, which is an amount not less than $200,000.00.

**5.2**   For an award pursuant of attorneys' fees and costs incurred in this action and in any other efforts to recover the funds misappropriated by defendants.

**5.3**   For an award of prejudgment interest for all costs which are awarded at trial;

**5.4**   For an award of such punitive damages as the court, in its judgment, should be awarded in order to restrain and punish defendants for the wrongful acts described herein;

**5.5**   For imposition of a constructive trust on defendants, for the benefit of plaintiff, with regard to the funds defendants obtained from plaintiff by fraud; and

**5.6**   For such other relief as the court deems fit and proper.

DATED this 30th day of December, 2013.

KEANE LAW OFFICES


/s/ T. Jeffrey Keane
T. Jeffrey Keane, WSBA #8465
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR FRAUD,
NEGLIGENT MISREPRESENTATION, UNJUST
ENRICHMENT, CONVERSION, AND
CONSTRUCTIVE TRUST - 9

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540