# EXHIBIT "C"

FILED
13 DEC 30 PM 4:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-42759-1 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JOYCE P. SCHWEICKERT, an individual | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) **COMPLAINT** |
| HUNTS POINT VENTURES, INC., a Washington Corporation | ) |
| Defendant. | ) |

Joyce P. Schweickert, through her counsel, Keane Law Offices and T. Jeffrey Keane, for her complaint against defendant, alleges as follows:

## 1.0 PARTIES

1.1   Plaintiff Joyce P. Schweickert is a resident of King County, Washington.

1.2   Defendant Hunts Point Ventures, Inc. is a Washington Corporation.

## 2.0 VENUE AND JURISDICTION

2.1   Defendant transacted a substantial part of its business in King County, Washington at the time when this cause of action arose. In addition, the torts that give rise to this cause of action were committed in King County, Washington. This Court has jurisdiction over the parties hereto, and over the subject matter. Venue is properly laid in this Court.

## 3.0 FACTUAL STATEMENT

3.1 Defendant was incorporated in the spring of 2010. Its sole shareholders and directors were plaintiff and Stephen Schweickert. Stephen Schweickert and Joyce Schweickert are not and have never been married to each other. They share the same last name because Joyce Schweickert was at one time married to Stephen Schweickert's brother, Bud Schweickert. Joyce and Bud were divorced many years ago.

3.2 Plaintiff purchased 50% of the stock of defendant for $200,000.00, which represented the entirety of defendant's initial working capital.

3.3 On December 31, 2010, plaintiff and defendant executed a document entitled "Stock Redemption and Indemnification Agreement" (hereinafter designated as the "Redemption Agreement"). Under the terms of the Redemption Agreement, defendant purported to "redeem" plaintiff's shares in exchange for giving plaintiff "indemnity" against claims or losses arising out of plaintiff's interest in the shares. A shareholder in a corporation has no liability for claims or losses arising out of his or her mere ownership of shares. In addition, in its Articles of Incorporation, defendant had already agreed to indemnify plaintiff against any claim that might arise out of her role as a former director and director of defendant. Defendant's purported "indemnity" of plaintiff in the Redemption Agreement had no value whatsoever.

3.4 Plaintiff then surrendered all her shares to defendant.

3.5 Defendant paid plaintiff no money whatsoever for her shares. Defendant provided nothing to plaintiff as consideration for plaintiff's surrender of the shares for which she had paid $200,000. Defendant received plaintiff's shares for nothing. Plaintiff did not intend to make a gift of her shares to defendant.

3.6 Defendant did not deposit a sum sufficient to redeem plaintiff's shares with a bank, trust company, or other financial institution under an irrevocable obligation to pay plaintiff the redemption price on surrender of the shares. The purported redemption failed because it did

not satisfy that requirement of RCW 23B.06.030(3) that "a sum sufficient to redeem the shares [be] deposited with a bank, trust company, or other financial institution under an irrevocable obligation to pay the holders the redemption price on surrender of the shares."

### 4.0  FIRST CAUSE OF ACTION: REPLEVIN/ RETURN OF PERSONAL PROPERTY

4.1     Plaintiff re-alleges, as if restated herein, paragraphs 1.1-3.6 above.

4.2     Plaintiff was the rightful owner of 50% of the stock of defendant, for which plaintiff had paid defendant $200,000.00.

4.3     Defendant wrongfully took possession of plaintiff's stock by taking plaintiff's shares without paying any compensation, consideration, or value to plaintiff in return. Defendant has wrongfully possessed plaintiff's stock continuously since Dec. 31, 2010.

4.4     Plaintiff is entitled to an order from the Court commanding defendant to return her stock and restoring plaintiff to her status as owner of 50% of the shares of defendant.

### 5.0     SECOND CAUSE OF ACTION: UNJUST ENRICHMENT AND RESTITUTION

5.1     Plaintiff re-alleges, as if restated herein, paragraphs 1.1-4.4 above.

5.2.    The transfer of plaintiff's shares to defendant lacked a legal basis because it was not supported by consideration.  In addition, defendant did not satisfy the requirement of RCW 23B.06.030(3) that "a sum sufficient to redeem the shares [be] deposited with a bank, trust company, or other financial institution under an irrevocable obligation to pay the holders the redemption price on surrender of the shares."

5.3     The transfer of plaintiff's shares to defendant unjustly enriched defendant at plaintiff's expense.

5.4     Because the transfer of plaintiff's shares to defendant lacked a legal basis and unjustly enriched defendant, it was ineffective, unenforceable, void, and/or voidable.

5.5     Plaintiff is entitled to an order from the Court commanding defendant to return her stock and restoring plaintiff to her status as owner of 50% of the shares of defendant.

## 6.0     THIRD CAUSE OF ACTION: CONVERSION

6.1     Plaintiff re-alleges, as if restated herein, paragraphs 1.1-5.5 above.

6.2     Without lawful justification, defendant willfully interfered with, and thereby deprived plaintiff of, plaintiff's right to possession of 50% of the shares of defendant.

6.3     Plaintiff is entitled to an order from the Court commanding defendant to return her stock and restoring plaintiff to her status as owner of 50% of the shares of defendant.

## 7.0     FOURTH CAUSE OF ACTION: FRAUD

7.1     Plaintiff re-alleges, as if restated herein, paragraphs 1.1-6.3 above.

7.2     Defendant represented to plaintiff that the "indemnity" described in the Redemption Agreement had value.

7.3     This representation was material to plaintiff's decision to sign the Redemption Agreement.

7.4     This representation was false because a shareholder in a corporation has no liability for claims or losses arising out of his or her mere ownership of shares.  This representation was also false because in its Articles of Incorporation, defendant had already agreed to indemnify plaintiff against any claim that might arise out of her role as a former director and director of defendant.

7.5     Defendant knew this representation was false.

7.6     Defendant intended that plaintiff would rely on this representation.

7.7     Plaintiff was ignorant of the falsity of this representation.

7.8     Plaintiff in fact relied on the truth of this representation when she signed the Redemption Agreement and surrendered her shares.

7.9     Plaintiff had a right to rely on the truth of this representation.

7.10   As a result, plaintiff suffered injury or damage in that she was deprived of her shares (for which she had paid $200,000) and received nothing in return.

7.11   Plaintiff is entitled to an order from the Court commanding defendant to return her stock and restoring plaintiff to her status as owner of 50% of the shares of defendant

## 8.0   FIFTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

8.1   Plaintiff re-alleges, as if restated herein, paragraphs 1.1 through 7.11, above.

8.2   Defendant provided false information to plaintiff by representing to plaintiff that the "indemnity" described in the Redemption Agreement had value.

8.3   Plaintiff had a right to rely upon, and did in fact rely upon, defendant's representation.

8.4   Plaintiff suffered injury or damage.

8.5   Plaintiff is entitled to an order from the Court commanding defendant to return her stock and restoring plaintiff to her status as owner of 50% of the shares of defendant.

## 9.0   PRAYER FOR RELIEF

WHEREFORE, having stated her complaint against defendant, plaintiff prays for the following relief:

9.1.   For injunctive relief commanding defendant to return plaintiff's stock and restoring plaintiff to her status as owner of 50% of the shares of defendant.

9.2   For an award of attorneys' fees and costs incurred in this action.

9.3   For such other relief as the court deems fit and proper.

Dated this 30th day of December, 2013.

KEANE LAW OFFICES


/s/ T. Jeffrey Keane
T. Jeffrey Keane, WSBA #8465
Attorney for Plaintiff