The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>  Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>  Defendants. | No. 13-CV-675<br><br>CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>**Noted for Hearing: February 28, 2014** |

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - i
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

## Table of Contents

Page

I. INTRODUCTION AND RELIEF REQUESTED ..................................................... 1

II. STATEMENT OF FACTS .......................................................................................... 1

III. STATEMENT OF ISSUES ......................................................................................... 2

IV. EVIDENCE RELIED UPON ...................................................................................... 3

V. AUTHORITY ............................................................................................................... 3

    A. Plaintiff Cannot Show She Is Entitled To Discovery Under The Incorrect And Previously Vacated Standard She Cites. ......................................................... 3

    B. Plaintiff Is Not Entitled To The Discovery She Seeks Under Applicable Standards. ......................................................................................................... 4

    C. Plaintiff's Motion Does Not Identify Discovery She Believes Is Necessary To Respond To Pending Motions As Required By FRCP 56(d). ......................... 5

    D. The Rudkins Are Entitled To Expenses And Attorneys' Fees Pursuant To FRCP 37(a)(5)(B). ........................................................................................... 5

VI. CONCLUSION ............................................................................................................ 6

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - ii
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

## I. INTRODUCTION AND RELIEF REQUESTED

Chad and Elizabeth Rudkin (the "Rudkins") respectfully submit this Response in Opposition to Plaintiff's Motion to Compel Discovery (Doc. No. 30) ("Motion to Compel"). Because Plaintiff does not seek discovery relevant to any claim against the Rudkins and fails to adhere to the requirements outlined in Fed. R. Civ. P. 56(d), Plaintiff's Motion to Compel should be denied as to the Rudkins.

## II. STATEMENT OF FACTS

Hunts Point Ventures, Inc. ("HPV"), the only extant entity that is a party to this litigation, is the subject of a state receivership and is represented by Diana Carey of Karr Tuttle Campbell. *See* Declaration of Joel Ard ("Ard Decl.") ¶2.[1] At the inception of receivership, the Rudkins turned over all corporate records to the receiver. *See id.* at ¶3. To the extent Plaintiff seeks discovery from HPV, the Rudkins cannot respond on HPV's behalf, nor can they produce documents that are in possession of the receiver. Moreover, it is apparent from Plaintiff's recent submissions to this Court that she has already received those documents directly from HPV. *See, e.g.*, Exhibits J-L of Declaration of Reed Yurchak (Doc. No. 32).

Pursuant to the receivership, activity in this case was stayed from November 25, 2013 to January 25, 2014, when the receiver declined to solicit extension of the stay. *See* Ard Decl. at ¶4. On February 4, 2014, in an effort to avoid discovery motion practice, including a motion by the Rudkins for protective order as to this discovery, the attorneys for the Rudkins and Plaintiff conducted a Fed. R. Civ. P. 26(c)(1) conference to resolve the outstanding issues. *See id.* at ¶6. In that conference, the Rudkins' counsel, Joel Ard, explained to Plaintiff's counsel that: (1) Plaintiff had failed to allege any viable cause of action against the Rudkins in her First Amended Complaint, (2) no amount of discovery could cure its deficiencies, and (3) the Rudkins were

---

[1] Plaintiff and her counsel are aware that Ms. Carey represents the receiver and HPV, as they are included in the service list in that action. Undersigned counsel's pending Motion to Withdraw was recently filed when Ms. Carey did not respond to requests to join a motion to substitute counsel. Ard Decl. ¶5.

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

mere hours away from filing a Motion for Judgment on the Pleadings and for Summary Judgment. *See id.* at ¶7. That same day, the Rudkins filed that Motion (Doc. No. 27).

Over a week later, on February 13, Plaintiff solicited leave of Court to abandon the fatally deficient First Amended Complaint and enter a Second Amended Complaint, purportedly curing those deficiencies. *See* Motion for Leave to Amend Complaint (Doc. No. 29) ("Motion to Amend"). Coupled with that request was this Motion to Compel, which ignores the explicit requirements of Fed. R. Civ. P. 56(d), and instead seeks impermissible discovery based on an outdated standard, which was significantly narrowed in the 2000 amendments to the Federal Rules. The Motion to Compel should be denied as to the Rudkins.

