The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>                Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>                Defendants. | No. 13-CV-675<br><br>DECLARATION OF JOEL B. ARD IN SUPPORT OF THE RUDKINS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Joel B. Ard declares as follows:

1. I am an attorney for defendants Chad and Elizabeth Rudkin in the above-captioned matter. I am over the age of 18, have personal knowledge of the facts and contents in this declaration, and am competent to testify thereto.

2. Hunts Point Ventures, Inc. ("HPV") is the subject of a state receivership and is represented by Diana Carey of Karr Tuttle Campbell.

3. At the inception of receivership, on behalf of the Rudkins, my firm turned over all HPV corporate records in our possession to the receiver.

4. Pursuant to the receivership, activity in this case was stayed from November 25, 2013 to January 25, 2014, when the receiver declined to solicit extension of the stay.

DECLARATION OF JOEL B. ARD - 1
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51354180.2

5. After Ms. Carey did not respond to my firms' requests to join a motion to substitute counsel, my firm withdrew as counsel for HPV.

6. On February 4, 2014, Plaintiff's counsel and I conducted a teleconference to resolve outstanding discovery issues.

7. In the February 4 discovery conference, I explained to Plaintiff's counsel that (1) Plaintiff had failed to allege a single viable cause of action against the Rudkins in her First Amended Complaint, (2) no amount of discovery could cure its deficiencies, and (3) the Rudkins were literally hours away from filing a Motion for Judgment on the Pleadings and for Summary Judgment.

8. In responding to Plaintiff's Motion to Compel Discovery, the Rudkins have incurred approximately $2,250.00 in legal fees and costs.

9. Attached as <u>Exhibit A</u> is a true and correct copy of a letter my firm sent to Plaintiff's counsel regarding this Motion to Compel.

I hereby certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED February 24, 2014, at Seattle, Washington.

<i>s/s Joel B. Ard</i><br>
Joel B. Ard

DECLARATION OF JOEL B. ARD - 2
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51354180.2

# CERTIFICATE OF SERVICE

I, Rylan L.S. Weythman, state that I am a citizen of the United States of America and a resident of the State of Washington, I am over the age of twenty-one years, I am not a party to this action, and I am competent to be a witness herein. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, who will electronically send notification of such filing to all parties who have appeared in this action as of today's date.

I further served the foregoing *via* First Class U.S. Mail on counsel for Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC:

> Diana Kay Carey, WSBA #16239
> Karr Tuttle Campbell
> 701 Fifth Ave, Suite 3300
> Seattle, WA 98104
> Telephone: (206) 224-8066
> E-Mail: decarey@kartuttle.com

There are no other parties who have appeared in this action as of today's date that need to be served manually.

I DECLARE under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 24th day of February, 2014 at Seattle, WA.

*s/s Rylan L.S. Weythman*
Rylan L.S. Weythman

---

CERTIFICATE OF SERVICE
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51354180.2

# EXHIBIT A

# FOSTER PEPPER PLLC

Direct Phone     (206) 447-6225
Direct Facsimile     (206) 749-2137
E-Mail     WeytR@foster.com

February 18, 2014

*Via E-Mail and First-Class Mail*

Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive
Bellevue, WA 98805

    Re:     *Schweickert v. Chad and Elizabeth Rudkin, No. 13-CV-675*
            Motion to Compel Discovery

Dear Mr. Yurchak:

    The Rudkins request that you withdraw your February 13, 2014 Motion to Compel. It suffers from procedural deficiencies that should be corrected before your client confers with the Rudkins regarding any response to timely, relevant, procedurally proper discovery. If it is not withdrawn, you merely compel the Rudkins to engage in expensive and pointless motion practice.

    In the parties' Fed. R. Civ. P. 26 conference regarding the propounded discovery, Mr. Ard advised that, in the Rudkins' view, the First Amended Complaint failed to state any claim against the Rudkins; that as a result we would promptly file a Motion for Judgment on the Pleadings or in the alternative for summary judgment; and that because no claim was stated in the Complaint, the propounded discovery could not be relevant to any asserted claim or defense in the action.

    We then filed that Motion the same day. As you know, it requests judgment in favor of the Rudkins on the grounds that the First Amended Complaint fails to state a cause of action, or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Although the First Amended Complaint purports to seek recovery for breach of contract, it does not allege the existence of a contract between your client and the Rudkins. As such, it is impossible that any propounded discovery could be relevant to this claim, or could lead to the discovery of admissible evidence as to this claim. Although the First Amended Complaint purports to seek recovery for fraud, it fails to plead any one of the nine required elements of fraud. Here, too, it is impossible that any propounded discovery could be relevant to this claim, or could lead to the discovery of admissible evidence as to this claim.

    You apparently agree: in response to this Motion, you have (without any attempt to confer with counsel for the Rudkins) sought leave of Court to file a Second Amended Complaint, which we presume without reviewing purports to cure the deficiencies in the First Amended

February 18, 2014
Reed Yurchak
Page 2

Complaint. By requesting leave to file a Second Amended Complaint, your client acknowledged that her current complaint is deficient and that the Rudkin's refusal to produce discovery was warranted. However, the proffered Second Amended Complaint is not operative, and you are not entitled to seek discovery regarding claims that the Court has not allowed your client to pursue.

Despite your acknowledgment by that Motion that the Rudkins' Motion has merit, you have nonetheless filed a Motion to Compel Discovery. This Motion is improper. If you need discovery to respond to that portion of the Rudkins' motion which seeks relief in the alternative under Fed. R. Civ. P. 56, the procedural vehicle is to seek specific discovery under Rule 56(d). Such a Motion requires that the party purporting to require discovery file an affidavit or declaration identifying "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Such failure "is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

If you believe there is specific discoverable information that you require in order to respond to the pending Motion for Summary Judgment, you should identify that specific information to the Court through a declaration or affidavit to that effect, pursuant to FRCP 56(d). If on the other hand you believe you are entitled to discovery based upon your client's proposed Second Amended Complaint, we are happy to review the discovery and consider our objections only if the Court allows you to file the amendment. In either case, you are first obliged to withdraw your Motion to Compel.

Sincerely,

Rylan L.S. Weythman

51353144.1