The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>                      Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>                      Defendants. | No. 13-CV-675<br><br>CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>**Noted for Hearing: February 28, 2014** |

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - i
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

# Table of Contents

Page

I. INTRODUCTION AND RELIEF REQUESTED ........................................................ 1

II. STATEMENT OF FACTS ............................................................................................. 1

III. STATEMENT OF ISSUES ............................................................................................ 1

IV. EVIDENCE RELIED UPON ........................................................................................ 1

V. AUTHORITY ................................................................................................................. 2

    A. Plaintiff's Motion To Amend Should Be Denied Because Her Proposed Amendment Fails To State Any Claim Against The Rudkins ........................... 2

    B. Count Three – Breach Of Contract ................................................................... 3

    C. Count Two – Disregard The Corporate Entity ................................................ 3

    D. Count Four – Interference With Contractual Rights ...................................... 6

    E. Count Six – Conspiracy ...................................................................................... 7

    F. Plaintiff's Proposed Amendment Serves No Legitimate Purpose ................. 10

VI. CONCLUSION ............................................................................................................ 10

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - ii
Case No. 13-CV-675

51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

## I. INTRODUCTION AND RELIEF REQUESTED

Chad and Elizabeth Rudkin (the "Rudkins") respectfully submit this Response in opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 29) ("Motion to Amend"). Tacitly acknowledging the fatal deficiencies of claims pled against the Rudkins in her First Amended Complaint (Doc. No. 15) ("Amended Complaint"), Plaintiff requests that this Court grant her leave to present a third attempt at pleading a case against them. Because Plaintiff's proposed Second Amended Complaint ("Proposed Amendment") fails to state any claim against the Rudkins, Plaintiff's Motion to Amend is futile and should be denied.

## II. STATEMENT OF FACTS

Plaintiff filed this suit on April 15, 2013. *See* Complaint (Doc. No. 2). Three months later, she filed an Amended Complaint, among other things, adding an additional claim for negligent misrepresentation. *See* Amended Complaint. On February 4, 2014, the Rudkins filed a Motion for Judgment on the Pleadings and for Summary Judgment (Doc. No. 27) ("Motion for Judgment"), detailing the fatal deficiencies of both causes of action levied against them. Plaintiff responded with this Motion to Amend, seeking leave to substantially revise, rename, and reorganize her allegations against the Rudkins. *See* Motion to Amend at 3 ("Due to defendants' filing of the Motion to Dismiss, plaintiff now seeks to amend her complaint to clarify the allegations and causes of action"). But like her Amended Complaint, the Proposed Amendment also fails to state a claim on which relief can be granted as to the Rudkins. It is thus futile, and the Motion to Amend should be denied.

## III. STATEMENT OF ISSUES

Whether the Court should deny Plaintiff's Motion to Amend as futile because the Proposed Amendment fails to state a claim against the Rudkins on which relief can be granted.

## IV. EVIDENCE RELIED UPON

This Response relies upon all of the pleadings and documents filed in this case.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

## V. AUTHORITY

### A. Plaintiff's Motion To Amend Should Be Denied Because Her Proposed Amendment Fails To State Any Claim Against The Rudkins.

District courts have "broad discretion to deny motions to amend." *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994). That discretion "is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A district court may deny a motion to amend for a wide variety of reasons, including prior failure to cure deficiencies and futility. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010).[1] As set forth below, this Court should deny Plaintiff's Motion to Amend because, despite prior amendment, the Proposed Amendment still fails to state a claim against the Rudkins on which relief can be granted. A proposed amended complaint that fails to state a claim is futile and must not be allowed. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650 (9th Cir. 1984). Likewise, "the Court is not required to engage in futile gestures by allowing amendments which are without legal basis...." *United States v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 424 (D. Idaho 1975). This is particularly true when the "proposed complaint, like the first amended complaint, contains only conclusory allegations, unsupported by facts." *Jones*, 733 F.2d at 650-51 (internal quotations omitted) (denying leave to amend when proposed complaint "failed to allege with at least some degree of particularity overt acts which defendants engaged in"). The Proposed Amendment appears to present four claims against the Rudkins. It fails to plead a cause of action as to any one of them, and leave to amend should therefore be denied.

