JUDGE RICARDO S MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC; HUNTS POINT VENTURE GROUP, LLC; CHAD RUDKIN and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS; and DOES 1-4;<br><br>Defendants. | Case Number: 2:13-cv-00675-RSM<br><br>**MOTION TO QUASH AND/OR MODIFY SUBPOENAS**<br><br>**NOTE ON MOTION CALENDAR:**<br>September 19, 2014 |

COMES NOW Plaintiff, Jennifer Schweickert, by and through her undersigned attorney, and moves the Court to for an Order Quashing defendants' Subpoenas as identified herein.

**I.   INTRODUCTION**

Defendants have recently served Subpoenas Duces Tecums upon Apple and Google seeking the production of all electronic correspondence between plaintiff, other members of defendant HPV, plaintiff's attorney, and the attorney representing plaintiff's mother, who was a shareholder in HPV for a short time. Defendants' subpoenas are abusively drawn overly broad as they seek production of

MOTION TO QUASH AND/OR MODIFY SUBPOENA
- 1 -

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
TELE: 425-890-3883; FAX: 425-654-1205

documents that are the direct communication between an attorney and his clients as well as documents that would be privileged as "attorney work product." Additionally, the subpoenas seek production of the documents at a date after the discovery cut-off imposed by the Court. Defendants have not moved the Court for an Order extending the discovery period. For these reasons, plaintiff requests that the Court quash the subpoenas.

## II.   EVIDENCE

The evidence that the Court is asked to rely upon is set forth in the Declaration of Reed Yurchak, submitted herewith.

## III.   STATEMENT OF FACTS

On August __, 2014, defendants issued subpoenas to Apple (Decl., Exh. "A") and to Google (Decl., Exh. "B.") (the date of issue was not indicated on the subpoenas). The subpoenas request production of the requested documents on September 18, 2014, three days after the discovery cut-off imposed by the Court's case management Order. According to the terms of the subpoena issued to Apple, defendants seek production of all electronic correspondence to and from attorney, Reed Yurchak with his client, Jennifer Schweickert, from her email accounts designated as jps214@me.com and miasmom@me.com:

> Produce all electronic correspondence between May 2010 through December 2012, in email accounts jps214@me.com and miasmom@me.com, sent to or received from Steve Schweickert (steves1@me.com; steves1@mac.com); Doug Lower (doug.lower@gmail.com); Mark Phillips (markp@phillipsholdingsllc.com; mark.phillips@gmail.com; markp@modsystems.com); Reed Yurchak (yurchak@gmail.com); Jeff Keane (tjk@keanelaw.com); and Joyce Schweickert (joyceschweickert@gmail.com).

In the subpoena to Google, defendants seek production of all electronic correspondence to and from attorney, Reed Yurchak with his client, Mark Phillips, from his email account designated as mark.phillips@gmail.com:

> Produce all electronic correspondence between May 2010 through December 2012, in email account mark.phillips@gmail.com, sent to or received from Jennifer Schweickert (jps214@gmail.com; jps214@me.com; miasmom@me.com); Steve Schweickert (steves1@me.com, steves1@mac.com); Doug Lower (doug.lower@gmail.com); Reed Yurchak (yurchak@gmail.com); Jeff Keane (tjk@keanelaw.com); and Joyce Schweickert (joyceschweickert@gmail.com).

The request for such communications is protected by attorney-client privilege. Reed Yurchak is attorney for Jennifer Schweickert in the instant matter and has represented Mark Phillips since 2013 in five separate legal actions, most of which remain pending. The subpoena also seeks production of records on September 18, 2014; after the discovery cut-off date in this case. While the remaining subpoenas seek communications between Stephen and Joyce Schweickert and Mr. Yurchak, communications that are not privileged, they are still untimely.

On September 2, 2014 plaintiff's counsel sent a letter to defense counsel demanding she withdraw the subpoenas for the reasons outlined above. (Decl., Exh. "C")  Because defendants have not withdrawn the subpoenas, plaintiff now files this motion to quash.

