Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>Defendants. | No. 13-CV-675RSM<br><br>DEFENDANT JOHN DU WORS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH AND/OR MODIFY SUBPOENAS<br><br>NOTE ON MOTION CALENDAR:<br>September 19, 2014 |

## I. RESPONSE

Defendants John Du Wors and Amber Du Wors ("Du Wors"), move for an order denying Plaintiff's Motion to Quash and/or Modify Subpoenas. Du Wors filed the subpoenas to Apple and Google in good faith in order to work cooperatively with opposing counsel to get imperative documents that the plaintiff has refused to produce.

## II. STATEMENT OF ISSUE

Whether the Motion to Quash and/or Modify Subpoenas should be denied?

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 1
13-CV-675RSM
5698686.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

### III. STATEMENT OF FACTS

Defendants first served "Defendant John Du Wors' First Interrogatories and Requests for Production of Documents to Plaintiff" on November 8, 2013. *See* Dkt No. 56, Ex. 1. Responses were due on December 9, 2013. Plaintiff did not provide responses until January 28, 2014. *See* Dkt No. 56, Ex. 2. Those late responses were incomplete in many ways.

- Plaintiff's answers to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 failed to identify material facts and were evasive; and
- Plaintiff failed to respond to Requests for Production Nos. 26, 27, 28, 29, 30, and 31.

*Id.*

On February 14, 2014, Plaintiff provided amended responses to the discovery requests. *See* Dkt No. 56. Ex. 4. Again, the responses were incomplete. These requests for production sought Plaintiff's correspondence, including electronic correspondence to and/or from multiple witnesses, related to the contentions in her complaint. *See* Dkt No. 56 Ex. 1. Plaintiff has contended that she does not have documents from other individuals involved in the many actions being pursued in connection with Hunts Point Ventures, Inc. However, this is simply not believable. Plaintiff has still failed to adequately respond to Defendant's discovery requests.

Du Wors filed a motion to compel discovery responses, seeking electronic correspondence between Plaintiff and other relevant witnesses. *See* Dkt. No. 54, Ex. 4. The discovery has not yet been produced, as Plaintiff argued she had no such responsive documents. *See* Dkt. No. 57. The motion to compel has not yet been ruled on, and Du Wors sought to obtain the relevant documents by serving email service providers, Apple and Google, with subpoenas. *Declaration of Sam B. Franklin* Ex. 1. The response date on the subpoena was

DEFENDANT JOHN DU WORS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH AND/OR MODIFY SUBPOENAS - 2
13-CV-675RSM
5698686.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

inadvertently set for three days after the discovery cutoff. *See* Dkt. No. 62, Ex. 6 and 7. The subpoenas were also inadvertently sent undated. *Id.*

The subpoenas were purposefully broad, so that the parties could work together to narrow them on agreement. *Id.* At no time did Du Wors assume that the attorney-client privilege had been waived between Mr. Yurchak and Jennifer Schwieckert, Mr. Yurchak and Mark Phillips, or Mr. Keane and Joyce Schweickert. *Franklin Decl.* ¶2. Mr. Yurchak and Mr. Keane were included on the subpoenas to obtain the correspondence they each had with third parties, not their own clients. *Id.*

Reed Yurchak, Plaintiff's attorney sent a letter dated September 2, 2014, asking that the subpoenas issued to Apple and Google be withdrawn. *See* Dkt. No. 63-1. Du Wors attorney, Ms. Pamela J. DeVet responded to Mr. Yurchak's letter by email on September 4, 2014, stating:

> …Also, we received your correspondence regarding the subpoenas to Google and Apple. We would like to work cooperatively with you to address your concerns, but those expressed in the letter are vague enough that we would like to follow up with a conference.

*Franklin Decl.* Ex. 2.

On September 4, 2014, Du Wors also filed a Motion for Leave to Complete Two Specific Discovery Events beyond the Current Discovery Cutoff of September 15, 2014, in order to allow time to complete the depositions of Joyce and Steve Schweickert, and to receive responses from the Subpoenas to Apple and Google. *See* Dkt. No. 61.

Mr. Yurchak did not reply to Ms. DeVet's September 4th correspondence and Plaintiff's Motion to Quash Subpoenas was filed September 4, 2014. *See* Dkt. No. 63.

