JUDGE RICARDO S MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC; HUNTS POINT VENTURE GROUP, LLC; CHAD RUDKIN and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS; and DOES 1-4;<br><br>Defendants. | Case Number: 2:13-cv-00675-RSM<br><br>**PLAINTIFF SCHWEICKERT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE** |

Plaintiff Jennifer Schweickert, by and through her attorney of record, Reed Yurchak, respectfully submits the following memorandum of points and authorities in opposition to defendant's motion for leave of court to complete two discovery events.

1.  **SUMMARY OF ARGUMENT**

Defendant Du Wors moves the court for an order allowing him to complete the depositions of witnesses identified from the very beginning of this lawsuit and one, Joyce Schweickert, who has filed suit to intervene in the companion cases of *Phillips v. Hunts Point*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE - 1

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr #100
Bellevue, WA 98005
TELE: 425-890-3883; FAX: 425-654-1205

*Ventures*, et al., King County Case No. 13-2-07233-5 SEA, and is therefore represented by counsel. The fact that these two witnesses, who were long known to defendant and his counsel, had not been timely noticed does not constitute "good cause" under the Federal Rules of Civil Procedure to grant the relief requested. Defendant has simply failed to complete discovery in violation of this Court's Case Management Order.

Defendant's "second" discovery event involves subpoenas duces tecum served upon internet service providers Google and Apple for any and all correspondence between plaintiff and a variety of persons, including plaintiff's own attorney. Not only are the SDTs overbroad and invasive of the attorney/client privilege, but they are prohibited under the Stored Communications Act, 18 U.S.C. § 2702, et seq. As such the SDTs are improperly prepared and served and plaintiff has filed the appropriate motion to quash the SDTs. (Dkt. # 63). For these reasons the motion by defendant should be denied.

## 2. AUTHORITY

Plaintiff opposes this motion based upon Fed. R.Civ.P. Rules 6(b), 16(b)(4) and 45. Additionally plaintiff cites the Court to the Stored Communications Act, 18 U.S.C. § 2702 et seq.

## 3. ARGUMENT

### A. **Defendant has failed to demonstrate "good cause" in support of his motion.**

Defendant has failed to demonstrate "good cause" for his delay in seeking the requested discovery until less than 30 days prior to the expiration of the discovery period. Indeed, it would be impossible for defendant to demonstrate good faith regarding these witnesses. Stephen Schweickert is the cousin of plaintiff's father and was the boyfriend of plaintiff's mother, Joyce Schweickert, at the time Hunts Point Ventures ("HPV") was incorporated. The original shareholders of HPV are Stephen Schweickert and Joyce Schweickert. Stephen Schweickert was

the original "managing officer" of HPV, and worked closely with Du Wors in the management and actions of HPV.  Stephen Schweickert executed the retainer agreement with Du Wors on behalf of HPV.  At a minimum, Du Wors was outside legal counsel for HPV when Joyce Schweickert shares were allegedly "redeemed."  Not only were the identities and actions of these "witnesses" well known to defendant at the inception of this lawsuit, defense counsel was provided with a copy of a declaration executed by Stephen Schweickert in November 2013, and provided with his last known address and telephone number at that time.[1]  That defendant waited almost a year, and not until less than 30 days remained in the discovery period to attempt to schedule these depositions is telling; defendant has not been diligent in pursuing discovery and cannot demonstrate "good cause" to the court.

      Joyce Schweickert has filed a complaint in the companion case involving HPV, *Phillips v. HPV*, *et al.*, King County Case No.  13-2-07233-5 SEA.  Defendant has been named in that lawsuit and is aware that Joyce Schweickert is represented by counsel in that case.  Yet defendant attempts to claim that Joyce's unavailability for service and his delayed attempt to serve her through her attorney during the last 30 days of the discovery period, "justify" his failure to diligently pursue these depositions.  Such transparent excuses seeking to justify a lack of diligence do not support a finding of "good cause" that would allow the court to grant defendant's motion.

