Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER P. SCHWEICKERT,

        Plaintiff,

        vs.

HUNTS POINT VENTURES, INC.; HUNTS
POINT VENTURE GROUP, LLC; CHAD
and ELIZABETH RUDKIN, and their marital
community comprised thereof; JOHN DU
WORS and AMBER DU WORS, and their
marital community comprised thereof; and
DOES 1-4,

        Defendants.

No. 13-CV-675-RSM

DEFENDANT DU WORS REPLY IN
SUPPORT OF MOTION FOR LEAVE
TO COMPLETE SPECIFIC
DISCOVERY EVENTS

NOTED FOR HEARING:
SEPTEMBER 19, 2014

## I. INTRODUCTION

Defendant Du Wors requests the Court to permit completion of two discrete discovery events briefly after the discovery cutoff, and which events could have been completed prior to close of discovery, but for the actions of Plaintiff and her relatives.

Plaintiff does not controvert that Joyce Schweikert avoided service by living in a gated community and not permitting a process server in to serve her. Plaintiff did not deny providing incorrect contact information for Steve Schweikert. Plaintiff did not controvert that the reason these subpoenas are necessary at all is that Plaintiff failed to respond to requests for production. In fact, Plaintiff did not submit any declaration in support of her response, so no fact provided by Du Wors has been refuted with evidence.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

While Du Wors can narrowly tailor any subpoena to Apple and Google, the fact that Plaintiff has moved to quash the subpoenas and not consented to any production of emails, calls her claim that there are no responsive emails into suspicion. As such, the Court should order Plaintiff to consent to a narrowly-tailored subpoena and permit production.

Finally, Plaintiff's counsel, who also represents key witness—and Plaintiff's boyfriend—Mark Phillips, arranged scheduling and accepted service of the notice of deposition for Mark Phillips, then argued Defendants failed to properly serve him. Dkt. Nos. 68, 71. They did not produce him at the deposition before the discovery cutoff. *Id.* This was not an issue at the time Defendants filed this motion, so Defendants could not have raised it then. Therefore, Defendants ask for leave to complete the deposition of Mark Phillips as well.

## II. POINTS AND AUTHORITIES

### A.   Defendants should be permitted to take depositions of Joyce Schweickert, Steve Schweickert, and Mark Phillips.

The first section in Plaintiff's response is unsupported by authority, unpersuasive as to unsupported statements asserted, and is not grounds to deny the requested depositions. (Dkt # 73 at 2-3). The Court can disregard briefing where a party fails to provide any legal authority or evidentiary support. *W. Radio Services Co. v. Qwest Corp.*, 678 F.3d 970 (9th Cir. 2012). *See also United States v. James*, 534 F.3d 868, 875 (8th Cir. 2008) ("we regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities"); *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) ("This court has refused to consider unsupported or cursory arguments").

Plaintiff basically argues that, because Du Wors were allegedly acquainted with Joyce Swchweikert and Steve Swchweikert some years earlier, that Du Wors is to blame for Joyce Swchweikert's avoidance of service or Plaintiff's failure to provide accurate contact information for witness Steve Swchweikert, or to provide the required supplementation for this

witness's contact information under Fed. R. Civ. P. 26(e).    The fact remains that it is undisputed that Du Wors took steps within the discovery cutoff to obtain the two depositions, and that such depositions could have been completed within the discovery cutoff if it were not for avoidance of service by Joyce Swchweikert and Plaintiff's failure to provide accurate contact information for Steve Swchweikert, and there is no argument or facts suggesting otherwise.

Plaintiff argues that authority cited by Du Wors is distinguishable, but do not provide any contrary authority or explain specifically how it is not applicable.   Plaintiff argues merely: "As the Court can determine, even a cursory review of the cited cases demonstrates none of the facts present in this case; where the witnesses and facts were known to the defendant before the discovery period had ended." (Dkt # 73 at 4).   In other words, while Plaintiff leaves it to this Court to root through cases for support of a vague proposition, the Court need not do so.  *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009) (repeating the now-familiar maxim: "[j]udges are not like pigs, hunting for truffles buried in briefs").

