Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>    Plaintiff,<br><br>vs.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>    Defendants. | No. 13-CV-675RSM<br><br>DEFENDANT JOHN DU WORS' OPPOSITION TO JOYCE SCHWEICKERT'S AND T. JEFFREY KEANE'S MOTION TO QUASH SUBPOENAS AND FOR SANCTIONS<br><br>NOTE ON MOTION CALENDAR: September 26, 2014 |

## I. RESPONSE

Defendants John Du Wors and Amber Du Wors ("Du Wors"), move for an order denying Joyce Schweickert's and T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions. Du Wors filed the subpoenas to Apple and Google in good faith in order to work cooperatively with opposing counsel and third parties to get imperative documents that the plaintiff in this matter has refused to produce.

## II. STATEMENT OF ISSUE

Whether the Joyce Schweickert's and T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions should be denied?

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 1
13-CV-675RSM
5701784.doc

LEE·SMART
P.S., Inc. • Pacific Northwest Law Offices
1800 One Convention Place • 701 Pike Street • Seattle • WA • 98101-3929
Tel. 206.624.7990 • Toll Free 877.624.7990 • Fax 206.624.5944

## III. STATEMENT OF FACTS

Du Wors first served "Defendant John Du Wors' First Interrogatories and Requests for Production of Documents to Plaintiff" on November 8, 2013. *See* Dkt No. 56, Ex. 1. Responses were due on December 9, 2013. Plaintiff did not provide responses until January 28, 2014. *See* Dkt No. 56, Ex. 2. Those late responses were incomplete in many ways.

- Plaintiff's answers to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 failed to identify material facts and were evasive; and
- Plaintiff failed to respond to Requests for Production Nos. 26, 27, 28, 29, 30, and 31.

*Id.*

On February 14, 2014, Plaintiff provided amended responses to the discovery requests. *See* Dkt No. 56. Ex. 4. Again, the responses were incomplete. These requests for production sought Plaintiff's correspondence, including electronic correspondence to and/or from multiple witnesses, related to the contentions in her complaint, including Joyce Schweickert. *See* Dkt No. 56 Ex. 1. Joyce Schweickert is the mother of plaintiff, Jennifer Schweickert, and also has filed a suit in King County Superior Court against Du Wors, King County Case No. 13-2-42758-3 SEA. Plaintiff has contended that she does not have documents from other individuals involved in the many actions being pursued in connection with Hunts Point Ventures, Inc, including Joyce Schweickert. However, this is simply not credible. Plaintiff has still failed to adequately respond to Du Wors's discovery requests.

Du Wors filed a motion to compel discovery responses, seeking electronic correspondence between Plaintiff and other relevant witnesses. *See* Dkt. No. 54, Ex. 4. The discovery has not yet been produced, as Plaintiff argued she had no such responsive documents. *See* Dkt. No. 57. The motion to compel has not yet been ruled on, and Du Wors sought to

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 2
13-CV-675RSM
5701784.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

obtain the relevant documents by serving email service providers, Apple and Google, with subpoenas. *Declaration of Sam B. Franklin* Ex. 1. The response date on the subpoena was inadvertently set for three days after the discovery cutoff. *See* Dkt. No. 62, Ex. 6 and 7. The subpoenas were also inadvertently sent undated. *Id.*

The subpoenas were purposefully broad, so that the parties could work together to narrow them on agreement. *Id.* At no time did Du Wors assume that the attorney-client privilege had been waived between Mr. Yurchak and Jennifer Schwieckert, Mr. Yurchak and Mark Phillips, or Mr. Keane and Joyce Schweickert. *Franklin Decl.* ¶2. Mr. Yurchak and Mr. Keane were included on the subpoenas in order to obtain the correspondence they each had with third parties, not their own clients. *Id.*

On September 4, 2014, Du Wors filed a Motion for Leave to Complete Two Specific Discovery Events beyond the Current Discovery Cutoff of September 15, 2014, in order to allow time to complete the depositions of Joyce and Steve Schweickert, and to receive responses from the Subpoenas to Apple and Google. *See* Dkt. No. 61.

Plaintiff filed Plaintiff's Motion to Quash Subpoenas on September 4, 2014. *See* Dkt. No. 63. Joyce Schweickert and T. Jeffrey Keane joined into plaintiff's motion on September 9, 2014, and filed thier own Motion to Quash and for Sanctions that same day. *See* Dkt. No. 66 and 67.

### IV. EVIDENCE RELIED UPON

The pleadings, as well as the Declaration of Sam B. Franklin with attached exhibits.

