1

2

3

4                                                                          Hon. Ricardo S. Martinez

5

6

7                             UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON AT SEATTLE
8

9    JENNIFER P. SCHWEICKERT,

10            Plaintiff,                                No. 13-CV-675-RSM

11        vs.                                          DEFENDANT JOHN DU WORS'
                                                       MOTION FOR SUMMARY JUDGMENT
12   HUNTS POINT VENTURES, INC.; HUNTS
     POINT VENTURE GROUP, LLC; CHAD
13   and ELIZABETH RUDKIN, and their marital           NOTED FOR HEARING:
     community comprised thereof; JOHN DU              NOVEMBER 7, 2014
14   WORS and AMBER DU WORS, and their
     marital community comprised thereof; and
15   DOES 1-4,

16            Defendants.

17                                  **I. RELIEF REQUESTED**

18            Pursuant to Fed.R.Civ.P. 56, defendants John and Amber Du Wors ("Du Wors") move

19   to dismiss all claims alleged against them by plaintiff, Jennifer P. Schweickert ("Schweickert")

20   in the Amended Complaint for Damages ("Complaint").  (Dkt # 15).

21            Schweickert alleges against Du Wors claims of Fraud in the Inducement, Conspiracy to

22   Commit Fraud and Interfere with Contractual Rights, Negligent Misrepresentation, and

23   Interference with Contractual Rights.  (*Id.*).  These claims all arise out of a $200,000 loan

24   Schweikert made to defendant Hunts Point Ventures Inc. ("HPV").  (*Id.*)  HPV is a Washington

25   corporation in receivership.  (Dkt # 26).

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 1
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Schweickert offers inconsistent sworn testimony, and fails to raise any genuine issues of material fact regarding her lack of support for the elements of her claims against Du Wors. Schweickert's claims against Du Wors should, therefore, should be dismissed with prejudice.

## II. STATEMENT OF FACTS

Schweikert alleges that Mark Phillips ("Phillips") owned certain intellectual property, and that disputes arose between Philips and his company MOD Systems, Inc., resulting in litigation. (*Id.* at ¶ 9).[1]  Schweickert alleges that, in order to protect this property, he organized HPV together with his friends, Steven Schweikert, Doug Lower, Kenn Gordon, and Chad an Elizabeth Rudkin.  (*Id.* at ¶ 10).   Schweickert is cousin of one of the founders of HPV, Mr. Schweickert and a friend of Phillips. (*Id.* at ¶ 15).  HPV retained the services of Du Wors to prosecute the IP violations alleged by HPV against MOD Systems. (*Id.* at ¶ 11).  The claims alleged by Schweickert all relate to alleged statements made in a telephone phone call that that occurred in April of 2011. (Dkt # 15 at ¶¶ 16-23); Declaration of Sam B. Franklin ("*Franklin Decl.*"), Ex. 1 at 27:2-8, 34:24.  Schweickert alleges that, following these discussions, she decided to invest in HPV, and wired $200,000 to HPV to obtain an ownership interest in HPV. (*Id.* at ¶ 26-27).  Schweickert alleges that HPV declined to recognize her ownership interest, and that she is suing to recover the lost $ 200,000.

The representations that Schweickert alleges were made by Du Wors were also representations made by Mr. Steve Schweickert, Schweickert notably did not file a lawsuit against Steve Schweickert because her mother undertook to indemnify Mr. Schweickert against any claims Schweickert might bring against him. *Franklin Decl.*, Ex. 2 at 88:23-89:17.

---

[1] Schweickert's claims against Du Wors are part of a larger scheme by Schweickert's fiancé, Mark Phillips, who has initiated a series of lawsuits (both *pro se* and with counsel) against a vast number of defendants, including Du Wors, following his conviction on seven felony counts.  *See United States v. Phillips*, CR 10-0269-JCC, 2013 WL 3892923 (W.D. Was. July 26, 2013) (slip op.); *Phillips v. Cane*, C13-596 RSM, 2013 WL 4049047 (W.D. Wash. Aug. 9, 2013) (slip op.); *Phillips v. Chad Harold Rudkin*, et. al., No. 13-2-07233-5 (King Co. Superior Ct.); *Phillips v. Acheson*, No. 13-9-28329-3 (King County Superior Ct.); *Phillips v. Hunts Point Ventures, Inc.*, No. 13-2-20353-7 (King Co. Superior Ct.); *Phillips v. Bay et. al.*, No. 13-2-35644-9 (King Co. Superior Ct.).

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 2
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    **A.      Procedural history.**

2          On April 15, 2013, Schweickert filed her initial verified complaint for damages against

3    Du Wors, claiming fraud and conspiracy against Du Wors. (Dkt # 1).

4          On July 23, 2013, Schweickert filed a Stipulated Motion for Leave to Amend

5    Complaint, amending her complaint to include a negligent misrepresentation claim against Du

6    Wors, as well as changing her fraud claim to fraud in the inducement. (Dkt # 13).   This

7    stipulated motion was granted, (Dkt # 14), and Schweickert filed her verified Amended

8    Complaint on July 24, 2013. (Dkt # 15).  In her Amended Complaint, Schwieckert alleges the

9    following causes of action against Du Wors:

10         1.      Fraud in the Inducement: Schweickert claims that Mr. Du Wors made material

11   representations of fact that he knew were false with the intent that Schweickert would act upon

12   those representations.

