EXHIBIT "G"

Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>  Plaintiff,<br><br>  vs.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>  Defendants. | No. 13-CV-675RSM<br><br>DEFENDANT JOHN DU WORS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |

The defendant hereby supplements his discovery responses as follows:

## I. GENERAL RESPONSES AND OBJECTIONS

Defendant John Du Wors ("Defendant") makes the following general objections to each and every discovery request set forth in the Interrogatories and Requests for Production below ("Requests"). Nothing set out in specific objections constitutes a waiver of the following general objections:

1.    Defendant objects that the number of interrogatories exceeds that permitted by Federal Rule of Civil Procedure 33(a)(1) because of the added "discrete subparts." For

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 1
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

instance, the definition of the term "identify" adds up to ten discrete subparts to each Interrogatory in which it appears, depending upon the item sought to be identified. Defendant extend plaintiff the opportunity to decrease the number of interrogatories before Defendant is required to answer. Otherwise, Defendant will respond to the interrogatories in their current sequence, finishing at the point the maximum number of request is reached.

2.      Defendant objects to the breadth of the definitions of "Du Wors," "HPV," "HPVG," "Phillips," "Rudkins," and "Schweickert," as they include "anyone acting or purporting to act on [their] behalf or under their authority, including without limitation [their] employees, agents and representatives, and the employees, agents and representatives of [their] affiliated, parent, or subsidiary entities. Defendants will answer discovery requests as to the personal knowledge of answering Defendant, John Du Wors.

3.      Defendant objects to the definition of "IP" or "Phillips IP," as it references Defendant's Complaint, which does not exist.

4.      Defendant objects to the definition of "you" and "your," as it is defined to refer to Plaintiff despite asking for responses from Defendant.

5.      Defendant objects to the requirements set out in instruction P to the extent it goes beyond the requirements of the Federal Rule of Civil Procedure.

6.      Defendant objects to those Requests that employ words or terms that Defendant is unable to define or understand sufficiently to answer on the grounds that the requests are vague, ambiguous, and confusing.   Subject to and without waiver of these objections, Defendant will make reasonable assumptions, where possible, as to the intended meanings and will answer and respond accordingly.   If a subsequent interpretation of any Requests that differs from that assigned by Defendant, Defendant reserves the right to supplement these answers, responses, and objections based on that new interpretation.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 2
13-CV-675RSM
5711386.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

7.      Defendant's answers and responses to the Requests represent Defendant's knowledge at the time of the answers, based on discovery, investigation, and trial preparation to date.   However, discovery, investigation, and trial preparation will continue and Defendant expressly reserves the right to rely on and use at trial any further information adduces during such further discovery, investigation, and trial preparation.

8.      Defendant objects to the Requests to the extent that they seek discovery not allowed under Federal Rule of Civil Procedure 26, 33, and/or 34.

9.      Defendant objects to the Requests to the extent that they purport to summarize, re-characterize, or in fact mischaracterize facts relating to this case.   By answering or responding to any of the Requests, Defendant is not agreeing with any of the propounding party's factual statements, premises, or assertions or to the relevancy of any such matters.

10.      Defendant objects to the Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.   For the same reasons, such Requests are overly broad and unduly burdensome.

11.      Defendant objects to each of the requests for production and to the instructions and definitions thereto to the extent those requests, instructions, and definitions:

(a)      purport to call for the production of documents or information constituting, reflecting, or disclosing any information protected by any immunity or privilege, including but not limited to the attorney work product doctrine, attorney-client privilege, and/or services performed in anticipation of litigation or the rendering of legal advice;

(b)      Purport to call for the production of documents or information constituting, reflecting, or disclosing any confidential business or trade secret information;

(c)      Purport to require the production of description of documents in the possession, custody, and control of persons other than Defendant;

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 3
13-CV-675RSM
5711386.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(d)     Purport to require production or description of documents that the propounding party or its attorneys or agents already have in their possession and any documents not within Defendant's exclusive control and to which the propounding party, its attorneys, or its agents have equal or greater access;

(e)     Purport to require Defendant to produce documents that are either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence; and

(f)     Purport to impose any burden upon Defendant not required by the applicable provisions of civil and/or local rules, and/or court orders.

