EXHIBIT "J"

HPV Corporate Notes 2012 – Elizabeth Rudkin

## May 21, 2012 – Monday @ 4:00pm

Phone meeting with John DuWors, Chad Rudkin, Elizabeth Rudkin – Steve invited by email, but declined

Re: Epson brought petition for reexamination

Epson Notes:
- Can't stop petition for reexamination from going through at this point
- 85% petitions are granted / 95% of time, patent is re-issued, but changed / 50% patent is reissued totally unchanged
- Re-examination Petition – examiner to make a ruling on petition. Will either grant or deny. If granted, will be a briefing... Examiner to make an initial Office Action (validly of patent), final office action to say what is valid, what parts are not.
- Epson will file a brief, HPV...
- Appeals through TTAB?
- If we lose – Epson to buy licensing rights for $0
- Prior art... will win all future arguments against validity
- Bob Bergstrom (Olympic Patent Works) might do it for less?
- Prior art of buffering patent history helps establish greater credibility of patent and strengthen our case

Other Business:
- identify shareholders...
- Shareholders get distributions... Paid salary – as a shareholder or distribution?
- Board will vote (Chad & Steve) – unanimously
- IP purchase agreement – all of marks intellectual property, King County Mod litigation up to 1m
- Steve -
    - Steve giving Mark $$$$ - 1099 or Distribution to Steve?
        - Appointed as CEO
        - Reflected that previously Joyce was a shareholder
        - Steve burning money with John  - no can do...
- Bookkeeping & Accounting – Seek assistance with Tax Preparation, Tax advice, bookkeeping, accounting, etc...
    - Corporation has been entirely unprofitable, no tax liabilities
    - Terms of Agreement for purchase of patents from Mark in exchange for Defense costs
        - Legal Expenses id'd – separated
        - Doug's pay – wage or loan? – Send him a 1099 (as per John)
        - Capital Expenses
        - Trust Statement to DuWors
            - Office Manager – Laura Kimball to itemize spending categories by type vs date
- D & O Insurance


Δ π EXHIBIT 13
Deponent Rudkin
Date 3/19/14 Rptr. KS

HPV Corporate Notes 2012 - Elizabeth Rudkin

## August 17, 2012 - Friday @ 11:25 am
Clark Nuber - Phone Conversation with Mike Nurse & Cindy Doyle
History of HPV
- Corporation May 2010
- No taxes filed

To Do
- Send Trust Account Info - total trust account history
- Send Commerce Bank account history
- Corporate document
- Provide earning statements, annual report

## Corporate Docs Log

- Certificate of Incorporation, Sec of State - 5.03.10
  - Articles of Incorporation - 4.30.10
- Consent in Lieu of Organizational Meeting of BOD 5.05.10
  - Adoption of Bylaws
  - Appointment of Officers & Chairman of the Board
  - Sale & Issuance of Common Stock
- Notice of Acceptance as an S Corp - IRS Dept of Treasury, 8.16.2010
- Form 2553, Election by a Small Business Corporation (S-Corp), signed 7.13.10
- IP Purchase & Sale Agreement - 8.18.10
- Patent Interest Assignments - 1.23.11
- Resignation of Joyce Schweickert - 12.31.10
- Resolution of Shareholders - 4.13.12
- Notice of Annual Shareholder Meeting 8.06.12
- HPV, Inc - UBI 603 013 173
  - Legal entity of Registration - Secretary of State - 5.31.2012
- HPV Group, LLC
  - Legal entity of Registration - Secretary of State - 3.31.2013

## HPV To Do List

- An issued share of stock shows ownership in the S corporation and each shareholder obtains a certificate representing the ownership value of the S corporation
- Move Registered Agent to DuWors office - Requested 9/07/12
  - Update Corporate Documents
    - Art of Incorp with Directors / Addresses / Registered Agent
- Bank Account opened
- Update 5.05.10 Consent
  - Adoption of Bylaws
  - Appointment of Officers & Chairman of the Board
  - Sale & Issuance of Common Stock

Saturday, January 26, 2013
Elizabeth Rudkin

2

HPV Corporate Notes 2012 - Elizabeth Rudkin

- Initial Annual Report filed Sec of State (7.15.10) -
  - Update
    - Officers
    - Place of Business
- Financial Reports / Summary
  - Bookkeeping, Accounting
- Prepare Annual Report
  - History Review 2010-current
- Update form 2553 - S Corp
- Make corporate binder

**Questions for John**

- Directors meeting minutes - what should we include as decisions made at meeting regarding this situation? Who is legally privy to them?
- Nondisclosure agreements

**Actionable items list** - Reduce vulnerability from creditor foreclosure/litigation by acquiring a secured loan (Sandy/Elizabeth), sell new business/profitability plan to creditors and renegotiate creditor notes.