In an effort to avoid unnecessary costs and to conserve this Court's resources, the Rudkins' counsel sent Plaintiff's counsel a letter pointing out the above-noted deficiencies and requesting that Plaintiff withdraw her motion. *See* Exhibit A to Ard Decl. Counsel for the Rudkins also invited Plaintiff to specify the precise discovery she believes will avoid summary judgment pursuant to Fed. R. Civ. P. 56(d). *See id.* Plaintiff has declined to do so.

### III.   STATEMENT OF ISSUES

1. Whether the Court should deny Plaintiff's Motion to Compel because Plaintiff fails to show she is entitled to discovery under the currently applicable standards of Fed. R. Civ. P. 26.

2. Whether the Court should deny Plaintiff's Motion to Compel because Plaintiff is not entitled to discovery that has no relevance to pending claims under the current standard prescribed by Fed. R. Civ. P. 26(b)(1).

3. Whether the Court should deny Plaintiff's Motion to Compel because Plaintiff has failed to demonstrate that the sought-after discovery is required to respond to the pending Motion for Judgment on the Pleadings and for Summary Judgment as required by Fed. R. Civ. P. 56(d).

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 2
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51353365.6

## IV. EVIDENCE RELIED UPON

This Response relies upon all of the pleadings and documents filed in this case as well as the Declaration of Joel B. Ard and exhibits thereto.

## V. AUTHORITY

### A. Plaintiff Cannot Show She Is Entitled To Discovery Under The Incorrect And Previously Vacated Standard She Cites.

Plaintiff claims she is entitled to discovery of "any matter…which is relevant to the subject matter involved in the pending action." *See* Motion to Compel at 3. But this broad standard for federal discovery has been inoperative for over a decade. Contrary to Plaintiff's position, the *current* standard limits discovery to matters that are "relevant to any party's *claim or defense.*" Fed. R. Civ. P. 26(b)(1) (emphasis added).

In limiting the scope of discovery by the 2000 amendments, the Advisory Committee sought "to address concerns about overbroad discovery… costs and delay…." Fed. R. Civ. P. 26, comment b(1) to 2000 Amendment. "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have *no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings*." Fed. R. Civ. P. 26, comment b(1) to 2000 Amendment (emphasis added). Applying this standard, "a district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 50 (6th Cir. 2010) (internal quotations omitted); *see also* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery…[when] the burden of the proposed discovery outweighs its likely benefit….").

In view of the 2000 amendments, Plaintiff is not entitled to discovery on matters merely "relevant to the subject matter involved." In order to secure such broad-ranging discovery, Plaintiff would have to secure a court order after showing good cause. *See* Fed. R. Civ. P.

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 3
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

26(b)(1). Instead, the narrower standard now applicable in federal court, as explained by the Advisory Committee notes, was put in place expressly to prevent the kind of wide-ranging, irrelevant discovery Plaintiff seeks here.

### B. Plaintiff Is Not Entitled To The Discovery She Seeks Under Applicable Standards.

Plaintiff makes no attempt to show that she is entitled to discovery under the current standard. She cannot, because the current limits of Fed. R. Civ. P. 26(b)(1) preclude discovery except as to "non-privileged matter that is relevant to any party's *claim or defense*...." (emphasis added). As noted above, the Advisory Committee explained in 2000 that this narrowing of the scope of permissible discovery means Plaintiff has "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Because the First Amended Complaint does not state any valid claims against the Rudkins, the discovery cannot solicit relevant, admissible evidence. It only impermissibly seeks "discovery to develop new claims or defenses that are not already identified in the pleadings." *Id.*

For example, although the First Amended Complaint purports to seek recovery for breach of contract, it does not allege the existence of a contract between Plaintiff and the Rudkins. As such, it is impossible that any discovery propounded to the Rudkins could be relevant to this claim or could lead to the discovery of admissible evidence as to this claim. In fact, only one of Plaintiff's requests even attempts to address the existence of contract between Plaintiff and the Rudkins, asking the Rudkins to "[s]tate fully and in detail the reasons...and any and all facts" supporting their denial of liability for breach of contract.[2] No such contract exists – as demonstrated, for example, by both Plaintiff's First Amended Complaint and proposed Second Amended Complaint. Plaintiff is not entitled to discovery as to this non-existent basis for recovery. Similarly, while the First Amended Complaint purports to seek recovery for fraud by

---

[2] *See* Exhibit A to Plaintiff's Motion to Compel, No. 1. Plaintiff's remaining requests are directed at the alleged contract between Plaintiff and HPV.