---

[1] While Plaintiff suggests that a party opposing a motion to amend "must demonstrate undue delay that causes actual prejudice," successful opposition may be based on a variety of justifications that do not require a showing of either delay or prejudice – futility being the most relevant here. *See* Motion to Amend at 4.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT - 2
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51354017.14

### B. Count Three – Breach Of Contract: The Proposed Amendment Fails To State A Claim For Breach Of Contract Against The Rudkins

The Proposed Amendment does not allege the existence of any contract between Plaintiff and the Rudkins. As such, Plaintiff fails to state a claim for breach of contract against the Rudkins. *See, e.g.*, Proposed Amendment at ¶¶53-59, 67-74; *see also* Motion for Judgment at §B. An amendment that continues to include this count is futile and should be denied.

### C. Count Two – Disregard The Corporate Entity: The Proposed Amendment Fails To State A Cause of Action For Disregarding The Corporate Form.

Acknowledging that no contract exists between Plaintiff and the Rudkins, Plaintiff now alleges that the Rudkins should be held liable for HPV's alleged breach of *its* agreement with Plaintiff because "Chad Rudkin authorized all transactions of HPV since January, 2011."[2] The Proposed Amendment, however, fails to meet the pleading standards for presenting a viable cause of action to disregard the corporate form under Washington law.

Washington law forbids disregarding a corporate entity when the corporation retains the same assets at the time of suit that it possessed prior to the alleged misconduct. *See Morgan v. Burks*, 93 Wn.2d 580, 586-90, 611 P.2d 751 (1980) (refusing to disregard the corporate form "when the corporation's assets are intact and thus available for satisfaction of the judgment against it"). In fact, an intact corporation "eliminates the need to disregard the corporate entity" entirely. *Id.* at 586. Here, the Proposed Amendment alleges that, at the time of Plaintiff's loan, HPV's sole assets were patents and related IP acquired from Mark Phillips.[3] HPV still owns those same assets,[4] which Plaintiff alleges are worth millions.[5] Those same assets remain subject to Plaintiff's claims and are available for satisfaction of judgment against HPV, should Plaintiff be able to prove her allegations against HPV. Accordingly, and as a matter of law, Plaintiff

---

[2] *See* Proposed Amendment at ¶69 (emphasis added).

[3] *See id.* at ¶39 ("At the time, the only asset held by HPV was the Phillips' IP, as it has been since HPV's inception.").

[4] *See* HPV Schedule B (Doc. No. 32-1) at 109-110 of 113.

[5] *See* Proposed Amendment at ¶39.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51354017.14

cannot assert a claim against the Rudkins under a cause of action for corporate disregard. *Burks*, 93 Wn.2d at 586-90.

Even if HPV's patent and IP assets were not intact, the Proposed Amendment would still fail to state a claim under the applicable pleading standards. "When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b)." *SE. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006). To meet this heightened pleading standard, Plaintiff must allege sufficient facts to demonstrate first, that "the corporate form [was] intentionally used to violate or evade a duty" and second, that "disregard [is] necessary and required to prevent unjustified loss to the injured party." *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wn.2d 403, 410, 645 P.2d 689 (1982). Each element must be pled with particularity. *See, e.g., Texas Inns, supra*; *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 174 (3d Cir. 2002).

At its core, the Proposed Amendment makes the following allegations relevant to Plaintiff's breach of contract claim against Rudkins:

1. Plaintiff made a loan to HPV because HPV was "in desperate need of cash";[6]
2. At the time of her loan, Chad Rudkin owned a non-controlling share of HPV;[7]
3. Plaintiff knew that HPV's only assets consisted of various intellectual property;[8]
4. HPV failed to repay Plaintiff when her note matured;[9]
5. On account of her note, Plaintiff is an unsecured creditor to HPV;[10]

---

[6] *See* Proposed Amendment at ¶22.
[7] *See id.* at 2, lines 7-9.
[8] *See id.* at ¶39.
[9] *See id.* at ¶44.
[10] *See* Plaintiff's Proof of Claim, *In the Receivership of Hunts Point Ventures, Inc.*, No. 13-2-40014-6 (King Co. Superior Ct.) at 2, attached as Exhibit 1 to Declaration of Joel B. Ard in Support of Rudkins' Motion for Summary Judgment (Doc. No. 27).