### IV.   ARGUMENT

A party with a personal right or privilege that is affected by information responsive to a subpoena has standing to move to quash or modify a subpoena. *Am. Broad. Companies, Inc. v. Aereo, Inc.,* CV-12-80300-RMW, 2013 WL 1508894 (N.D. Cal. Apr. 10, 2013). Additionally, some courts have found that a party has standing to move to quash on the grounds that the subpoena calls for irrelevant or privileged information. *See Moon v. SCP Pool Corporation,* 232 FRD 633 (C.D. Cal. 2005) (defendant's motion to quash granted on the basis that plaintiff's subpoena requested overbroad

and irrelevant documents); *Singletary v. Sterling Transport Co., Inc.* 289 FRD 237, 239–242 (ED VA 2012) (plaintiff's employment records subpoenaed from former employers are sufficiently personal and confidential); *Blotzer v. L–3 Communications Corp.* 287 FRD 507, 509–510 (D AZ 2012) (party need not be person who was subject to subpoena in order to obtain protective order under FRCP 26(c)(1)). In the instant case, Defendants move to quash the subpoenas issued to Apple and Google on the basis that the subpoenas are untimely, but more importantly are so abusively drawn and overbroad that they request privileged information.

     First, Mr. Yurchak represents Jennifer Schweickert in this very matter; a fact widely known and understood. It is axiomatic that privilege attaches from this representation between all communications between client and her attorney. Moreover, there is nothing to suggest and no argument posited that somehow there has been a waiver of that privilege. Ms. Schweickert has certainly not waived her attorney client privilege. Mr. Yurchak also represents Mr. Phillips in claims against these same defendants and has represented him since 2013 in various actions in the State and Federal Courts. Counsel for Defendant is well aware of this. Defendants have offered no explanation for why they feel entitled to discover the communications between a lawyer and his clients, and plaintiff is unaware of any authority or circumstance, outside of the commission of a crime, that would justify a breach of the privilege.

     Second, all subpoenas are abusively over broad, seeking all communications of any nature between the parties listed in the subpoenas. A subpoena that is drawn overly broad and not tailored to obtain information related to the "immediate needs of the case" is improper and imposes an undue burden on the producing party. *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813-4 (9th Cir. 2003). The subpoena makes no effort to tailor its request for information that would be relevant to the issues in the instant action, seeking instead the production of the entirety of all communications between the parties listed in the subpoena. For

this reason, all of defendants' subpoenas are objectionable as being overbroad in seeking all communications over a two year period that would invade the listed individuals' right to privacy.

Additionally, the subpoenas are untimely and demand production of record after the discovery cut-off date in this matter. Defendants have offered no motion that would allow them to continue conducting discovery outside of the period allowed by the Court. As such, the subpoenas to Apple and Google must be quashed.

## IV. CONCLUSION

Rule 45 provides that the court from which the subpoena was issued "shall quash or modify the subpoena if it ... subjects a person to undue burden." *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (*quoting* Fed.R.Civ.P. 45(c)(3)(A)(iv)). Rule 45(c)(1) states, "[t]he court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to ... a reasonable attorney's fee." *Id.* (*quoting* Fed.R.Civ.P. 45(c)(1)).

For the foregoing reasons, Defendants request that the Court grant their Motion to Quash the Subpoenas to Apple and to Google, and that the Court grant monetary sanctions against defendants and their attorneys of record in the amount of $1,200.00.

Dated this 4th day of September, 2014.

          */s/ Reed Yurchak*
REED YURCHAK, WSBA #37366
Law Office of Reed Yurchak
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
Tel: 425-890-3883
Fax: 425-654-1205
Email: yurchaklaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this matter.

Dated this 4th day of September, 2014.

          */s/ Reed Yurchak*
REED YURCHAK, WSBA No. 37366