T. Jeffrey Keane, Joyce Schweickert's attorney, filed Joyce Schweickert's and T. Jeffrey Keane's Joinder in Jennifer Schweickert's Motion to Quash Subpoenas, and Joyce

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 3
13-CV-675RSM
5698686.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Schweickert's and T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions on September 9, 2014. *See* Dkt. No. 66 and 67.

## IV. EVIDENCE RELIED UPON

The pleadings, as well as the Declaration of Sam B. Franklin with attached exhibits.

## V. LEGAL AUTHORITY AND ARGUMENT

### A.     Standard on motion to quash.

A party is entitled to discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules. *See, e.g.,* Wright, Miller & Cooper, Federal Practice & Procedure § 2459 at pp. 44–45 (2d. ed.1994).

Here, Plaintiff has objected to the timeliness of the subpoenas. As discussed above, the response date on the subpoena was inadvertently set for three days after the discovery cutoff and the subpoena was inadvertently sent undated. Du Wors has since filed a Motion for Leave to Complete Two Specific Discovery Events beyond the Current Discovery Cutoff of September 15, 2014 in order to accommodate the subpoenas and obtain pertinent discovery with no prejudice to the plaintiff.

As to the scope of the subpoenas, the subpoenas were purposefully broad, so that the parties could work together to narrow that scope on agreement. Du Wors is not arguing that attorney-client privilege has been waived, and is not seeking email correspondence between Mr. Yurchak and Jennifer Schwieckert, Mr. Yurchak and Mark Phillips, or Mr. Keane and

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 4
13-CV-675RSM
5698686.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Joyce Schweickert. The electronic correspondence sought is that between the parties listed, save communication between Mr. Yurchak and Mr. Keane and their own clients.

Email correspondence between the parties listed on the subpoenas are absolutely relevant to this matter and within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Further, Du Wors is willing to work with plaintiff's counsel, and Joyce Schweickert's counsel, Jeff Keane, in order to reach an agreement as to narrowing the scope of the subpoena.

### B. Arguments referenced in the Joinder are untimely and should not be considered.

Joyce Schweickert and T. Jeffrey Keane filed their Joinder in Jennifer Schweickert's Motion to Quash Subpoenas on September 9, 2014. *See* Dkt. No. 66. In the Joinder, Mr. Keane referenced the Joyce Schweickert's and T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions, also filed on September 9, 2014, *See* Dkt. No. 67, which brought up new arguments. Under LCR 7(d)(3) the Joinder should have been filed by September 5, 2014 in order to be considered on the September 19, 2014 hearing date. Du Wors will appropriately respond to arguments made in T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions by September 22, 2014, as Keane's motion is noted for September 26, 2014.

### C. Sanctions against Du Wors are not warranted.

Du Wors's subpoenas for electronic correspondence were made in good faith and are sought to defend his case. Plaintiff has not provided any facts that warrant any sanctions. The court may reject an award of terms or sanctions if it would be unjust. *See generally* CR 37(a). Therefore, this court should deny plaintiff's motion for terms.

### VI. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Quash and/or Modify Subpoenas should be denied.

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 5
13-CV-675RSM
5698686.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2  Respectfully submitted this 15th day of September, 2014.

3  LEE SMART, P.S., INC.

4
5  By: /s/ Sam B. Franklin
   Sam B. Franklin, WSBA No. 1903
   Pamela J. DeVet, WSBA No. 32882
6  Lee Smart, P.S., Inc.
   701 Pike St, Ste. 1800
7  Seattle, WA 98101
   Telephone 206-624-7990
8  Fax 206-624-5944
   sbf@leesmart.com
9  pjd@leesmart.com
   Attorneys for Defendants Du Wors

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 6
13-CV-675RSM
5698686.doc

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
yurchaklaw@gmail.com

Mr. Mark D. Kimball
Law Office of Mark Douglas Kimball, P.S.
10900 Northeast Fourth Street, Suite 2030
Bellevue, WA 98004
mark@mdklaw.com

Mr. Joel B. Ard
Foster Pepper, LLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
ardjb@foster.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 15 day of September, 2014, at Seattle, Washington.

_____
Kimberly J. Paul, Legal Assistant

DEFENDANT JOHN DU WORS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH AND/OR
MODIFY SUBPOENAS - 7
13-CV-675RSM
5698686.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944