      There has been no "trial by ambush" in this case, and defendant's reliance on a line of cases as an attempt to find authority to support its motion, is, in reality, simply misplaced.  It is telling that defendant has not identified a single "fact" that was only recently "discovered" by

---

[1] In 2012 Stephen Schweickert was accused by Joyce Schweickert of having an "affair" with another woman. Needless to say plaintiff currently has no contact with Stephen Schweickert and has no means of ascertaining his whereabouts other than hiring an investigator; the same option available to defendant.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S      **LAW OFFICE OF REED YURCHAK**
MOTION FOR LEAVE - 3      40 Lake Bellevue Dr #100
                                              Bellevue, WA 98005
                             TELE: 425-890-3883; FAX: 425-654-1205

them because no such "facts" exist in this case.  The allegations in plaintiff's complaint are direct and simple, and the facts and the parties, including all witnesses, have been known to defendant and his counsel from the beginning.  To claim now that the instant motion is supported by *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941); *Bell v. Swift & Co.,* 283 F.2d 407, 409 (5th Cir. 1960); and *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) is to stretch the holdings in those cases.  As the Court can determine, even a cursory review of the cited cases demonstrates none of the facts present in this case; where the witnesses and facts were known to the defendant before the discovery period had ended.  Defendant's reliance on this authority, and the argument that granting this motion would prevent "trial by ambush," are misplaced.

### B. **Defendant is not entitled to the information sought in the subpoena duces tecum.**

Defendant also seeks leave to allow the internet service providers Google and Apple to respond to their subpoenas duces tecum.  But those subpoenas, which are overbroad and abusively drawn, seek documents that are immune from discovery and protected by the attorney client privilege.  More importantly the SDTs have been prepared and served in violation of the Secured Communications Act ("SCA"), 18 U.S.C. §§ 2701 to 2707, and are therefore subject to being quashed by the court in plaintiff's motion to quash.  Under the SCA, records held by an internet service provider are immune from disclosure in a civil suit.  The only exceptions found in the SCA involve subpoenas in a criminal suit. *Bower v. Bower*, 808 F. Supp.2d 340, 349-350 (D.Mass. 2011); *In re: Facebook, Inc*., 923 F.Supp.2d 1204, 1205-1206 (N.D. Cal. 2012); *Chasten v. Franklin*, 2010 WL 4065606 at *2 (N.D. Cal. 2010).  There is no provision in the SCA that would allow the defendant possession of the documents sought in their subpoenas.  Given the scope and breadth of the SCA, defendant's subpoenas are improperly prepared and

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE - 4

**LAW OFFICE OF REED YURCHAK**
40 Lake Bellevue Dr #100
Bellevue, WA 98005
TELE: 425-890-3883; FAX: 425-654-1205

served and requesting leave from the court to complete the subpoenas will not cure the defects found therein.  There is no "good cause" to grant defendant's motion for leave to obtain documents from which they have no right and are statutorily prevented from obtaining.

## CONCLUSION

For the reasons set forth hereinabove, plaintiff respectfully submits that defendant has failed to demonstrate "good cause" to this court that would allow them to complete the depositions or receive documents in violation of this Court's Case Scheduling Order.  Therefore, plaintiff respectfully requests that the Court deny defendant's motion.

DATED this 15th day of September, 2014.

*/s/ Reed Yurchak*
Reed Yurchak, WSBA #37366
Law Office of Reed Yurchak
40 Lake Bellevue Dr. #100
Bellevue, WA 98005
Tel: (425) 890-3883
Fax: (425) 654-1205
Email: yurchaklaw@gmail.com
Attorney for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE - 5

LAW OFFICE OF REED YURCHAK
40 Lake Bellevue Dr #100
Bellevue, WA 98005
TELE: 425-890-3883; FAX: 425-654-1205