When Defendants filed the instant motion, Mark Phillips' deposition was scheduled (and rescheduled) by agreement with his counsel for September 12.  Dkt. No. 71 at 2-3 and documents cited therein.  Mr. Phillips' counsel, who is also Plaintiffs' counsel, agreed to accept service. *Id.*  Not until the day before the scheduled deposition did Mr. Phillips' counsel object to the service of the subpoena.   Plaintiffs appear to be trying to prevent Defendants from obtaining discovery by trickery, an inappropriate litigation tool.   Defendants therefore ask that this deposition be permitted after the discovery cutoff.

The very first part of the very first civil rule directs that the rules be interpreted so to achieve a "just" resolution of the case.  Fed. R. Civ. P. 1.  It would not be just to deny the

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR LEAVE TO COMPLETE SPECIFIC
DISCOVERY EVENTS - 3
13-CV-675RSM
5701244.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   requested discovery when it was sought within the relevant scheduling deadlines, and could

2   have been completed had it not been for the acts or omissions of others.

3   **B.     Du Wors is entitled to at least some of the information sought in the**
4   **subpoenas, and the subpoenas would not have even been necessary if**
        **Plaintiff had complied with the discovery rules.**

5       In regard to the subpoenas, Plaintiff argues that, "SDTs have been prepared and served

6   in violation of the Secured Communications Act ("SCA"), 18 U.S.C. §§ 2701 to 2707, and are

7   therefore subject to being quashed by the court in plaintiff's motion to quash." (Dkt # 73 at 4).

8       Federal courts interpreting the SCA have noted that its general purpose "was to create a

9   cause of action against computer hackers." *Int'l Ass'n of Machinists & Aerospace Workers v.*

10  *Werner-Masuda*, 390 F.Supp.2d 479, 495-96 (D. Md. 2005) (citing cases).  *See also United*

11  *States v. Smith*, 155 F.3d 1051, 1058–59 (9th Cir.1998) (explaining that the SCA permits

12  penalties against hackers who put themselves in the position to acquire a communication);

13  *Cousineau v. Microsoft Corp.*, C11-1438-JCC, 2014 WL 1232593 (W.D. Wash. Mar. 25, 2014)

14  ("Federal courts interpreting [the SCA and the CFAA] have noted that their 'general purpose ...

15  was to create a cause of action against computer hackers").   Based on Fourth Amendment

16  concerns, the SCA also permits the government to obtain the documents regarding a criminal

17  defendant, but only where certain protections are met.  *See e.g.*, § 2701(a).   Otherwise, while

18  the legal authority in this area is still somewhat muddled, this Court is likely well-aware that

19  subpoenas to service providers such as Apple and Google are routine in litigation when the

20  information is being sought from parties to the litigation, which is a different thing altogether.

21  Plaintiff may certainly move to quash the subpoena, and Du Wors may seek a court order

22  permitting the subpoenas, which it is doing now.

23      The SCA still permits disclosure by consent of the individual party.  *See e.g.*, 18 U.S.C.

24  § 2702(b)(1)-(3); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004).  Where a party

25  has initiated litigation, they should be compelled to consent to reasonable discovery.  In *Flagg*

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR LEAVE TO COMPLETE SPECIFIC
DISCOVERY EVENTS - 4
13-CV-675RSM
5701244.doc

*v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008),[1] a party contended that neither the opposing party (through a subpoena) nor the court (through an order) could compel the information carrier "to produce the contents of any communications it might still retain under its contract to provide text messaging services to the City of Detroit." Id. at 350. The court equated the situation presented to that where the materials sought to be discovered were in the actual possession of the party, holding:

> Although Plaintiff chose third-party subpoenas as the vehicle for seeking the production of SkyTel text messages, the Court finds it instructive to consider whether Plaintiff could have achieved the same objective through an ordinary Fed.R.Civ.P. 34 request for production directed at the Defendant City. As discussed below, the Court answers this question in the affirmative.

*Id.* at 352.