### V. LEGAL AUTHORITY AND ARGUMENT

**A.      Standard on motion to quash.**

A party is entitled to discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party who resists discovery

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 3
13-CV-675RSM
5701784.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

has the burden to show discovery should not be allowed, and has the burden of explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules. *See, e.g.,* Wright, Miller & Cooper, Federal Practice & Procedure § 2459 at pp. 44–45 (2d. ed.1994).

Here, Joyce Schweickert and T. Jeffrey Keane have objected to the timeliness of the subpoenas. As discussed above, the response date on the subpoena was inadvertently set for three days after the discovery cutoff and the subpoena was inadvertently sent undated. Du Wors has since filed a Motion for Leave to Complete Two Specific Discovery Events beyond the Current Discovery Cutoff of September 15, 2014 in order to accommodate the subpoenas and obtain pertinent discovery with no prejudice to the plaintiff.

As to the scope of the subpoenas, the subpoenas were purposefully broad, so that the parties (including third parties) could work together to narrow that scope on agreement. Du Wors is not arguing that attorney-client privilege has been waived, and is not seeking email correspondence between Mr. Yurchak and Jennifer Schwieckert, Mr. Yurchak and Mark Phillips, or Mr. Keane and Joyce Schweickert. The electronic correspondence sought is that between the parties listed, save communication between Mr. Yurchak and Mr. Keane and their own clients.

Email correspondence between the individuals listed on the subpoenas are absolutely relevant to this matter and within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Further, Du Wors is willing to work with Joyce Schweickert's counsel, T. Jeffrey Keane, in order to reach an agreement as to narrowing the scope of the subpoena as to avoid "any intensely private and personal emails between a mother and daughter" that are not related to this matter.

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 4
13-CV-675RSM
5701784.doc

**B.     The Subpoenas are not in violation of the Stored Communications Act.**

Joyce Schweickert and T. Jeffrey Keane argue that, "SDTs have been prepared and served in violation of the Secured Communications Act ("SCA"), 18 U.S.C. §§ 2701 to 2707, and are therefore subject to being quashed by the court. *See* Dkt. No. 67.

Federal courts interpreting the SCA have noted that its general purpose "was to create a cause of action against computer hackers." *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 495-96 (D. Md. 2005) (citing cases). *See also United States v. Smith*, 155 F.3d 1051, 1058–59 (9th Cir.1998) (explaining that the SCA permits penalties against hackers who put themselves in the position to acquire a communication); *Cousineau v. Microsoft Corp.*, C11-1438-JCC, 2014 WL 1232593 (W.D. Wash. Mar. 25, 2014) ("Federal courts interpreting [the SCA and the CFAA] have noted that their 'general purpose ... was to create a cause of action against computer hackers"). Based on Fourth Amendment concerns, the SCA also permits the government to obtain the documents regarding a criminal defendant, but only where certain protections are met. *See e.g.*, § 2701(a). Otherwise, while the legal authority in this area is still somewhat muddled, this Court is likely well-aware that subpoenas to service providers such as Apple and Google are routine in litigation when the information is being sought from parties to the litigation, which is a different thing altogether.

The SCA still permits disclosure by consent of the individual party. *See e.g.*, 18 U.S.C. § 2702(b)(1)-(3); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004). Where a party has initiated litigation, they should be compelled to consent to reasonable discovery. In *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008),[1] a party contended that neither the opposing party (through a subpoena) nor the court (through an order) could compel the

---

[1] Within the *Flagg* opinion, there is some interesting discussion of Ninth Circuit case, some unfavorable; although the unfavorable Ninth Circuit case was subsequently reversed by the United States Supreme Court. *See Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 903 (9th Cir. 2008), *rev'd and remanded sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746, 130 S.Ct. 2619 (2010).

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 5
13-CV-675RSM
5701784.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

information carrier "to produce the contents of any communications it might still retain under its contract to provide text messaging services to the City of Detroit." *Id.* at 350. The court equated the situation presented to that where the materials sought to be discovered were in the actual possession of the party, holding:

> Although Plaintiff chose third-party subpoenas as the vehicle for seeking the production of SkyTel text messages, the Court finds it instructive to consider whether Plaintiff could have achieved the same objective through an ordinary Fed.R.Civ.P. 34 request for production directed at the Defendant City. As discussed below, the Court answers this question in the affirmative.

*Id.* at 352.

> [A] party has an obligation under [Federal Rules of Civil Procedure] Rule 34 to produce materials within its control, and this obligation carries with it the attendant duty to take the steps necessary to exercise this control and retrieve the requested documents.... [A] party's disinclination to exercise this control is immaterial, just as it is immaterial whether a party might prefer not to produce documents in its possession or custody.