13         2.      Conspiracy to Commit Fraud and to Interfere with Contractual Rights:

14   Schweickert claims Du Wors and Rudkins conspired to book Schweickert's $200,000.00 loan

15   to HPV as an angel investment for the unlawful purposes of misappropriating the money based

16   upon misrepresentations that defendants knew were false.   Schweickert further claims that Du

17   Wors and Mr. Schweickert conspired to induce Schweickert into a loan that would not be

18   repaid, and a security agreement that would not be honored, by telling Schweickert that she

19   needed to hurry to invest in HPV.

20         3.      Negligent Misrepresentation:  Schweickert claims that, in the course of inducing

21   her into executing the note, and in preparing the note, Du Wors had a pecuniary interest in the

22   property.   Schweickert alleges that Du Wors informed her that he intended to use her loan to

23   HPV to cover the costs of Mr. Phillips criminal trial and other matters which would then allow

24   Du Wors to proceed with the patent infringement litigation on behalf of HPV.

25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 3
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

4.    <u>Interference with Contractual Rights</u>:[2] Schweickert alleges that Du Wors, Rudkins and Hoover interfered with her contractual rights with HPV by agreeing to a plan to consolidate the ownership and assets of HPV amongst themselves by disavowing the existence of any other shareholder and eliminating any claims from any other creditor.

On August 14, 2013, Du Wors filed his Answer and Affirmative Defenses to the Amended Complaint. (Dkt # 18).

On February 13, 2014, Schweickert filed a Second Motion to Amend Complaint. (Dkt # 29).   The Court has not entered an order granting leave to amend and no Second Amended Complaint has been filed.

**B.    Schweickert's deposition testimony repeatedly conflicts with her verified complaints regarding the alleged "material misrepresentations."**

Schweickert bases her claim against Du Wors on a 20-minute phone conversation in which she claims he made the following misrepresentations:

**1.    HPVG was a formed viable entity.**

Schweickert claims Du Wors' first material misrepresentation was that HPVG, LLC was formed as a viable entity to grant equity interests to certain individuals as promised in the note according to its participation schedule. Schweickert claims this representation was material because she believed she was obtaining an equity interest in an entity that would confer upon her a future economic expectancy and she would not have otherwise agreed to enter into the note. *See*. (Dkt # 29, pg. 75).

On September 12, 2014, in Schweickert's first deposition, she gave testimony which conflicted with her verified complaint.   It was clear from her deposition testimony that, during the April 22nd phone conversation with Du Wors and Steve Schweickert, she understood that

---

[2] As addressed below, Schweickert has not properly pled this cause of action, Du Wors contends it is improperly pled and will only address this claim at the Court's direction.

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 4
13-CV-675RSM
5708222.doc

**LEE · SMART**
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

HPVG was a formed entity, but that it also was still in the beginning stages. She knew she

would have an interest in HPVG, but that was about it:

Q. All right. Take me through that call, if you would, Schweickert. So you get the call and you answer the phone. And I assume the first voice you hear is Steve's.

A. Steve introducing me to Du Wors. We say hello. Du Wors introduced himself. He talks about –what he did—well, I asked him—he said, "what can I do for you?"

And I said, "Steve's telling me about HPV. He's told me wonderful things. What is your role?"

He explained what his role was. He went into a little bit of a thing about what patent trolling is, and that took up about five minutes. And then I asked him how the corporation would be run, how profit sharing would work, how all these pieces of Hunts Point Ventures and all the little, you know, cluster constellation that we have that we're trying to set up, how that would all work, who would get paid first.

And my general understanding and remembering of the call was that it was still kind of a new concept. They had just formed HPVG, but they didn't really—it wasn't a well-oiled machine yet.

So I was told what things were going to be like in theory, and that my investment in the company would allow for Du Wors to get everything running up to speed and to start prosecuting patents, but that a big chunk of my investment would go to pay down the balance due on Mark's criminal defense.

Q: Okay.

A: But that once that was taken care of, then it would free Du Wors up to then vigorously prosecute the patents so that we were, you know, going to be able to make a lot of money.

*Franklin Decl.* Ex. 1 at 28:16-29:20.

Despite being clear in her complaint that her shares were in HPVG, throughout her

deposition testimony, Schweickert interchanged HPV and HPVG, stating that they were the

same thing for all "intents and purposes". *Franklin Decl.* Ex. 2 at 127:1-11.

Prior to initiating the lawsuit, Schweickert contacted Du Wors about her shares in

HPVG and HPV, even though her promissory note specifically outlines that any shares she is

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 5
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

entitled to are with HPVG, not HPV. *Franklin Decl.* Ex. 3 and 4. Du Wors responded accordingly, asking Schweickert to provide the agreement in which she believes her shares in HPV stem from. *Franklin Decl.* Ex. 5. Schweickert responded by filing this lawsuit. In her deposition she specifically states that her only claim from ownership of HPV stem from the original promissory note and agreement that states she is entitled to shares in HPVG (not HPV). She states "whichever company owned the intellectual property. Whether that was HPV or HPVG didn't matter at the time to me, as long as I was covered." *Franklin Decl.* Ex. 2 at 157:5-16.