(g)     Defendant objects to each and every discovery request to the extent such Request calls for a "dress rehearsal" of the trial and/or calls for evidence upon which it intends to rely on to prove any fact or facts.  See *Weber v. Biddle*, 72 Wn.2d, 22, 29, 431 P.2d 705 (1967).

12.     Defendant objects to Plaintiffs' First Request for Production to the extent that said Requests for Production, through the attached definitions and/or instructions purports to impose upon Defendant additional or different obligations in responding to the Requests for Production than those imposed by the Federal Rule of Civil Procedure.  Defendant has made and will make reasonable efforts to comply with their obligations under the rules, and respond to plaintiffs' Requests for Production in good faith.

13.     Defendant further objects that, to the extent any of the interrogatories or requests in Plaintiffs' First Requests for Production require disclosure of information not possessed by Defendant and equally available to the plaintiffs from other sources.

Nothing contained in the objections, answers, or responses below is intended as, or shall in any way be deemed a waiver of, any attorney-client privilege, work product protection, right

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 4
13-CV-675RSM
5711386.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

of privacy or confidentiality, or any other applicable privilege, doctrine, or protection.  Any privileged, protected, or confidential information inadvertently disclosed in Defendant's Responses to the Requests shall not be deemed a waiver of any such privilege, protection, or confidentiality.

Defendant reserves the right to challenge the competency, relevancy, materiality, and/or admissibility of any documents it produces in response to these requests at any hearing or trial in this matter or at any subsequent proceeding.

Nothing set forth in any specific objection or response is intended as or should be construed as a waiver of any general objections or responses.  Similarly, no general objections and/or responses are intended as or should be construed as a waiver of any specific objection set forth throughout these answers and responses.

### INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** If defendant denies liability under the first cause of action in the Complaint, please state fully and in detail the reasons therefore and any and all facts in support thereof.

**ANSWER:**

Objection:    Seeks to invade the attorney-client and/or work-product privileges; not reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome; calls for legal conclusions. Without waiving these objections, Defendant states: The First Cause of Action in the Complaint is against Defendants HPV and the Rudkins, not Defendant Du Wors. Du Wors therefore denies liability.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 5
13-CV-675RSM
5711386.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**INTERROGATORY NO. 2:** If defendant denies liability under the second cause of action in the Complaint, please state fully and in detail the reasons therefore and any and all facts in support thereof.

**ANSWER:**

Objection:    Seeks to invade the attorney-client and/or work-product privileges; not reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome; calls for legal conclusions. Without waiving these objections, Defendant states: I deny making any material representations of fact to Ms. Jennifer Schweickert that I knew to be false with the intent that Ms. Schweickert would act upon those representations.

Stephen Schweickert informed me that Jennifer Schweickert was going to either invest money in Hunts Point Ventures, or Hunts Point Venture Group, or loan either of those entities money, or somehow contribute capital to one or more of those entities for the purpose of paying my attorney fee bill. I was not privy to the terms of that financial exchange.

I spoke with Ms. Jennifer Schweickert on a conference call with Stephen Schweickert, where I was asked to describe patent infringement litigation to Ms. Schweickert. I also told her that most of the money she contributed would be used to pay my attorney fees to defend Mark Phillips criminally.   There was absolutely no discussion on what kind of benefits Ms. Schweickert would receive from her monetary contribution, and I was unaware of the loan structure between Ms. Schweickert and HPV.

**INTERROGATORY NO. 3:** Is HPVG a corporation?

**ANSWER:**

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 6
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Objection.  Vague, ambiguous as to the meaning of the word "corporation"; seeks information already within possession of plaintiff.  Without waiving these objections, Defendant states: Prior to the commencement of this lawsuit, I was unaware of whether HPVG had been formed as a corporation.  I do have information that it is a LLC.

**INTERROGATORY NO. 4:** If your answer to the previous interrogatory is "yes," please provide a detailed description of the corporation, including the date of incorporation, the identity of all shareholders, the identity of all officers, and indicate whether it is licensed by the State of Washington.

**ANSWER:**

Objection.  Vague, ambiguous as to the meaning of the word "corporation"; seeks information already within possession of plaintiff.  Without waiving these objections, Defendant states: I don't know.

**INTERROGATORY NO. 5:** Is HPVG an active corporation?

**ANSWER:**

Objection.  Vague, ambiguous as to the meaning of the word "corporation"; seeks information already within possession of plaintiff.  Without waiving these objections, Defendant states: I don't know.