1. Secured loan - to secure asset (IP) from lenders foreclosing on note
   1.1. Signed Shareholder Agreement to obtain secured loan
      1.1.1. Do we need a vote of shareholders to accept secured loan?
         1.1.1.1. Ref: Articles of Incorp - Article 9, Shareholder Voting requirement for certain transactions "...of the corporation's assets"
   1.2. How much does loan need to be to ensure IP security (in regards to Jennifer's note)? Secured loan will have priority but would a judge force sale of IP to pay off secured, then Jennifer?
      1.2.1. enough to argue fraudulent transfer - bonefied security interest
   1.3. Sandy or Elizabeth to make loan?
      1.3.1. Elizabeth - what are tax implications or possibility of rolling IRA funds to new investment (loan to HPV)
      1.3.2. Can we transfer Sandy's note payable to a secured note? Or would it be better to create a new secured note.
         1.3.2.1. No, needs to be new value
2. Steve
   2.1. Do we need Steve's vote to obtain Secured Loan?
      2.1.1. Report to Steve that HPV needs funding for further operations; accounting/finance, paid admin/bookkeeping employee (Elizabeth), further litigation w/ Epson case
      2.1.2. Open (or lack of) initial loan/investment contracts leaving HPV assets expose/vulnerable to lender foreclosure, forcing us to protect IP

HPV Corporate Notes 2012 - Elizabeth Rudkin

- 2.2. Rudkin to become majority shareholder / Reduce or eliminate Steve's shares
    - 2.2.1. Steve to offer up portion of his shares to satisfy creditors
        - 2.2.1.1. 21 shares to Rudkin
            - 2.2.1.1.1. 8 to offer Joyce
            - 2.2.1.1.2. 8 to offer Jennifer
            - 2.2.1.1.3. 4 to Sandy
            - 2.2.1.1.4. 1 to make Rudkin majority shareholder
- 2.3. HPV buy out Steve's shares (min 21, up to all 50) or pay to retire them?
- 2.4. If not, we will foreclose on our secured loan and he will lose all shares
3. Renegotiate terms on all notes payable
    - 3.1. Sell business/profitability plan to creditors
        - 3.1.1. Rudkin's as majority shareholders and sole Directors/Officers
    - 3.2. Jennifer
        - 3.2.1. Acquire copy of Jennifer's current note
        - 3.2.2. Chad or John?
        - 3.2.3. Offer to convert loan to % of shares or repayment of loan
        - 3.2.4. subordinated debt interest - John
        - 3.2.5. Steve's deal was unauthorized... not rational
        - 3.2.6.
    - 3.3. Sandy
        - 3.3.1. Offer to convert loan to % of shares or repayment of loan
    - 3.4. Joyce
        - 3.4.1. How did she file the $200k capital contribution on her taxes? John would have to sue to find out
        - 3.4.2. How will HPV book it without contract
        - 3.4.3. Should we include her in the offer to convert her "capital contribution" to shares to get her off our back and make peace (shares come from Steve)

**Monday, August 27, 2012 - Shareholder Meeting Discussion**
**See Shareholder Meeting Minutes**

Phone Steve in to meeting - 2:20

Official Business - Shareholders meeting
- Election of Directors - voted unanimously by all 3
    - Elizabeth Rudkin
    - Chad Rudkin
    - Steve Schweickert

Directors Discussion
Jeff Keen has two contracts - from Jennifer Schweickert
discussion was had between Jennifer & Joyce
Joyce Capital contributions - as a shareholder

Strategic planing - Directors meetings

HPV Corporate Notes 2012 - Elizabeth Rudkin

Retire steve's shares, pay him out - fair value?
borrow from someone - Sandy/Elizabeth
becomes a secured creditor
foreclose on loan

Insurance needs - not really
commercial GL insurance
D&O Insurance

Jennifer - info
- can't share settlement info
- debt obligations discussed re: sandy & Jennifer
- Companies response to J.S. discovery response
    - motion
    - replied
    - no response from Keen's office

John to seek signed note from Keen
Change registered agent to DuWors


**Clark Nuber**

Send to Mike @ CN - Cindy & Mike 8/29/12
- Steve - return of capital - repayment
- Chad - loan, carried against future shareholder payments
- Doug - loan / stipend - what he borrowed would be written off, 1099 him no repayment
- Mark - all money paid in from Mark goes to pay back Mark's expenses - separate from the IP Purchase/Sale - Paying back the company
- Legal statements - as per case, not date

**Notes**

- S Corp Responsibilities
    - Shareholders to file individual tax returns & pay income tax on whatever share of profits they receive from the business.
    - Business to File informational tax return to provide details of corporate income of each shareholder
    - What are our corporate responsibilities aside from tax?
    - Carincross & Hempelmann as Registered Agent for HPV, Inc.
        - Corporate filings & Minute Book
        - Elizabeth called 8.24.12 - Mike Beers to request Minutes, corporate filings, etc...