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 4
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

the Rudkins, it fails to plead any one of the nine required elements as to the Rudkins. It is therefore impossible that any propounded discovery could be relevant or lead to the discovery of admissible evidence as to this claim. For example, whether the Rudkins "ever admit[ted]...that Mr. Stephen Schweickert made misrepresentations to plaintiff" is not relevant to a claim of fraud against Rudkins.[3] Because Plaintiff cannot use "discovery to develop new claims or defenses that are not already identified in the pleadings," the 2000 Federal Rules amendments creating the now-operative standard demonstrate that she is not entitled to this discovery.

C. **Plaintiff's Motion Does Not Identify Discovery She Believes Is Necessary To Respond To Pending Motions As Required By FRCP 56(d).**

The Rudkins' pending Motion seeks dismissal of all of Plaintiff's claims under either Fed. R. Civ. P. 12 (for failing to state any cause of action) or alternatively under Fed. R. Civ. P. 56, should the Court consider materials outside the pleadings such as Plaintiff's sworn statements in the HPV receivership. In the face of such a Motion, Fed. R. Civ. P. 56(d) only permits Plaintiff discovery of material specifically identified in an affidavit which explains "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Failure to do so "is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). Here, Plaintiff has supplied no such affidavit or declaration. Plaintiff instead seeks mere generalized discovery of matters merely "relevant to the subject matter involved" – as discussed above, asking the Court to apply a standard that would be inapplicable even if there were no FRCP 56 motion pending.

D. **The Rudkins Are Entitled To Expenses And Attorneys' Fees Pursuant to FRCP 37(a)(5)(B).**

Fed. R. Civ. P. 37(a)(5)(B) entitles the non-moving party to reimbursement of reasonable expenses and attorneys' fees incurred in opposition to a discovery motion. The Rudkins request such reimbursement here in the amount of $2,250.00. *See* Ard Decl. ¶8.

---

[3] *See* Exhibit A to Plaintiff's Motion to Compel, No. 21.

RUDKIN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 5
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

## VI. CONCLUSION

Plaintiff has improperly joined a Motion to Compel Discovery with a Motion to Amend the Complaint and in that motion tacitly admits that the First Amended Complaint fails to state any valid claim against the Rudkins. In doing so, Plaintiff has endorsed the conclusion that she is not entitled to discovery under the current Civil Rules because the discovery sought is not relevant to any valid claim against the Rudkins. It follows that Plaintiff also does not meet the more stringent standard of Rule 56(d) that requires specifically identified facts in support of valid claims before summary judgment is delayed pending additional discovery. Accordingly, Plaintiff's Motion to Compel Discovery should be denied, and this Court should proceed with the Rudkins' Motion for Judgment on the Pleadings and for Summary Judgment.

DATED this 24th day of February, 2014.

FOSTER PEPPER PLLC

*s/s Joel B. Ard*
Joel B. Ard, WSBA # 40104
*s/s Rylan L.S. Weythman*
Rylan L. S. Weythman, WSBA # 45352
1111 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: 206-447-6252
Fax: 206-749-2063
Email: ArdJB@Foster.com
WeytR@foster.com

RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 6
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6

# CERTIFICATE OF SERVICE

I, Rylan L.S. Weythman, state that I am a citizen of the United States of America and a resident of the State of Washington, I am over the age of twenty-one years, I am not a party to this action, and I am competent to be a witness herein. I electronically filed the foregoing together with the Declaration of Joel B. Ard with the Clerk of the Court using the CM/ECF System, who will electronically send notification of such filing to all parties who have appeared in this action as of today's date.

I further served the foregoing via First Class U.S. Mail on counsel for Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC:

> Diana Kay Carey, WSBA #16239
> Karr Tuttle Campbell
> 701 Fifth Ave, Suite 3300
> Seattle, WA 98104
> Telephone: (206) 224-8066
> E-Mail: decarey@kartuttle.com

There are no other parties who have appeared in this action as of today's date who need to be served manually.

I DECLARE under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 24th day of February, 2014.

> s/s Rylan L.S. Weythman
> Rylan L.S. Weythman

CERTIFICATE OF SERVICE
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51353365.6