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 4
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

> 6. Prior to Plaintiff enforcing her note, HPV granted a security interest in corporate assets to secure additional financing;[11]
>
> 7. That security interest subordinates Plaintiff's note;[12] and
>
> 8. HPV's corporate assets are worth millions of dollars.[13]

Even taken as true, nothing in the Proposed Amendment presents a cause of action to disregard the corporate form capable of withstanding dismissal under Fed. R. Civ. P. 12(b)(6) and 9(b).

Washington law places the burden of securing capital contributions on the creditor and will not disregard the corporate form merely because the creditor failed to utilize safeguards. *See Truckweld Equip. Co., Inc. v. Olson*, 26 Wn. App. 638, 646, 618 P.2d 1017 (1980) (no disregard when creditor "made no effort to obtain [a] personal guarantee prior to extending credit nor did it file timely chattel liens when…payment became questionable."); *see also Uni-Com Northwest, Ltd. v. Argus Pub. Co.*, 47 Wn. App. 787, 798, 737 P.2d 304 (1987) (no disregard when creditor "knew the corporation was in shaky financial condition, but failed to inquire further"). Plaintiff's allegations admit she was aware of HPV's financial state;[14] and, as a matter of law, her "failure to utilize safeguards" does not entitle her to disregard HPV's corporate form just because another HPV creditor did utilize safeguards – here, in the form of a security interest in HPV's assets.

Likewise, HPV's execution of a subsequent secured note to obtain further funding is nothing more than an ordinary business decision and cannot be the basis for corporate disregard. *See, e.g., Meisel*, 97 Wn.2d at 410 (no disregard when shares liquidated to mother leaving corporation insolvent); *Burks*, 93 Wn.2d at 586-89 (no disregard when corporation filed for bankruptcy subjecting creditor claims to bankruptcy proceedings). If it were otherwise, nearly every corporation in existence would be guilty of misconduct and its officers susceptible to liability merely by offering both secured and unsecured debt. Just because Plaintiff made an

---

[11] *See* Proposed Amendment at ¶42.
[12] *See id.*
[13] *See id.* at ¶39.
[14] *See id.* at ¶22.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5
Case No. 13-CV-675

51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

unsecured capital contribution to HPV does not mean that HPV is somehow prohibited from entering into subsequent secured transactions – especially when those transactions do not affect Plaintiff's ability to enforce her note.[15] As such, the Proposed Amendment fails to state a cause of action for discarding the corporate form and should therefore be denied.

> **D.     Count Four – Interference With Contractual Rights: The Proposed Amendment Fails To State A Claim For Interference With Contractual Rights Against The Rudkins.**

Plaintiff's proposed new claim against the Rudkins, alleging interference with contractual rights, fails to allege a cause of action because, as a matter of Washington law, corporate officers are not liable for encouraging corporate contractual breaches. *See Olympic Fish Products v. Lloyd*, 93 Wn.2d 596, 598-99, 611 P.2d 737 (1980).

Here, Plaintiff alleges that the Rudkins, as officers of HPV, unlawfully interfered with her contractual rights by:

1. Failing to recognize Plaintiff's ownership interest in HPV and HPVG;
2. Failing to make HPVG an ongoing concern;
3. Executing a security interest which subordinated Plaintiff's loan; and
4. At the advice of corporate counsel, "re-categorizing" Plaintiff's loan an as investment.[16]

Even assuming the truth of those allegations, the Proposed Amendment fails to state a claim because, under Washington law, corporate officers are permitted to freely advise the corporation in its business transactions without subjecting themselves to claims for intentional interference. *See Olympic Fish*, 93 Wn.2d at 598-99. And they are explicitly entitled to rely on corporate counsel in making corporate decisions. *See* RCW § 23B.08.300(2)(b) ("In discharging the duties of a director, a director is entitled to rely on information, opinions, reports, or

---

[15] Plaintiff alleges that HPV's assets are worth "millions of dollars." Proposed Amendment at ¶39. Therefore, as pled, Ms. Hoover's $120,000 secured loan to HPV – $100,000 of which was made prior to Plaintiff's alleged loan – has no practical effect on Plaintiff's ability to enforce her $200,000 unsecured note. *See id.* at ¶42.

[16] *See id.* at ¶¶82-83 & 25 (alleging that corporate counsel "instructed Rudkins to book plaintiff's loan as an 'angel investment' with HPV").