> [A] party has an obligation under [Federal Rules of Civil Procedure] Rule 34 to produce materials within its control, and this obligation carries with it the attendant duty to take the steps necessary to exercise this control and retrieve the requested documents.... [A] party's disinclination to exercise this control is immaterial, just as it is immaterial whether a party might prefer not to produce documents in its possession or custody.

*Flagg,* 252 F.R.D. at 363.

The court continued:

> It is a necessary and routine incident of the rules of discovery that a court may order disclosures that a party would prefer not to make.... [T]his power of compulsion encompasses such measures as are necessary to secure a party's compliance with its discovery obligations. In this case, the particular device that the SCA calls for is 'consent,' and [the defendant] has not cited any authority for the proposition that a court lacks the power to ensure that this necessary authorization is forthcoming from a party with the means to provide it. Were it otherwise, a party could readily avoid its discovery obligations by warehousing its documents with a third party under strict instructions to release them only with the party's "consent."

*Id.*

---

[1] Within the *Flagg* opinion, there is some interesting discussion of Ninth Circuit case, some unfavorable; although the unfavorable Ninth Circuit case was subsequently reversed by the United States Supreme Court. *See Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 903 (9th Cir. 2008), *rev'd and remanded sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746, 130 S.Ct. 2619 (2010).

DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR LEAVE TO COMPLETE SPECIFIC DISCOVERY EVENTS - 5
13-CV-675RSM
5701244.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

3

4

5

Ultimately, the *Flagg* court instructed the party issuing the subpoena to reissue the subpoenas as a request for production to which the responding party had to provide responsive documents. *Id.* at 366.   This is the very relief sought in Defendants' motion to compel, Dkt. No. 54.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

However, Du Wors believes that this Court also has the authority to compel Plaintiff to "consent" to disclosure of documents in the subpoenas, just like it has the power to compel a party to "consent" to turn over documents in response to a request for production.  Plaintiff has averred she no longer has possession and control of her responsive emails and refuses to produce them.  Dkt. No. 57, 3-3.  Defendants would not have sought production from third parties if Plaintiff had produced emails properly and timely requested under Rule 34.  Du Wors recognizes that the subpoenas may be too broad, and would willingly narrowly tailor the scope of documents sought for purposes of this litigation.  However, Plaintiff should not be able to avoid discovery by claiming that no emails exist, then withholding her "consent" to obtain any potentially responsive documents that the internet provider may possess and which are within her control, simply because she has warehoused them with a nonparty provider.  As such, the Court should permit Du Wors to provide Apple and Google with a more narrowly-tailored set of guidelines as to the documents sought, and order Plaintiff to consent to the subpoena so that discovery can be appropriately concluded.

### III.  CONCLUSION

20

21

22

23

For the reasons provided, the Court should permit the Du Wors to take the depositions of Joyce Schweikert, Steve Schweikert, and Mark Phillips, and to obtain documents from Google and Apple, either through subpoena or discovery responses.

24

25

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

3

DATED this 19th day of September, 2014.

LEE SMART, P.S., INC.

4

5

By: s/ Pamela J. DeVet
Sam B. Franklin, WSBA No. 1903
Pamela J. DeVet, WSBA No. 32882
Attorneys for Defendants Du Wors

6

7

Lee Smart, P.S., Inc.
701 Pike St, Ste. 1800
Seattle, WA 98101
Telephone 206-624-7990
Fax 206-624-5944
sbf@leesmart.com
pjd@leesmart.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR LEAVE TO COMPLETE SPECIFIC
DISCOVERY EVENTS - 7
13-CV-675RSM
5701244.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
yurchaklaw@gmail.com

Mr. Mark D. Kimball
Law Office of Mark Douglas Kimball, P.S.
10900 Northeast Fourth Street, Suite 2030
Bellevue, WA 98004
mark@mdklaw.com

Mr. Joel B. Ard
Foster Pepper, LLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
ardjb@foster.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 19th day of September, 2014, at Seattle, Washington.

_____
Jennifer A. Jimenez, Legal Assistant

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR LEAVE TO COMPLETE SPECIFIC
DISCOVERY EVENTS - 8
13-CV-675RSM
5701244.doc