*Flagg*, 252 F.R.D. at 363.

The court continued:

> It is a necessary and routine incident of the rules of discovery that a court may order disclosures that a party would prefer not to make.... [T]his power of compulsion encompasses such measures as are necessary to secure a party's compliance with its discovery obligations. In this case, the particular device that the SCA calls for is 'consent,' and [the defendant] has not cited any authority for the proposition that a court lacks the power to ensure that this necessary authorization is forthcoming from a party with the means to provide it. Were it otherwise, a party could readily avoid its discovery obligations by warehousing its documents with a third party under strict instructions to release them only with the party's "consent."

*Id.*

Ultimately, the *Flagg* court instructed the party issuing the subpoena to reissue the subpoenas as a request for production to which the responding party had to provide responsive documents. *Id.* at 366. This is the very relief sought in Defendants' motion to compel, *See* Dkt. No. 54.

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 6
13-CV-675RSM
5701784.doc

LEE·SMART
P.S., Inc. • Pacific Northwest Law Offices
1800 One Convention Place • 701 Pike Street • Seattle • WA • 98101-3929
Tel. 206.624.7990 • Toll Free 877.624.7990 • Fax 206.624.5944

Du Wors is aware that Joyce Schweickert is not a party to this particular action, however, Du Wors believes that this Court has the authority to compel Plaintiff, Jennifer Schweickert, to "consent" to disclosure of documents in the subpoenas (including those emails between herself and Joyce Schweickert), just like it has the power to compel a party to "consent" to turn over documents in response to a request for production. Plaintiff has averred she no longer has possession and control of her responsive emails and refuses to produce them. *See* Dkt. No. 57, 3-3. Du Wors would not have sought production from third parties, including Joyce Schweickert, if Plaintiff had produced emails properly and timely requested under Rule 34. Du Wors recognizes that the subpoenas may be too broad, and would willingly narrowly tailor the scope of documents sought for purposes of this litigation. However, Plaintiff should not be able to avoid discovery by claiming that no emails exist, then withholding her "consent" to obtain any potentially responsive documents that the internet provider may possess and which are within her control, simply because she has warehoused them with a nonparty provider. As such, the Court should permit Du Wors to provide Apple and Google with a more narrowly-tailored set of guidelines as to the documents sought, and order Plaintiff to consent to the subpoena, including relevant emails between herself and Joyce Schweickert, so that discovery can be appropriately concluded.

C. **Sanctions against Du Wors are not warranted.**

Du Wors's subpoenas for electronic correspondence were made in good faith and are sought to defend his case. Joyce Schweickert and T. Jeffrey Keane have not provided any facts that warrant any sanctions. The court may reject an award of terms or sanctions if it would be unjust. *See generally* CR 37(a). Therefore, this court should deny Joyce Schweickert and T. Jeffrey Keane's motion for terms.

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 7
13-CV-675RSM
5701784.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## VI. CONCLUSION

For the reasons set forth above, Joyce Schweickert's and T. Jeffrey Keane's Motion to Quash Subpoenas and for Sanctions should be denied.

Respectfully submitted this 22nd day of September, 2014.

LEE SMART, P.S., INC.


By: /s/ Sam B. Franklin
Sam B. Franklin, WSBA No. 1903
Pamela J. DeVet, WSBA No. 32882
Lee Smart, P.S., Inc.
701 Pike St, Ste. 1800
Seattle, WA 98101
Telephone 206-624-7990
Fax 206-624-5944
sbf@leesmart.com
pjd@leesmart.com
Attorneys for Defendants Du Wors

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 8
13-CV-675RSM
5701784.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
yurchaklaw@gmail.com

Mr. Mark D. Kimball
Law Office of Mark Douglas Kimball, P.S.
10900 Northeast Fourth Street, Suite 2030
Bellevue, WA 98004
mark@mdklaw.com

Mr. Joel B. Ard
Foster Pepper, LLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
ardjb@foster.com

Mr. T. Jeffrey Keane
Keane Law Offices
100 NE Northlake Way, Ste. 200
Seattle, WA 98105
tjk@tjkeanelaw.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 22nd day of September, 2014, at Seattle, Washington.

*Marie V. Sharpe*
Marie Vestal Sharpe, Legal Assistant

DEFENDANT JOHN DU WORS' OPPOSITION TO
JOYCE SCHWEICKERT'S AND T. JEFFREY
KEANE'S MOTION TO QUASH SUBPOENAS AND
FOR SANCTIONS - 9
13-CV-675RSM
5701784.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944