### 2.  Allegations regarding profit sharing between HPV and HPVG.

Schweickert alleges Mr. Du Wors' second material misrepresentation of fact was that she would benefit in profit sharing between HPV and HPVG as an equity holder in HPVG. Schweickert states she was led to believe that the goal of the formation of HPV was to assist Phillips. Schweickert states that Mr. Du Wors orally represented that the majority of her loan would go to pay for Mr. Phillips' mounting legal fees, and that Du Wors assured her that her loan would allow him to vigorously pursue any patent violations, thereby helping HPV recover money through settlements for Mr. Phillips' direct benefit and the benefit of HPVG's shareholders. Schweickert claims this representation was material because she believed she would participate in an equity sharing scheme between HPV and HPVG, and that even if this expectancy did not come to fruition, she was led to believe the parties would at least attempt to execute upon this strategy for any patent violations that Du Wors prosecuted. (Dkt # 29 at 76).

It was clear from Schweickert's deposition testimony that she did not know what the profit sharing schedule between HPV and HPVG was at the time of the April 2011 telephone conversation with Du Wors. In fact at that time she did not even think it had been structured.

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 6
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  When asked what knowledge she had regarding the profit sharing agreement between HPV and

2  HPVG, Schweickert stated:

3

4        A. No. I did not know the details of that. And I didn't know what
   payments would be made out of HPVG versus out of HPV. You know, it was a

5   waterfall schedule, however they wanted to set that up, and I wasn't privy to
   that. I don't think it was structured yet....

6  *Franklin Decl.* Ex. 1 at 66:20-67:6.

7        When asked if Du Wors ever quantified the amount of money Schweickert could make

8  off her investment, she said they made some jokes about "a lot of money," but there was never

9  an attempt to quantify that amount. *Franklin Decl.* Ex. 1 at 68:5-10.

10       While Schweickert claimed that the prosecution of patent violations would directly

11 benefit the shareholders of HPVG, it was clear from her deposition that she knew that her

12 investments came with risks, especially if the patent trolling was not successful:

13       Q.  You knew with regard to your investment that largely it was going to go to
           pay Du Wors, didn't you?
14
         A.  With that investment, yes. But that further patent litigation would pay me
15          back. That was his assurance.

16       Q. Well, are you saying that he guaranteed HPV's performance?

17       A.  Yes. Yes, he did.  He guaranteed his abilities, and he guaranteed that he
           would be able to follow through with making sure that HPV was available
18          thing to go after pursuing patents. That was his thing. He was all excited
           about it.
19
         Q. Anything else that he guaranteed? Anything else?
20
         A.  Look, I'm not sure what you're trying to make me say with your tricky
21          question.

22       Q. I don't think—

23       A. But Du Wors made assurances. Of course nobody makes guarantees.

24       Q. Including Du Wors? He didn't make guarantees to you, did he? Did he say, "
           I guarantee you that we're going to realize millions of dollars"?
25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 7
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1     A. That would be stupid. No, he would never do that.

2  *Franklin Decl.* Ex. 2 at 144:15-145:10.

3     In her second deposition, Schweickert was asked whether she knew there were risks in

4  investing in HPV, and Schweickert responded: "Well, of course everyone understands that

5  when they make an investment. But it's not gambling." *Franklin Decl*. Ex. 2 at 134:21-25.

6              **3.   Schweickert's loan would be used to pursue patent violations.**

7     Schweickert claims that Mr. Du Wors' third material misrepresentation of fact was that

8  he would use Schweickert's loans to pursue patent violations, because he intended the loan to

9  pay him for his past services and not for future legal services. Schweickert claims Mr. Du Wors

10 knew this was false and had no intent to use those funds to actively pursue patents violations,

11 and that Mr. Du Wors used Schweickert's capital almost immediately upon it being deposited

12 for his work in defending plaintiff (Phillips) against MOD. Schweickert states this was a

13 material representation because she believed she would participate in an equity sharing scheme

14 between HPV and HPVG, and that even if this expectancy did not come to fruition, she was led

15 to believe the parties had formulated and would at least attempt to execute upon this strategy

16 for any patent violations that Mr. Du Wors prosecuted. *See* (Dkt # 29, pg. 76).

17    Not only is this fact demonstrably true, as Du Wors filed multiple patent infringement

18 actions after Schweickert made her loan, *see Franklin Decl.* Ex. 6, but, it was made clear

19 throughout Schweickert's depositions that she was aware of how her loan would be used.

20 Schweickert admitted in her first deposition on September 12, 2014 that she was specifically

21 told by Du Wors:

22    1. That a majority of her investment would go to pay Du Wors legal fees and
         costs incurred on Phillips' cases;
23

24    2.  Payment of Phillips legal fees and costs would allow Du Wors to pursue
         patent enforcement claims for HPV;

25    3. Schweickert knew that Du Wors did initiate at least two (2) infringement

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 8
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1       cases. (in fact four were commenced, *Franklin Decl*. Ex. 6).

2 *Franklin Decl*. Ex. 1 at 44:8-45:10; 56:22-57:25.

3       In her second deposition on October 3, 2014, Schweickert inexplicably still apparently

4 contended that Du Wors did not use the invested funds as promised. She admits that a majority

5 of the funds were used to pay current bills incurred by Phillips, that patent enforcement

6 litigation was commenced, and settlements resulted, which were disappointing in her opinion.

7 *Franklin Decl*. Ex. 2, pg. 119, Lines 1-25; Pg. 120-121; Pg. 121, Line 10.