**INTERROGATORY NO. 6:** If your answer to the previous interrogatory is "yes," please provide a detailed description of all actions undertaken by the corporation within the last three years.

**ANSWER:**

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 7
13-CV-675RSM
5711386.doc

Please see objections and answer to Interrogatory No. 5.

**INTERROGATORY NO. 7:** Please identify each person likely to have discoverable information relevant to the claims or defenses of any of the parties in this Action, including a description of the subject matter of their relevant knowledge.

**ANSWER:**    Objection:   Seeks to invade the attorney-client and/or work privileges; overly broad and unduly burdensome; seeks information already in control of plaintiff.   Without waiving these objections, Defendant states:

The following individuals may have information relevant to the claims or defenses of any of the parties in this Action.

1.    John Du Wors
      c/o Lee Smart P.S., Inc.
      # 206-624-7990

2.    Mark Phillips
      c/o Reed Yurchak
      #425-890-3883

3.    Derek Newman
      c/o Lee Smart P.S., Inc.
      # 206-624-7990

4.    Derek Linke
      c/o Lee Smart P.S., Inc.
      # 206-624-7990

5.    Stephen Schweickert
      # 310-699-9210

6.    Chad Rudkin
      c/o Joel Ard
      Foster Pepper
      # 206-447-4400

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 8
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

7.    Doug Lower
      # 425-442-4834

8.    Joyce Schweickert
      c/o Reed Yurchak
      #425-890-3883

9.    Michael Spain
      c/o Lee Smart P.S., Inc.
      # 206-624-7990

10.   Elizabeth Rudkin
      c/o Joel Ard
      Foster Pepper
      # 206-447-4400

11.   Jennifer Schweickert
      c/o Reed Yurchak
      #425-890-3883

**INTERROGATORY NO. 8:** Please identify all persons known to you who have knowledge of the loan made by plaintiff to HPV.

**ANSWER:**   Objection:   Seeks to invade the attorney-client and/or work privileges; overly broad and unduly burdensome; seeks information already in control of plaintiff.   Without waiving these objections, Defendant states:

The following individuals may have knowledge of the alleged loan made by plaintiff to HPV:

1.    Mark Phillips
      c/o Reed Yurchak
      #425-890-3883

2.    Steve Schweickert
      # 310-699-9210

3.    Chad Rudkin
      c/o Joel Ard
      Foster Pepper

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 9
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    # 206-447-4400

2    4.    Joyce Schweickert
          c/o Reed Yurchak
3          #425-890-3883

4
5    5.    Elizabeth Rudkin
          c/o Joel Ard
6          Foster Pepper
          # 206-447-4400

7
8    6.    Jennifer Schweickert
          c/o Reed Yurchak
9          #425-890-3883

10

11   **INTERROGATORY NO. 9:** Please describe in detail any conversation you had with plaintiff

12   Jennifer Schweickert prior to her loan to HPV was made.

13   **ANSWER:** Objection:   Seeks to invade the attorney-client and/or work privileges; overly

14   broad and unduly burdensome; seeks information already in control of plaintiff.    Without

15   waiving these objections, Defendant states:

16   I spoke with Ms. Jennifer Schweickert one time on a conference call with Stephen Schweickert

17   as described in response to Interrogatory No. 2 above.

18   **INTERROGATORY NO. 10:** Did you represent HPV as an attorney at the time plaintiff

19   Jennifer Schweickert made the loan to HPV?

20   **ANSWER:** Objection:   Seeks to invade the attorney-client and/or work privileges; overly

21   broad and unduly burdensome.   Without waiving these objections, Defendant states:

22   I do not know.  I do not know when Jennifer Schweickert made her contribution.

23

24

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 10
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**INTERROGATORY NO. 11:** Did you have any role in creating and / or editing the loan documents signed by plaintiff Jennifer Schweickert in her loan to HPV?

**ANSWER:** Objection:   Seeks to invade the attorney-client and/or work privileges; overly broad and unduly burdensome; seeks information already in control of plaintiff.    Without waiving these objections, Defendant states:

No.

**INTERROGATORY NO. 12:** At the time plaintiff made the loan to HPV, what was your understanding of the purpose of HPVG?