HPV Corporate Notes 2012 - Elizabeth Rudkin

### John DuWors - 9/7/12, phone call
- Settlements in the works, Generate enough cash flow this fall to pay Jennifer off and protect assets - depositions & mediation...need a short-term bridge loan (60 days)- Sandy,
- Shareholder agreement - Secured loan
- Sandy to give Steve the option of foreclosure or buyout
- Transfer Registered Agent to DuWors -
    - Update Sec of State form

### Steve Schweickert, phone conf. - September 10, 2012
- Update from Directors Meeting
- Litigation status
- Jennifer's note
- HPV financial standing - need cash
- What is the foreclosure process timeline on a note payable?
- Can we pay it off in the process if we were to collect on patents

### Clark Nuber - 9/12/12 - Tax Conference Call
Mike Nurse, Cindy Doyle, Dan Wright, Chad Rudkin, Elizabeth Rudkin
Purpose: Discuss and clarify tax ramifications of past transaction

Viacam
- Equity investment, no ip rights
    - better for us to argue investigatory cost in this line of business
    - Do not want a capital loss transaction, we want an ordinary deduction
    - It was a loan - investigator cost - abandonment of idea

Mark - payments surrounding Mark
Purchase of IP Sale & Agreement
- paying costs for Mark - loan to mark directly
- Letters language otherwise...
- Purchase price capitalized
- Paid for some of Mark v Mod civil case
- Paid for all of criminal defense
- Do we end up capitalizing all of that (cost of releasing exclusive agreement with MOD) to the IP - yes
    - Do we amortize that?

Loans to Mark
- For Bukey, architect, etc..
- Loans were paid back via initial HPV deposits from Mark

Chad
- Loan documents for loans to Chad to be paid back upon shareholder earnings/ distribution

HPV Corporate Notes 2012 - Elizabeth Rudkin

Doug
- Paid out $40.5k 5/7/10-12/8/10
- Create Loan documents to reflect terms
- Loans to be repaid by shareholder disbursements when Doug becomes shareholder
- Write off as bad debt, too late to 1099 (would be more of a red flag to do now than not), do create paper trail - backup to the transactions as we see them
- Get copy to Clark Nuber

Steve - payouts
- Payouts to Steve (return of capital about $17.5k) to go agains his original $30k capital investment
- Better for shareholder equality, to keep capital investments balanced
    Cash investment in company equal!

Once complete, we need to really look at equity transactions / loan transactions and make sure they are what they are intended to be.. Once final, cannot be changed.

To Clark Nuber
- Loan Documentation

Question to John
- Does it matter (CL suggests that it does) that Steve made a capital contribution of $30k and Chad did not? Steve's payouts will be booked as return of capital

**HPV Tasks 10/02/12**

- Clark Nuber - Finance
    - Review Financial Ledger - Report back to Mike @ CN
        - Chad Rudkin book against future shareholder payments
        - Steve - Repayment against capital investment
            - Include unknown legal exp - $13.5
            - Include Schweickert / Schweickert - About $7k
    - Loan Documentation - dates / terms
    - Pay Clark Nuber Invoice
        - Email John to pay
- Open Bank Account - Chad
- MM to John / Steve - done ER
- DuWors
    - Registered agent switch completed
        - Funds transferred form Carincross to DuWors trust?
    - 2012 Invoices needed

**October 10, 2012 Call with Mike Nurse 3:00pm**
Chad & Elizabeth Rudkin

HPV Corporate Notes 2012 - Elizabeth Rudkin

**Friday, November 2, 2012**
HPV Meeting (dinner at Sandy's) with Mark Phillips, Sandy Hoover, Elizabeth & Chad Rudkin
Discussion: Possibility of brining Mark into HPV as IT Director - HPV shying away as Mark reveals entitlement to IP

**Nov 6, 2012**
Chad call with Derek regarding share purchase (from Steve)

**Thursday, November 8, 2012 -**
Phone Conf @ 1:00 pm w/ Mike Nurse (Clark Nuber), Mark Phillips (scheduled, but he missed) & Elizabeth Rudkin
Notes:
- Assuming all entries are accurate based on data provided. Our job is to ensure accuracy of placement / categorization
- Promissory Notes/ Shareholder Agreements Discuss/Agree - Draft, sign & finalize by BOD
- Define each entry/transaction that does not have supporting documentation