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 6
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

statements, including financial statements and other financial data, if prepared or presented by . . . [l]egal counsel"). Each of Plaintiff's allegations asserts, at best, a breach of contract by HPV. Those breaches, pursuant to Washington law, cannot be lawfully attributed to Rudkins as corporate officers acting within the scope of their corporate responsibilities and at the advice of corporate counsel. Plaintiff's Proposed Amendment fails to state a claim as to this alleged cause of action and is therefore futile.

      E.      **Count Six – Conspiracy: The Proposed Amendment Fails To State A Cause Of Action For Conspiracy Against The Rudkins.**

A claim for civil conspiracy requires clear, cogent, and convincing evidence that "(1) two or more people engaged in activity to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means; ***and*** (2) an agreement…among such people to accomplish the object of the conspiracy." *In re Bryce*, 491 B.R. 157, 188 (W.D. Wash. 2013) (emphasis added). And, as thoroughly discussed in the Rudkins' pending Motion for Judgment,[17] "[m]ere suspicion or commonality of interests is insufficient to prove a conspiracy." *Wilson v. State*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996) (internal citations omitted). Despite drastically lengthened allegations in the Proposed Amendment, it fails to state a claim for conspiracy.

The Proposed Amendment alleges two subsets of conspiracy: (1) conspiracy to commit fraud and (2) conspiracy to interfere with contractual rights.[18] The two alleged bases of recovery are pled together, making it extraordinarily difficult to distinguish between them.[19] Nevertheless, an allegation of a conspiracy to interfere with contractual rights generally reiterates the Proposed Amendment's fourth cause of action which alleges contractual interference directly.[20] And, as explained above, the Rudkins, as officers of HPV, are legally entitled to cause corporate

---

[17] *See* Rudkins' Motion for Judgment on the Pleadings and for Summary Judgment (Doc. No. 27) at § V(C) (addressing the deficiencies of Plaintiff's conspiracy claim in detail).

[18] *See* Proposed Amendment at 1 & 28.

[19] *See id.* at ¶¶95-115.

[20] *Compare* Proposed Amendment at ¶¶75-86 *with id.* at ¶¶95-115.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 7
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

breaches of contract.[21] Therefore, there can be no unlawful conspiracy to perform an action when the actual performance of that action is lawful. As such, the Proposed Amendment fails to state a claim for conspiracy to interfere with contractual rights against the Rudkins.

The Proposed Amendment's remaining claim for conspiracy to commit fraud is subject to the heightened pleading standard in Fed. R. Civ. P. 9(b), and, therefore, both the elements of fraud as well as the elements of civil conspiracy must be pled with particularity. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent.") (internal quotation omitted).

As to both, the allegations in the Proposed Amendment consist entirely of vague speculation and legal conclusions, which, as a matter of law, cannot form the basis of a valid claim under the Federal Rules. *See, e.g.*, Proposed Amendment at ¶29 ("that 'other investor' is *believed* to have been defendant."); at ¶30 ("The loan made by Ms. Hoover is *believed* to have been an unsecured loan"); at ¶34 ("It is *believed* that Mr. Du Wors wanted Rudkins to own all of HPV"); at ¶41 ("The promissory note *appears* to have been created as an afterthought") (italics added). The Proposed Amendment fails to specify acts by the Rudkins that, taken as true, demonstrate an agreement with others to either commit an illegal act or effectuate a legal act by illegal means. In fact, Plaintiff herself believes that Rudkins were merely acting on the advice and at the direction of corporate counsel "because he found them pliable and willing to believe and follow everything he told them."[22] Her speculative and conclusory allegations that "Defendants began to conspire to concoct a plan" cannot suffice.[23]

Instead of alleging facts demonstrating an agreement to engage in an unlawful conspiracy, Plaintiff claims that the Rudkins, *on the advice and instruction of corporate counsel,*

---

[21] *See* Section D, *supra*.

[22] *See* Proposed Amendment at ¶34; *see also id.* at ¶25 (HPV's attorney "counseled or instructed Rudkins to book plaintiff's loan as an 'angel investment' with HPV....")..