8       **4.   Allegation that time was of the essence for Schweickert to make her
loan or she would lose the final slot to invest.**

9

10       Schweickert claims Mr. Du Wors' fourth misrepresentation was that another investor

11 was lined up to invest $100,000.00 and time was of the essence for Schweickert to immediately

12 act or she would lose the final slot to invest.   Schweickert claims this representation was

13 material because Mr. Du Wors contrived another circumstance to incentivize Schweickert into

14 making the loan based upon the false representation of the scarcity of opportunity to invest. *See*

15 (Dkt # 29, pg. 77).

16       In ¶ 56 of her verified complaint, Schweickert verifies that it was Steve Schweickert

17 that made this representation, not Du Wors, writing.   *See* (Dkt # 15, ¶56) ("Mr. Du Wors

18 instructed Steve Schweickert to represent that Sandy Hoover was going to invest and there was

19 only one "slot" to be invested.  Mr. Schweickert misrepresented that Ms. Hoover was "going"

20 to invest and take the "final" slot"). She also states in her September 12, 2014 deposition that it

21 was Mr. Schweickert, not Du Wors, who stated she needed to beat Sandy Hoover to this

22 opportunity:

23     Q. And Steve also was the one who told you that you need to beat Sandy Hoover
       to this; otherwise , she's going to beat you out of this opportunity?  That was
       Steve who told—

24     A. Yes, there was some pressure there.

25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 9
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Franklin Decl.* Ex. 1 at 66:2-5.

And finally, she admits in that same deposition, that she was the last investor in HPV:

Q. I gather from you testimony that the only source of income that was discussed on the occasion of this conversation on April 22nd, 2011 was the income which would be anticipated from the patent-trolling operation. Correct?

A. To my knowledge. But I mean, it had room for growth, and I was under the impression I would be the last investor.

Q. Okay. Do you have any reason to believe that you weren't the last investor?

A: No.

Q: In fact, you probably were, weren't you?

A: I think so. I was supposed to help pay off, you know, some of the balance for Mark's criminal defense, and then that would free up the company. And then once they got their settlement from Digicor, they would have more money and then they'd be fine, they'd be off and running.

*Franklin Decl.* Ex. 1 at 38:7-21.

### 5. Allegations that Phillips was a shareholder, director and officer with a 30% interest in HPV.

Schweickert claims that Mr. Du Wors' fifth misrepresentation was that he told Schweickert that Phillips was a shareholder, director, and officer of HPV with at least a 30% interest in the company as well as an economic and voting member. Schweickert claims Du Wors stated that Phillips would lead the patent and IP development when released from federal custody. Schweickert claims that Du Wors knew these statements were false and knew Schweickert would not have otherwise been induced into the note and loan HPV money without relying on those specific statements and promises. Schweickert claims these representations were material because she would not have entered into the note without the assurance that Phillips was an integral part of HPV and the prosecution of his patents. *See* (Dkt # 29, pg. 77).

Schweickert's deposition testimony paints a different picture than her verified complaint as to her knowledge of Phillips's role in HPV. Schweickert could not have possibly

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 10
13-CV-675RSM
5708222.doc

1   thought Phillips was on the board at the time of her investment, or in control of HPV, because

2   he was in prison at that time.

3
4       Q.  You knew at this time, that is, in April of 11, that Mark had actually been
            convicted on March 2nd, didn't you?

5       A. Yes.

6       Q.  And I don't recall that he'd been sentenced yet, but did you have any
            understanding of – strike that.
7
8       Q.  Did you talk with Mr. Du Wors at all about what Mark's situation was with
            regard to what anticipated sentence or disposition he might be looking at?

9       A.  It might have been mentioned.  I wasn't worried about that.  It was a four-
            year sentence, or you know—and I don't remember when I knew that, if I
10           knew that during the phone call or not.  But I had confidence that it wasn't
            going to be that long, that he'd be out and running the company.
11
    *Franklin Decl.* Ex. 1 at 32:7-19.
12
13          When asked about her allegations at paragraph 48 of her verified complaint, *See*

14  (Dkt. # 1), Schweickert makes it clear in her deposition, contrary to her verified complaint, that

    she knew Phillips would was not a part of the board when she invested in HPV.
15
16      Q.  So going back to paragraph 48.  You say in here in your Complaint, "Steve
            Schweickert misrepresented to plaintiff that she would be given shares in
            HPV and HPVG that Mr. Phillips would be a shareholder and director of
17           HPV and HPVG."

18      A. Yes.

19      Q. Now, what you're saying there is that Steve Schweickert was telling you,
           "Look, even though the shares were issued to me and Joyce, Mark is going
20           to be a shareholder, and officer and director."

21          Is that correct?

22      A. Yes.

23      Q.  And you knew that they weren't going to be able to put those shares in
            Mark's name until he got clear of his criminal matter? You knew that?
24
        A. Yes.
25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 11
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    Q. Pardon?

2    A. Yes. Yes. I'm aware of that. That was the whole point of doing this.

3   *Franklin Decl.* Ex. 1 at 64:3-21.

4    Schweickert admits that Phillips was never on the board of HPV, yet she still made her

5   investment.

6    Q. Had Mark ever been on the board? (of HPV)

7    A. Well, isn't this—where it this? I'm looking here…

8        Active member, manager, Steve. Mark Phillips—oh, I guess they were
      planning on it, because he was obviously indisposed with prison. But the
9       intent was to make sure that once he got out, that he would be in charge of
      everything.

10
    *Franklin Decl.* Ex. 1, Pg. 79, Line 11-24.

11
     Schweickert changed her testimony again on the second day of her deposition on

12
    October 3, 2014.   When defense counsel revisited the above statements regarding Phillips

13
    position at HPV, Schweickert completely recanted many of her previous statements.