**ANSWER:** Objection:  vague, ambiguous, and overly broad and unduly burdensome as to the meaning of the word "purpose"; object to the extent this interrogatory seeks information outside the scope of discovery. Without waiving these objections, Defendant states:

I understood that Hunts Point Venture Group would be used to act as a licensee of that intellectual property and commercially deploy products.   I was actually unaware that HPVG had even been formed prior to the commencement of the lawsuit by Jennifer Schwieckert.

**INTERROGATORY NO. 13:** Did you make any material representation to plaintiff Jennifer Schweickert regarding HPV's ability to repay her loan prior to her making the loan to HPV?

**ANSWER:** Objection:  vague, ambiguous, and overly broad and unduly burdensome as to the meaning of the word "material representations"; object to the extent this interrogatory seeks information outside the scope of discovery. Without waiving these objections, Defendant states:

No.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 11
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**INTERROGATORY NO. 14:** Please provide a detailed summary of any conversation you had with Stephen Schweickert regarding the loan made by plaintiff to HPV.

**ANSWER:** Objection: vague, ambiguous, overly broad, and unduly burdensome; object to the extent this interrogatory seeks information outside the scope of discovery. Without waiving these objections, Defendant states:

Stephen Schweickert informed me that Jennifer Schweickert was going to invest money in Hunts Point Ventures, or Hunts Point Venture Group, or loan either of those entities money, or somehow contribute capital to one or more of those entities for the purpose of paying my attorney fee bill. I was never told the terms of that financial exchange.

Stephen Schweickert told me he had two different deal documents he had given to Jennifer Schweickert and that he had signed both of them, but had not received a signed copy in return from Ms. Schweickert.

**INTERROGATORY NO. 15:** Did you tell plaintiff Jennifer Schweickert that "all of the money" that she would loan to HPV would go to pay your fees?

**ANSWER:** Objection: vague, ambiguous, overly broad, and unduly burdensome. Without waiving these objections, Defendant states:

I told Ms. Schweickert that most of the money she contributed would be used to pay my attorney fees to defend Mark Phillips criminally.

**INTERROGATORY NO. 16:** Please provide a detailed description of your role at HPV at the time that plaintiff Jennifer Schweickert made the loan to HPV, including any title or office held by you.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 12
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

**ANSWER:** Objection:  vague, ambiguous, and overly broad and unduly burdensome. Without waiving these objections, Defendant states:

3

I was Hunt Point Ventures's outside litigation counsel.

4

5

**INTERROGATORY NO. 17:** Please describe in detail any conversation you had regarding the subordination of plaintiff Jennifer Schweickert's loan to HPV to the loan made by Sandy Hoover.

6

7

**ANSWER:** Objection:  vague, ambiguous, and overly broad and unduly burdensome. Without waiving these objections, Defendant states:

8

9

No such conversations took place.

10

11

12

**INTERROGATORY NO. 18:** Do you contend that plaintiff Jennifer Schweickert did not make a loan to HPV in the amount of $200,000?

13

14

**ANSWER:** Objection:  vague, ambiguous, and overly broad and unduly burdensome. Without waiving these objections, Defendant states:

15

16

Stephen Schweickert informed me that Jennifer Schweickert was going to invest money in Hunts Point Ventures, or Hunts Point Venture Group, or loan either of those entities money, or somehow contribute capital to one or more of those entities. Prior to the commencement of the lawsuit I was not privy to the signed documents that characterized Ms. Schweickert's monetary contribution.

17

18

19

20

21

22

**INTERROGATORY NO. 19:** If your answer to the previous interrogatory in "yes," please set forth in detail the factual basis for such contentions and all facts and/or circumstances which you contend support your claims.

23

24

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 13
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**ANSWER:** Please see answer and objection to Interrogatory No. 18.

**INTERROGATORY NO. 20:** Please identify each person, with the exception of your counsel, whom you have engaged, conferred with, or otherwise communicated with regarding the events at issue in this Action and/or the facts, allegations, and claims contained in the Complaint, and describe in detail the date, nature, and substance of all such communications.

**ANSWER:** Seeks to invade the attorney-client and/or work-product privileges; not reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome. Without waiving these objections, Defendant states:

Chad Rudkin.

**INTERROGATORY NO. 21:** Please set forth in detail the factual basis for your denial in your Answer of the allegations found in the first cause of action in the Complaint.