Nov 11, 2012 -
Chad, Mark & ELizabeth phone conference for purpose of defining past financial transactions - Actionable items
- Mark to provide - Supporting Documentation / Independent contractor agreements to be reviewed and signed by BOD for the following items:
  - 1030 Steve's Personal Account (assumed to be first active HPV account) - How to account for? What was intention of account use?
    - Remove label "Corner Office"
  - Steve's $30k deposit 3/12/10 - According to Steve, $30k deposit was a loan to HPV for Start up costs to be repaid at future date
  - Independent Contractor Agreements
    - Chris Grundy $40k - IT (Independent Contractor Agreement), paid for writing Metawallet software
    - Doug Lower
    - Chad Rudkin - loan receivable, draw agains future payout
    - James Schweickert - IT
  - Line 1891 Mark Phillips Loan Receivable
    - Intention for Mark's deposits $77k
    - Repayment against personal / legal costs paid by HPV? Or were personal / legal costs incurred by HPV as Operational expense, cost of doing businesses
    - Payment to Castanes repayment of Mark's personal expenses to pay Castanes (paid by HPV)
    - All other legal expenses paid on Mark's behalf to be classified against cost of IP as part of P&S Agreement
    - Reclassify MP deposits ($77k+) to pay against personal loans $55k

HPV Corporate Notes 2012 - Elizabeth Rudkin

- 2010-2 Mod Lawsuit Expense
  - IP Acquisition costs - reclassify
- Written Consent by the BOD
- Hire Clark Nuber as our CFO

Goal - through written joint shareholder consent (BOD) - by Wednesday
- Appoint Mark on the BOD
- Steve's resignation
- Retire Steve's shares
- Ratify actions - at next BOD meeting
- Elizabeth to finalize (preliminary) general ledger with CN
  - Share with Mark & Chad
  - Send to Keen - Preliminary general ledger - disclosure (may be changed)

Actionable Items for next Board Meeting
- Review / Discuss preliminary general ledger
  - Once reviewed by BOD & Clark Nuber, BOD to ratify (maybe at later date)
- Complete (agreed upon) written notes of intent for undocumented transactions:
  - Mark to do - Supporting Documentation / Independent contractor agreements
- Promissory Notes/ Shareholder Agreements Discuss/Agree upon
  - Who will prepare
- Hire Clark Nuber at CFO - 3rd party for complete transparency
  - File Taxes
- Assignments of Mark's assets - needs to be addressed

### Questions for John - need clarification
- Intention of IP P&S - price to include cost of Mark's Federal case (US v Mark Phillips)? What are the parameters/boundaries of purchaser's cost coverage obligation?
- Intentions of payment on Mark's behalf Spring 2010 were as a loan to Mark to be repaid. Mark liquidated accounts to deposit to HPV for what reason?
- Mark brings up $5m owed/due from MOD contract - John promised to recover?

### Nov 12, 2012
Derek & John draft share purchase agreement (HPV & Steve)

### Nov 19, 2012
Director's Meeting at DuWors office
- Meeting 1: Chad, John & Steve (Steve did not show). Purpose was for Steve to resign and sign agreed share purchase agreement
- Meeting 2: Chad, Elizabeth, Mark, John to discuss possible future of Mark & HPV

Notes
- John drafted Secured Promissory Note for Sandy
- Mark
  - Wants to create independent licensing agreements
  - Wants strategic relationships with companies aside from suing

HPV Corporate Notes 2012 - Elizabeth Rudkin

- - HPV owns millions of lines of source code (at cottage - Joyce) to use to help make product,
  - Mark - CTO of Screenplay
- Joyce
  - adversary to HPV (adversary to Steve)
  - Plans on bringing aggressive motions to HPV

From John -
- Not in HPV's best interest in excommunicating Steve from HPV
- Mutual NDA in place between Mark & HPV
  - Discussions can begin once Mark agrees to NDA
- noticed party depositions
  - Have you ever been convicted of a felony?
- Non party representative - can't be an official party representative
- Litigation revenue more than construction (building)
- Companies won't like or deal with the fact that Mark's a felon

Nov 21, 2012 - Steve to DuWors office to sign Share Purchase Agreement and receive payment for share of $20k

Dec 6, 2012 - Teleconference between Chad, Sandy & John regarding promissory note and security agreement. Sandy wrote check for $20k to HPV. Asked not to cash until promissory note tweaked to her satisfaction.