[23] *See id.* at ¶36.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 8
Case No. 13-CV-675

51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

miscategorized Plaintiff's investment on an HPV ledger.[24] Washington law, however, explicitly permits corporate directors to rely on the advice of corporate counsel in exercising corporate duties. *See* RCW § 23B.08.300(2)(b) ("In discharging the duties of a director, a director is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by . . . [l]egal counsel"). Moreover, regardless of how HPV categorized Plaintiff's contribution, Plaintiff has asserted herself as an unsecured creditor in the receivership action and therefore occupies the exact same position she would have had her contribution continuously been labeled as a loan.[25] Accordingly, even assuming the truth of Plaintiff's allegations, the Rudkins are not liable for any miscategorization that may have occurred, nor does the Proposed Amendment identify any damages that could have resulted.

The Proposed Amendment's claim that the Rudkins conspired to subordinate Plaintiff's loan by issuing a secured interest in exchange for corporate capital also fails because (1) she has not alleged any illegal conduct and (2) she has not alleged any resulting cognizable injury.[26] Even assuming that the Rudkins, as officers of HPV, agreed to issue a secured interest for corporate capital, neither that agreement nor the actual issuance of the security interest is an illegal act. It is axiomatic that corporations, like anyone else, are entitled to issue security in exchange for capital contributions, and any unsecured creditors, by definition, are subordinate to secured creditors regardless of when the security interest is granted.

Because Plaintiff's Proposed Amendment fails to allege additional facts sufficient to state a claim for conspiracy, the Court should deny Plaintiff's request for leave for the same reasons as those stated in the Rudkins' Motion for Judgment.

---

[24] *See id.* at ¶25.

[25] *See* Plaintiff's Proof of Claim, *In the Receivership of Hunts Point Ventures, Inc.*, No. 13-2-40014-6 (King Co. Superior Ct.) at 2, attached as Exhibit 1 to Declaration of Joel B. Ard in Support of Rudkins' Motion for Summary Judgment (Doc. No. 27).

[26] *See* Proposed Amendment ¶39.

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 9
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

### F. Plaintiff's Proposed Amendment Serves No Legitimate Purpose.

Because the Proposed Amendment fails to allege any cognizable claims against the Rudkins, it serves no legitimate purpose. Rather, motions to amend made in order to avoid summary judgment are regularly denied for bad faith. *See, e.g.*, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993) (denying motion to amend as made in bad faith when filed nine months after initiation of the suit but immediately after the opposition's motion for summary judgment). Plaintiff's Motion to Amend should likewise be denied.

## VI. CONCLUSION

In direct response to the Rudkins' Motion for Judgment, Plaintiff asks this Court for leave to file a Second Amended Complaint in attempt to salvage Plaintiff's case against the Rudkins. The Proposed Amendment, however, is equally as deficient as Plaintiff's operative Amended Complaint – in that it, too, fails to state any valid cause of action against the Rudkins. As such, Plaintiff's Motion to Amend should be denied.

DATED this 24th day of February, 2014.

FOSTER PEPPER PLLC

*s/s Joel B. Ard*
Joel B. Ard, WSBA # 40104
*s/s Rylan L.S. Weythman*
Rylan L. S. Weythman, WSBA # 45352

1111 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: 206-447-6252
Fax: 206-749-2063
Email:   ArdJB@Foster.com
         WeytR@foster.com

CHAD AND ELIZABETH RUDKIN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 10
Case No. 13-CV-675
51354017.14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

# CERTIFICATE OF SERVICE

I, Rylan L.S. Weythman, state that I am a citizen of the United States of America and a resident of the State of Washington, I am over the age of twenty one years, I am not a party to this action, and I am competent to be a witness herein. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, who will electronically send notification of such filing to all parties who have appeared in this action as of today's date.

I further served the foregoing via First Class U.S. Mail on counsel for Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC:

> Diana Kay Carey, WSBA #16239
> Karr Tuttle Campbell
> 701 Fifth Ave, Suite 3300
> Seattle, WA  98104
> Telephone: (206) 224-8066
> E-Mail: decarey@kartuttle.com

There are no other parties who have appeared in this action as of today's date that need to be served manually.

I DECLARE under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 24th day of February, 2014.

/s/ Rylan L.S. Weythman
Rylan L.S. Weythman

CERTIFICATE OF SERVICE
Case No. 13-CV-675

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51354017.14