14
     Q. Well, let's take a look at your deposition testimony, if you want to challenge
15      it.  But let me ask you this: When you talked to Steve and John on April the
      22nd, was it your understanding that at that time Mark did not have an
16      ownership interest of record in HPV?

17    A. I don't remember saying that.

18    Q.  Well, what was your understanding when the time—

19    A. My understanding at the time that I spoke on the phone with Du Wors and
      Steve?

20
     Q. Right.

21
     A. I understood that Mark was the head honcho of this whole thing, that
22      everything that we were doing was at his request, that he was running the
      show, that he was an officer and director, and that whatever limits he had
23      was simply because he was in prison, and that as soon as he got out he
      would resume that place, but that everybody else that was involved in Hunts
24      Point Ventures was doing as he directed.

25    Q. And how was he directing that?  From prison?

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 12
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1     A. Honestly, I was living in California. My mother was living in Texas. Steve
2          was living in Seattle the whole time, we believed, because he was on the
          phone with Mark all the time talking with Du Wors…

3   *Franklin Decl.* Ex. 2 at 113:8-114:5.

4       When asked about her previous answer to the question of whether she knew that HPV

5   would not going to be able to put shares of HPV into Phillips's name until he got clear of his

6   criminal matter in her previous deposition, Schweickert replied "yes." Schweickert stated that

7   she must have misunderstood the question and "spaced out" during her previous deposition.

8   *Franklin Decl.* Ex. 2 at 114-118. She went on to say she had heard from Chad Rudkin that

9   Phillips could not have shares in HPV with a criminal record, in Spring 2013, not during the

10  April 2011 conversation. *Id.*

11       Again, Schweickert demonstrated her lack of factual support to the allegations made in

12  her verified complaint when asked about her allegation that Du Wors specifically told her that

13  Mark Phillips was a shareholder, director, and officer of HPV with at least **30 percent interest**

14  in the company. Schweickert was asked how those facts, specifically the 30% ownership

15  interest was communicated to her by Du Wors, in which she replies "I don't know. I don't

16  actually—that 30 percent doesn't mean anything to me now … I think it's just a number that I

17  threw out." *Franklin Decl.* Ex. 2 at 139:14-140:20.

               **6.**    **Allegation that Du Wors counseled Rudkins to book Schweickert's**
18                     **loan as an angel investment.**
19
       Schweickert does not have factual support to prove this allegation, except a hearsay
20
   representation made to her by her fiancé Phillips, who as described above has ulterior motives
21
   in this action.
22
       When asked in her second deposition session where she gained the understanding that
23
   Du Wors had told Rudkin's to book her loan as an "angel investment," Schweickert admits she
24
   heard about this from a conversation with Phillips, and that he had "discovered it". *Franklin*
25

*Decl.* Ex. 2 at 141-142.  But that she did not have a good understanding of what it meant, and that Phillips had explained it to her.  *Id.*  This hearsay should be stricken, leaving no evidence of this allegation.

## III.  LEGAL ARGUMENT AND AUTHORITIES

### A.  Summary judgment standard.

Federal Rule of Civil Procedure 56(a) permits parties to move for summary judgment on all or part of their claims. Summary Judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (9th Cir.1994) (internal citations omitted).

The moving party bears the initial burden of production and the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir.2000). The moving party must initially establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party defeats a motion for summary judgment if she "produces enough evidence to create a genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1103. By contrast, the moving party is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 345 (9th Cir.1995). "[T]he inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Karpenski v. Am. Gen. Life Companies, LLC*, 999 F.Supp.2d 1218, 1227-28 (W.D. Wash. 2014), *reconsideration denied*, 999 F.Supp.2d 1235 (W.D. Wash. 2014).

### B.  Washington law governs.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2          Under the *Erie* Doctrine, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and

3    *Gasperine v. Center for Humanities, Inc.*, 518 U.S. 415 (1996), in diversity cases, the federal

4    district courts apply the substantive laws of the state in which they are located, except on

5    matters governed by the Constitution or federal statute.  Thus, this Court applies the substantive

6    law of Washington to the present case.

7          **C.    Schweickert is unable to meet the standard for clear, cogent, and**
           **convincing evidence, and the conflicting testimony in Schweickert's verified**
8          **complaints and deposition testimony.**

9          As discussed more fully below, almost all of Schweikert's claims requires the elements

10   to be supported by "clear, cogent, and convincing evidence."

11         Clear, cogent, and convincing evidence is a quantum of proof that is less than
           "beyond a reasonable doubt," but more than a mere "preponderance." It is the
12         quantum of evidence sufficient to convince the fact finder that the fact in issue is
           "highly probable."

13         When weighing summary judgment in a civil case in which the standard of
           proof is clear, cogent, and convincing evidence, the court determines whether a
14         rational trier of fact could find from the evidence in the record that the
           nonmoving party satisfied this evidentiary burden.
15
     *Tiger Oil Corp. v. Yakima Cnty.*, 158 Wn. App. 553, 562, 242 P.3d 936, 940 (2010) (citations
16
     omitted).  *See also Kitsap Bank v. Denley*, 177 Wn. App. 559, 569-70, 312 P.3d 711 (2013).
17
           A party will generally be unable to support the required standard of clear, cogent, and
18
     convincing evidence where the party offers self-contradictory testimony.  *See e.g., Miller v.*
19
     *Tietz Const. Co.*, 46 Wn.2d 180, 182, 279 P.2d 641, 642 (1955) ("burden was upon respondent
20
     to prove the elements of his case by clear, cogent, and convincing evidence. In view of the
21
     direct conflict in the evidence, we cannot say that respondent proved that actionable
22
     misrepresentations were made prior to the execution of the contract"); *Rolph v. McGowan*, 20
23
     Wn. App. 251, 255–56, 579 P.2d 1011(1978) (clear, cogent and convincing standard did not
24

25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 15
13-CV-675RSM
5708222.doc

require plaintiff's proof be uncontradicted; but standard was not met where the only evidence consisted of uncorroborated conflicting testimony of parties).