**ANSWER:** Objection: Seeks to invade the attorney-client and/or work-product privileges; not reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome; calls for legal conclusions. Without waiving these objections, Defendant states:

The First Cause of Action in the Complaint is against Defendants HPV and the Rudkins, not Defendant Du Wors. Du Wors therefore denies liability.

**INTERROGATORY NO. 22:** Please set forth in detail the factual basis for your denial in your Answer of the allegations found in the second cause of action in the Complaint, and all facts and/or circumstances which you contend support your claims.

**ANSWER:** Please see objections and answer to Interrogatory No. 2.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 14
13-CV-675RSM
5711386.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**INTERROGATORY NO. 23:** Please set forth in detail the factual basis for the affirmative defenses contained in your Answer to the allegations found in the Complaint, and all facts and/or circumstances which you contend support your claims.

**ANSWER:** Objection: Seeks to invade the attorney-client and/or work-product privileges; not reasonably calculated to lead to the discovery of admissible evidence; overly broad and unduly burdensome; calls for legal conclusions. Without waiving these objections, Defendant never made the representations at issue.

**INTERROGATORY NO. 24:** Please identify each person whom you expect to call as an expert witness at trial, and for each expert, please provide the following information:

     a.     The subject matter on which the expert is expected to testify;

     b.     The substance of the facts and opinions on which the expert is expected to testify, and;

     c.     A summary of the grounds for each opinion, including but not limited to a complete description of the facts or date considered by the expert in forming his or her opinions.

**ANSWER:** Objection. Seeks to invade the attorney-client and/or work product privileges; not reasonably calculated to lead to discovery of admissible evidence; overly broad and unduly burdensome. Without waiving these objections, Defendant states:

Defendant will comply with the case scheduling order regarding disclosure of expert witnesses.

## IV. REQUESTS FOR PRODUCTION

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 15
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents referenced in, or that you referred to or relied upon in the forming your answers to the Interrogatories set forth above.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**See responsive documents Bates numbers: JD024223; JD024265-JD024267; JD024272-JD024279; JD024281; and JD024364.**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all statements, including but not limited to declarations, questionnaires, or affidavits, sworn or unsworn, that you or your attorneys have obtained from any person, or otherwise have in your possession, custody, or control, relating to the events at tissue in this Action, or to the facts, allegations, claims and/or defense to any cause of action in the Complaint.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome;  Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine.  Without waiving these objections Defendant states:

**Defendant is not in possession of any responsive documents other than those that are privileged as documented in the privilege log.**

**REQUEST FOR PRODUCTION NO. 3:** Please produce all communications between you and any person, with the exception of your counsel, relating to HPVG.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 16
13-CV-675RSM
5711386.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

work product doctrine. Without waiving these objections, Defendant states:

**Defendant is not in possession of any responsive documents other than those that are privileged as documented in the privilege log.**

**REQUEST FOR PRODUCTION NO. 4:** Please produce all communications between you and any person, with the exception of your counsel, relating to the loan made by plaintiff to HPV.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**See responsive documents Bates numbers: JD024265-JD024267 and JD024272-JD024279.**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all communications between you and any person, with the exception of your counsel, relating to the subordination of plaintiff's claim to that claim held by Sandy Hoover.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**Defendant is not in possession of any responsive documents other than those that are privileged as documented in the privilege log.**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all communications between you and any person, with the exception of your counsel, relating "securing" the Sandy Hoover loan.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 17
13-CV-675RSM
5711386.doc

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**Defendant is not in possession of any responsive documents other than those that are privileged as documented in the privilege log.**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all communications between you and any other person, with the exception of your counsel, relating to this action.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**See responsive documents Bates numbers: JD024265-JD024267; JD024272-JD024279; JD024281; and JD024364.**

**REQUEST FOR PRODUCTION NO. 8:** Please produce all communications between you and any other person, with the exception of your counsel, relating to your defense to any claims or allegations in the Complaint.

**RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Without waiving these objections, Defendant states:

**Defendant is not in possession of any responsive documents other than those that are privileged as documented in the privilege log.**

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents that undermine, or an inconsistent with, any of the defenses to the claims or allegations in the Complaint.