Jan 25, 2013
Mark & Jennifer send inspection demand letters


**Actionable Items list** - Reduce vulnerability from creditor foreclosure/litigation by tightening up all corporate responsibilities

1. Complete & Sign Director's Meeting Minutes from 11/19
2. Secured Promissory Note signed by Sandy
   2.1. Open HPV Bank Account with funds
   2.2. Pay DuWors & Clark Nuber
3. Finances (Clark Nuber) - Complete 2010, 2011, 2012 Bookkeeping/Accounting
   3.1. Shareholder/Creditor/Promissory Note Status - Draft, sign & finalize by BOD
      3.1.1. Jennifer - renegotiate terms on note payable (creditor or shareholder)?
         3.1.1.1. Acquire copy of Jennifer's current note
         3.1.1.2. Offer to convert loan to % of shares or repayment of loan
         3.1.1.3. subordinated debt interest - John
         3.1.1.4. Steve's deal was unauthorized... not rational
      3.1.2. Joyce - made capital contribution as shareholder
         3.1.2.1. How did she file the $200k capital contribution on her taxes? John would have to sue to find out
         3.1.2.2. How will HPV book it without contract

- 3.1.2.3. Convert her "capital contribution"
- 3.2. Written notes of intent for undocumented transactions
    - 3.2.1. Steve - payouts will be booked as return of capital repayment
    - 3.2.2. Chad - loan, carried against future shareholder payments
    - 3.2.3. Doug - loan / stipend - what he borrowed would be written off, 1099 him no repayment
    - 3.2.4. Mark - all money paid in from Mark goes to pay back Mark's expenses - separate from the IP Purchase/Sale - Paying back the company
    - 3.2.5. Viacam - Equity investment, no ip rights
        - 3.2.5.1. better for us to argue investigatory cost in this line of business. Do not want a capital loss transaction, we want an ordinary deduction. It was a loan - investigator cost - abandonment of idea
- 3.3. New Promissory Note to CN —
- 3.4. Purchase of Steve's shares docs to CN
- 3.5. Taxes Filed by Clark Nuber - S Corp Responsibilities
    - 3.5.1. Shareholders to file individual tax returns & pay income tax on whatever share of profits they receive from the business.
    - 3.5.2. Business to File informational tax return to provide details of corporate income of each shareholder
- 3.6. Hire CFO services
4. Update Corporate Documents
    - 4.1. Shareholder Agreement for Secured Loan (John 9/7/12)?
    - 4.2. Registered Agent responsibilities
        - 4.2.1. Annual Report filed with Sec of State?
            - 4.2.1.1. Officers, Place of Business, etc...
            - 4.2.1.2. Form 2553 S Corp
    - 4.3. HPV Corporate Binder Current
    - 4.4. Additional corporate responsibilities aside from tax?
5. Issue shares of stock certificates to shareholders (representing ownership value of S Corp)

## Actionable Items for next Board Meeting

Old Business (documented)
1. Director's Meeting 11/19/12
    - 1.1. Ask for Steve's resignation / sale of shares
    - 1.2. Secure note from Sandy
    - 1.3. Bank account opened
2. Review / Discuss preliminary general ledger - ratify
    - 2.1. Complete (agreed upon) written notes of intent for undocumented transactions: provide Supporting Documentation / Independent contractor agreements
3. Promissory Notes/ Shareholder Agreements Discuss/Agree upon
4. Shareholder Stock Certificates Issued
5. Tax status

HPV Corporate Notes 2012 - Elizabeth Rudkin

New Business
1. Hire Clark Nuber at CFO - 3rd party for complete transparency
2. D&O Insurance necessary?
3. Review Corporate Document Status - current?

**Questions** - 1/26/13
1. Steve Schweickert's resignation... Is verbal resignation sufficient? Does that need to be documented in shareholder resolution or are Director meeting minutes sufficient?
2. Director Responsibilities
   a. How often are we required to hold Director's meeting?
   b. Director's & Officers actions to be documented and/or ratified at next meeting
   c. What constitutes day to day business vs. Needs to be decided upon by directors?
3. Assignments of Mark's assets - needs to be addressed (as per Mark). Not sure what assets he's referring to
4. Mark & IP
   a. Intention of IP P&S - price to include cost of Mark's Federal case (US v Mark Phillips)? What are the parameters/boundaries of purchaser's cost coverage obligation?
   b. Intentions of payment on Mark's behalf Spring 2010 were as a loan to Mark to be repaid. Mark liquidated accounts to deposit to HPV for what reason?
   c. Mark brings up $5m owed/due from MOD contract - John promised to recover?