In addition, once a party has provided unambiguous sworn testimony, that party cannot later raise a genuine issue of material fact by asserting contradictory testimony. *McCormick v. Lake Wash. Sch. Dist.*, 99 Wn. App. 107, 111, 992 P.2d 511 (1999) ("Self-serving affidavits contradicting prior depositions cannot be used to create an issue of material fact"); *Mut. of Enumclaw Ins. Co. v. Archer Const.*, 123 Wn. App. 728, 734, 97 P.3d 751 (2004) (to extent subsequent declaration contradicts prior testimony, a genuine issue of material fact on the issue does not arise); *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 430, 38 P.3d 322 (2002) (same); *Marshall v. AC&S, Inc.*, 56 Wn. App. 181, 185, 782 P.2d 1107 (1989) (same).

Schweickert repeatedly provides conflicting testimony in her verified complaints and deposition testimony, which does not raise a genuine issue of material of fact, but precludes her from meeting the "clear, cogent, and convincing" evidence standard.

### D.    Fraud in the Inducement and Negligent Misrepresentation

Schweickert's claims against Du Wors for Fraud in the Inducement and Negligent Misrepresentation go hand in hand, as she is claiming Du Wors purposefully made certain false representations to her in order to induce her into investing in HPV.

#### 1.    Fraud in the Inducement

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." CR 9(b).  To establish fraud, Plaintiff has to demonstrate: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) speaker's intention that it shall be acted upon by the plaintiff; (6) plaintiff's ignorance of falsity; (7) reliance; (8) right to rely; and (9) damages; and each element must be

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 16
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

proven by clear, cogent, and convincing evidence. *Chen v. State*, 86 Wn. App. 183, 188, 937 P.2d 612 (1997).

The representations Schweickert claims Du Wors made are, at most, promises of future performance which cannot constitute "representations of an existing fact" necessary to sustain a claim of fraud. *Adams v. King Cnty.*, 164 Wn. 2d 640, 662, 192 P. 3d 891 (2008) ("a false promise does not constitute the representation of an existing fact"). *Stiley v. Block*, 130 Wn. 2d 486, 505-06, 925 P.2d 194 (1996).

### 2.   Negligent Misrepresentation.

With respect to negligent misrepresentation, a plaintiff must prove (1) False information; (2) That was negligently obtained or communicated to the plaintiff by the defendant; (3) The defendant knew or should have known the plaintiff would rely on the false information; (4) The plaintiff did in fact rely on the false information; (5) The plaintiff's reliance was reasonable; and (6) The false information proximately caused the plaintiff's damages. *Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701 (2007). Proof of this tort must be by clear, cogent and convincing evidence. *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 179-81, 876 P.2d 435 (1994). Justifiable reliance is defined as reliance reasonable under the surrounding circumstances. *Shah v. Allstate Ins. Co.*, 130 Wn. App. 74, 121 P.3d 1204 (2005).

Du Wors challenges the sufficiency of Schweickert's evidence as to each and every of the five material misrepresentations Schweickert claims Du Wors made. Schweickert is unable to demonstrate that a genuine issue of material fact remains for the jury to consider at trial.

### a.   Allegations that HPVG was a formed viable entity

Schweickert cannot prove the elements of negligent misrepresentation regarding this statement, as the statement was true. On April 22, 2011, HPVG was a legal entity, and Schweickert was communicated as to its purpose. Schweickert clearly testified that she

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 17
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

understood that HPVG was a formed entity, but that it was not yet a well-oiled machine. *Franklin Decl.* Ex. 1 at 28:16-29:20.   Schweickert repeatedly admitted in both her verified complaint and deposition that HPVG was more of a concept at the time of her investment and not an up and running company. *Id.*, Ex. 1 at 66:20-67:6.   There was no misunderstanding by Schweickert as to HPVG and its legal status or its as-yet vague and undetermined relationship to HPV.

Schweickert also fails to prove all the elements of fraud regarding this statement.   As stated above, this statement was not false, which defeats elements 3-9 of a fraud claim.

**b.   Allegation that Schweickert would benefit from profit sharing between HPV and HPVG**

Schweickert cannot prove any of the elements of negligent misrepresentation regarding this statement.   Schweickert imputes no specific statement regarding the anticipated sharing of profits realized from the patent infringement suits.

Schweickert acknowledges that she never had a clear understanding of what the profit sharing vehicle would be between HPV and HPVG.   *Franklin Decl.* Ex. 1 at 56:7-17.   And when asked if she knew the details of the profit sharing schedule she stated that "She did not know the details of the profit sharing agreement, and that at the time of the phone conversation she did not even think that it was structured yet.   *Franklin Decl.* Ex. 1 at 66:18-25. Schweickert further acknowledges that at the time this representation was allegedly made, Du Wors never made an attempt to quantify the amount of money she would make off profit sharing. *Franklin Decl.* Ex. 1 at 68: 5-10. Schweickert knew that her investment came with risks, and that Du Wors never made any guarantees to her regarding the amount of money she would make. *Franklin Decl.* Ex. 2 at 144:15-145:10.