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 18
13-CV-675RSM
5711386.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2   **RESPONSE:** Objection. Vague, ambiguous, and unduly burdensome; Further object to this
interrogatory to the extent it seeks information protected by the attorney client privilege and/or

3

4   work product doctrine. Without waiving these objections, Defendant states:

**Defendant is not in possession of any responsive documents other than those that are**

5   **privileged as documented in the privilege log.**

6

7

**REQUEST FOR PRODUCTION NO. 10:** For each expert identified in response to the

8   above interrogatory, please produce the following:

9

10        a.    All documents considered and/or relied upon by the expert in forming his or her
                opinions;

11

12        b.    Any exhibits and/or other documents that will be used to summarize or support
                the expert's opinion;

13

14        c.    A complete curriculum vitae or other documents sufficient to show the expert's
                qualifications, including but not limited to the expert's education and work
                experience and a list of all publications authored in the previous ten (10) years;

15

16        d.    A list of all other cases in which, during the previous four years, the witness
                testified as an expert at trial or by deposition;

17

18        e.    Documents sufficient to show the compensation to be paid for the expert's
                study, opinions, and/or testimony in this case; and

19        f.    All documents sent to or received from the expert, including but not limited to
                all documents provided to the expert for review, all communications with the

20              expert, and all documents created or prepared by the expert.

21   **RESPONSE:**

22   Objection. Seeks to invade the attorney-client and/or work product privileges; not reasonably

23   calculated to lead to discovery of admissible evidence; overly broad and unduly burdensome.

24   Without waiving these objections Defendant states:

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 19
13-CV-675RSM
5711386.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   Defendant will comply with the case scheduling order regarding disclosure of expert witnesses

2   reports.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 20
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I declare under penalty of perjury under the laws of the State of Washington that 1) I am the individual to whom these interrogatories are addressed, 2) I have read the foregoing answers to the interrogatories and know the contents thereof and 3) the foregoing answers to the interrogatories and responses to requests for production of documents are true, correct and complete.

Dated this _____ day of _____, 2014.

_____

**John Du Wors**

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 21
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

## CERTIFICATION OF COMPLIANCE AND FORWARDING

I hereby certify that I have read the foregoing Answers to Interrogatories and Responses

3

to Request for Production, that they are in compliance with CR 26(g)(1, 2 & 3) and that the

4

original of the Answers to Interrogatories and Responses to Request for Production have been

5

forwarded by mail or messenger on the date stated below to Law Office of Reed Yurchak, 40

6

Lake Bellevue Dr. #100, Bellevue, WA 98005.

7

DATED this 24th day of October, 2014.

8

LEE SMART, P.S., INC.

9

10

By: s/Sam B. Franklin

11

       Sam B. Franklin, WSBA 1903
       Pamela J. DeVet, WSBA 32882

12

       Lee Smart, P.S., Inc.
       701 Pike Street, Suite 1800

13

       Seattle, WA 98101
       Telephone 206-624-7990

14

       Fax 206-624-5944
       sbf@leesmart.com

15

       pjd@leesmart.com
Attorneys for Defendants Du Wors

16

17

18

19

20

21

22

23

24

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 22
13-CV-675RSM
5711386.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

## DECLARATION OF SERVICE

2

3
I, Kimberly J. Paul, do declare that on October 24, 2014, I caused service of the

foregoing pleading on each and every attorney of record herein:

4

5

6

7

Counsel for Plaintiffs
Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA  98005

Via:
( ) Legal Messenger
( ) Facsimile
(X) Legal Messenger and E-mail
( ) Overnight Mail

8

9

10

11

Co-Counsel for Plaintiffs
Mr. Mark D. Kimball
Mr. Brandon P. Wayman
Law Office of Mark Douglas Kimball,
P.S.
777 - 108th Ave NE, Ste. 2170
Bellevue, WA 98004

Via:
( ) Legal Messenger
( ) Facsimile
(X) Legal Messenger and E-mail
( ) Overnight Mail

12

13
DATED this 24 day of October, 2014 at Seattle, Washington.

14
I declare under penalty of perjury under the laws of the State of Washington that the

15
foregoing is true and correct.

16

17
Kimberly J. Paul, Legal Assistant

18

19

20

21

22

23

24

25

DEFENDANT JOHN DU WORS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 23
13-CV-675RSM
5711386.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944