Looking only to Schweickert's verified complaint, it is clear she was aware that there were risks with the model presented by Du Wors, stating: "… plaintiff believed that she would

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 18
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

participate in an equity sharing scheme between HPV and HPVG, and that even if this expectancy did not come to fruitation, she was led to believe the parties had formulated and would at least attempt to execute up this strategy for any patent violations Du Wors prosecuted. *See* Dkt. 15, pg. 8. Schweickert admits that she does not know if any profits were realized from the patent enforcement litigation. *Franklin Decl.* Ex. 2 at 142-144.

Schweickert simply cannot show false information was negligently communicated to her by Du Wors and that she relied on it to her detriment, defeating her negligent misrepresentation claim.

Schweickert also fails to establish the elements of fraud, not only can she not prove the information was false, but it is a promise of future performance, which cannot constitute the existing fact element necessary to sustain a claim for fraud.

> **c.  Schweickert's loan would be used to pursue patent violations**

Schweickert's third alleged material misrepresentation of fact can clearly be proved as true through both Ms. Schwieckert's own testimony, and through a review of patent violations lawsuits filed by Du Wors on behalf of HPV. Schweickert clearly stated throughout her deposition that she was told by Du Wors that her investment would be used to pay fees incurred on behalf of Mark Phillips, and then used to pursue patent litigation. *Franklin Decl.* Ex. 1 at 44:8-45:10, 56:22-57:25; Ex. 2 at 119:1-25.

Schweickert admits in her deposition that Du Wors did pursue patent litigation, but it was "not what she expected it to be." *Franklin Decl.* Ex. 2 at 121:10.  Schweickert fails to support a single element of negligent misrepresentation, as no misrepresentation was made regarding the use of Schweickert's loan.  Further, she fails to prove the necessary elements of fraud because this again is a promise of future performance which cannot constitute the existing fact element necessary to sustain a claim for fraud.

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 19
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

        **d.**    **Time was of the essence for Schweickert to make her loan or
she would lose the final slot to invest**

2

3

     In her verified complaint, Schweickert states: "Mr. Du Wors instructed Steve

4

Schweickert to represent that Sandy Hoover was going to invest and there was only one 'slot'

5

to be invested. Mr. Schweickert misrepresented that Ms. Hoover was 'going' to invest and take

the 'final' slot." *See* (Dkt # 15, ¶ 56). This alleged misrepresentation, as verified by plaintiff,

6

was not made by Du Wors, but by Mr. Schweickert. Further, Schweickert has not provided any

7

proof that Du Wors "instructed" Mr. Schweickert to make this statement. Schweickert again

8

confirmed that it was Mr. Schweickert that told her about the Sandy Hoover loan in her

9

deposition. *Franklin Decl.* Ex. 1 at 66:2-5. Clearly, Schweickert cannot prove the elements of

10

negligent misrepresentation nor fraud against Du Wors when he is not even alleged to have

11

made the statement to Schweickert. Additionally, even if Schweickert proved that Du Wors

12

made this statement, she cannot prove that it was false, as she admitted in her deposition that

13

she believes she was the last investor, again, failing to prove the first element of negligent

14

misrepresentation and the third element of fraud. *Franklin Decl.* Ex. 1 at 38:7-21.

15

        **e.**    **Allegation that Phillips was a shareholder, director and
officer of HPV with at least 30% interest.**

16

17

     Schweickert's allegations are belied by her deposition testimony. *See fact recitation,*

18

*supra.* Whether or not Du Wors made this representation to Schweickert, Schweickert cannot

19

prove she relied upon this statement based on her testimony. Phillips was in prison at the time

20

Schweickert claims this representation was made. *Franklin Decl.* Ex. 1 at 70:11-24.   In

21

Schweickert's initial deposition, under oath she claimed that she knew that shares of HPV

22

would not be in Mark's name until he cleared up his criminal matter, and that the intent was to

23

make sure he got on the board when he got out of prison, and that she knew he was not on the

24

board at the time of her investment but made the investment anyway. *Franklin Decl.* Ex. 1 at

25

79: 11-24. Less than one month later, Schweickert changed her testimony, stating that she

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 20
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

thought Mark was the head honcho, and she previously must have misunderstood or spaced out during her first deposition. *Franklin Decl.* Ex. 2 at 114-118. These conflicting statements under oath show that plaintiff cannot show Du Wors necessary elements of fraud and negligent misrepresentation by clear, cogent and convincing evidence, which is only confirmed when she states the alleged misrepresentation from Du Wors regarding Mark Phillips having at least 30% interest in HPV, was not a representation made by Du Wors, but a "number that she threw out". *Franklin Decl.* Ex. 2 at 139:14-140:20.

Schweickert has failed to prove the necessary elements for negligent misrepresentation and fraud, first, by failing to prove the representation of existing fact was even made by Du Wors, and second, that she relied upon this representation.

**E.      Conspiracy to Commit Fraud and to Interfere with Contractual Rights**

**1.      Schweickert's conspiracy claim should be dismissed for failure to prove an underlying cause of action.**

"In Washington, as elsewhere, a civil conspiracy claim must be premised on underlying actionable wrongs." *Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 Supp. 2d 1211, 1216 (W.D. Wash. 1999) (citing *W.G. Platts, Inc. v. Platts,* 73 Wn. 2d 434, 438-40, 438 P.2d 867 (1968)). A conspiracy claim fails if the underlying act or claim is not actionable. *Id.* Civil conspiracy does not exist independently and its viability hinges on the existence of a cognizable and separate underlying claim. *Gossen v. JP Morgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011). Schweickert fails to raise a genuine issue of fact to support her claims of fraud and negligent misrepresentation. For this reason alone the conspiracy claim should be dismissed.

**2.      Schweickert conspiracy claim fails as a matter of law because she has failed to provide any material facts that meet the elements of conspiracy against Du Wors.**

Like fraud, the elements of conspiracy must be proven by clear, cogent, and convincing

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 21
13-CV-675RSM
5708222.doc

evidence. *All Star Gas, Inc. of Wash. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000). To survive dismissal, plaintiff must prove that: "(1) two or more people combined to achieve an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Id.* "Mere suspicion or commonality of interests is insufficient to prove conspiracy." *Wilson v. State*, 84 Wn. App. 332, 351, 929 P.2d 448 (1996) (citing *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 529, 424 P.2d 290 (1967). Mere speculation is also insufficient to establish a claim of conspiracy. *Woody v. Stapp*, 146 Wn. App. 16, 22-23, 189 P.3d 807 (2008).

Schweickert fails to offer a cognizable claim regarding the apparent recharacterization of her investment by the Rudkins, as an angel investment. Any such internal bookkeeping entry by HPV at Rudkin's direction would not change the legal effect of the instruments granting her both a credit for claim against defendant HPV, and a legal right to an equity interest in HPVG. There is no legal damage to this action taken by co-defendant Rudkins.

Further, Schweickert does not identify how the Du Wors and Rudkins purpose was unlawful, except to say that they conspired to "commit the unlawful act of booking plaintiff's $200,000.00 loan to HPV as an angel investment." *Id.* However, in her deposition, Schweickert admits that she has no personal knowledge as to this allegation, and that it was simply relayed to her from Mark Phillips after he "discovered it" when reviewing HPV's business records. *Franklin Decl.* Ex. 2 at 141-142.

Regarding her claim for conspiracy that Du Wors and Steve Schweickert conspired to induce Schweickert into a loan they did not intend on repaying, Schweickert again does not identify facts which support her contention that Du Wors and Steve Schweickert did not intend to repay her loan. She only claims various representations were made to her in the April 2011 telephone conversation that was untrue. However, as described in detail above, she was

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 22
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

mistaken.   Notably, Schweickert has not even brought a claim of action against Steve Schweickert, due to the fact that her mother would have to indemnify him.   *Franklin Dec.* Ex. 2 at 88:23-89:17.

Even if Schweickert had provided sufficient evidence to support the unlawful purpose element (which she has not), she has provided sufficient evidence to support an agreement between Rudkin and Du Wors, and Du Wors and Steve Schweickert.   Mere suspicion or commonality of interests provides no more support for the agreement element as they do for unlawful purpose. *All Star Gas*, 100 Wn. App. at 740.

Here, Schweickert provides only speculation as to agreements between Du Wors and Rudkins, and Du Wors and Steve Schweickert.   Even when viewed the light most favorable to Schweickert, this allegation remains rank speculation.

## IV. CONCLUSION

For all the foregoing reasons, Du Wors respectfully request this Court to dismiss Jennifer Schweickert's claims against him with prejudice.

Respectfully submitted this 14th day of October, 2014.

LEE SMART, P.S., INC.

By: /s/ Sam B. Franklin
Sam B. Franklin, WSBA No. 1903
Pamela J. DeVet, WSBA No. 32882
Lee Smart, P.S., Inc.
701 Pike St, Ste. 1800
Seattle, WA 98101
Telephone 206-624-7990
Fax 206-624-5944
sbf@leesmart.com
pjd@leesmart.com
Attorneys for Defendants Du Wors

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 23
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the date provided at the signature below, I electronically filed

3

the preceding document with the Clerk of the Court using the CM/ECF system, which will

4

send notification of such filing to the following individuals:

5

6      Mr. Reed Yurchak
       Law Office of Reed Yurchak
7      40 Lake Bellevue Drive, Suite 100
       Bellevue, WA  98005
8      yurchaklaw@gmail.com

9      Mr. Mark D. Kimball
       Law Office of Mark Douglas Kimball, P.S.
10     10900 Northeast Fourth Street, Suite 2030
       Bellevue, WA  98004
11     mark@mdklaw.com

12     Mr. Joel B. Ard
       Foster Pepper, LLC
13     1111 Third Avenue, Suite 3400
       Seattle, WA  98101
14     ardjb@foster.com

15     Mr. T. Jeffrey Keane
       Keane Law Offices
16     100 NE Northlake Way, Ste. 200
       Seattle, WA  98105
17     tjk@tjkeanelaw.com

18

19

I certify under penalty of perjury under the laws of the State of Washington that the

20

foregoing is true and correct to the best of my knowledge.

21

EXECUTED this 14th day of October, 2014, at Seattle, Washington.

22

23

24     _Kimberly Potter_____ , Legal Assistant

25

DEFENDANT JOHN DU WORS' MOTION FOR
SUMMARY JUDGMENT - 24
13-CV-675RSM
5708222.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944