Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>         Plaintiff,<br><br>     vs.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,<br><br>         Defendants. | No. 13-CV-675-RSM<br><br>DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR HEARING:<br>NOVEMBER 7, 2014 |

## I. INTRODUCTION

In his moving papers, Du Wors submitted substantial evidence of the undisputed facts entitling it to summary judgment. Namely:

- Jennifer Schweickert knew (or should have known) the terms of her loan to HPV because they were set out in a legally binding promissory note;

- Ms. Schweickert's own testimony confirmed that several of the misrepresentations she alleges Du Wors made were in fact truthful statements; and

- The remaining alleged misrepresentations were either future looking statements or opinions.

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

To avoid summary judgment, Plaintiff must rebut this showing by designating "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348 (1986) (non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

Ms. Schweickert failed to meet this burden. She has not produced evidence contradicting the material facts Du Wors relies on. Instead she has attempted to impermissibly rewrite her complaint at summary judgment while throwing hundreds of pages of documents at the Court in the hopes that one of them will create a genuine issue of disputed fact. But, at best, Schweickert's evidence concerns irrelevant issues, such as alleged wrongdoing by others or Du Wors' credibility as a witness. Ms. Schweickert's focus on these immaterial matters misses the larger point: her own deposition testimony and sworn pleadings confirm that she cannot establish the elements necessary to prove her claims against Du Wors. As such, he is entitled to summary judgment in this matter and the Court should dismiss Ms. Schweickert's claims.

## II. REVIEW OF UNDISPUTED FACTS

While Ms. Schweickert disputes the significance or interpretation of Du Wors' evidence, she does not (and cannot) offer any evidence contradicting the key material facts before the Court. These facts include:

- The terms of Ms. Schweickert's loan to HPV are governed by a written promissory note guaranteeing her repayment by HPV and an equity stake in HPV-Group. Ms. Schweickert reviewed the note before she made her loan.

(*See* Franklin Decl.[1], Ex. 1[2] at 48:11-49:14, *see also* Franklin Decl., Ex. 3[3])

---

[1] Dkt. 80-1.
[2] Dkt. 80-2 (true and correct copy of the transcript of the September 12, 2014 Deposition of Jennifer P. Schweickert)
[3] Dkt. 80-3 (the promissory note itself)

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

- At the time Ms. Schweickert executed the promissory note, she understood that the relationship between HPV and HPV-Group had not been formalized and that HPV-Group did not yet have any proceeds to distribute and that any future proceeds were dependent on successful patent litigation.

    (*See* Franklin Decl., Ex. 1 at 28:16-29:20 and 66:20-67:6.)

- At the time Ms. Schweickert made the loan, Du Wors did not guarantee the outcome of any litigation or that HPV-Group would make any money.

    (*See* Franklin Decl., Ex. 2[4] at 134:21-25 and 145:4-10.)

- At the time Ms. Schweickert executed the promissory note, she knew that most of her loan to HPV would go to paying down legal fees HPV owed to Du Wors.

    (*See* Franklin Decl., Ex. 1 at 29:14-16 and Ex. 2 at 144:15-18.)

- It was Stephen Schweickert (and not Du Wors) that told Ms. Schweickert she needed to execute the promissory note quickly or she might lose the opportunity to a third party.

    (*See* Franklin Decl., Ex. 1 at 66:2-5; *see also* Dkt. 15 at ¶ 56.)

- Ms. Schweickert has contradicted herself several times on material issues in sworn deposition testimony and verified pleadings.

    Ms. Schweickert knew that Mark Phillips was not a shareholder or board member of HPV as of 4/22/11 and that his future status in this regard would be dependent upon his resolving various civil and criminal matters.

    (*See* Franklin Decl., Ex. 1 at 32:7-19; 64:3-12; 79: 11-24.)

These facts and well-established case law mandate dismissal of Ms. Schweickert's claims against Du Wors for fraud in the inducement, negligent misrepresentation, and conspiracy.

---

[4] Dkt. 80-2 (true and correct copy of the transcript of the October 3, 2014 Deposition of Jennifer P. Schweickert)

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Moreover, they demonstrate that Ms. Schweickert cannot marshal evidence to meet the "clear, cogent, and convincing" standard of proof associated with these fraud-based claims.

### III.  POINTS AND AUTHORITIES

In her opposition, Ms. Schweickert attempts to rewrite her allegations, explain away her inconsistent pleadings and sworn deposition testimony, and distract the Court with immaterial disputes. But such dust-kicking does not meet her burden at summary judgment of designating "specific facts showing that there is a genuine issue for trial" on any of her claims against Du Wors. For this reason, and as stated in the moving papers, the Motion for Summary Judgment should be granted, and all claims against Du Wors should be dismissed with prejudice.

**A.  Ms. Schweickert has failed to establish a triable issue of fact supporting her claims for fraud in the inducement and negligent misrepresentation.**

Ms. Schweickert does not (and cannot dispute) the bulk of Du Wors' legal analysis. The law is clear that she can only prevail on her fraud claim if she can demonstrate that Du Wors knowingly made a materially false representation of fact to her, which he knew she would rely upon, and which she reasonably relied upon to her detriment. *See Chen v. State,* 86 Wn. App. 183, 188, 937 P.2d 612 (1997). The requirements for her negligent misrepresentation claim mirror those of fraud except that even a negligent misstatement is actionable. *Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701 (2007). Statements of opinion or predictions of future performance are not actionable as a matter of law. *Adams v. King Cnty.*, 164 Wn. 2d 640, 662, 192 P. 3d 891 (2008) ("a false promise does not constitute the representation of an existing fact"). As referenced in defendant's original motion, since this is a diversity case, Washington substantive law applies and the summary judgment court may consider the requisite burden of proof. Both torts must be proven by clear, cogent and convincing evidence. *Chen*, 86 Wn. App. at 188 (fraud); *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 179-81, 876 P.2d 435.

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1. **Ms. Schweickert cannot reasonably rely on any alleged oral misrepresentation made by Du Wors as to the terms of her loan to HPV because they were spelled out in the written promissory note which she had ample opportunity to review (and did review) before making the loan.**

Ms. Schweickert's claims against Du Wors for fraud and negligent misrepresentation all stem from a single 20 minute phone call between plaintiff, Steve Schweickert and Du Wors on April 22, 2011. Ms. Schweickert's opposition goes to great lengths to attack Du Wors' recollection of the phone call and to try to re-position her own admissions at deposition. But Ms. Schweickert's attempt to manufacture a factual dispute as to the contents of the phone call is wasted effort because the parties agree that the terms of her loan to HPV (and receipt of equity shares in HPV-Group) are governed by the promissory note that she and HPV executed. And Washington law is clear that when a party has the opportunity to review a document prior to executing it, it cannot reasonably rely on alleged oral misrepresentations about the document or the underlying agreement. *See Williams v. Joslin*, 65 Wash. 2d 696, 698 (1965) (where written evidence is presented to the plaintiff, he had no right to rely upon any oral representation that contradicted it); *see also Skagit State Bank v. Rasmussen*, 109 Wash. 2d 377, 385 (1987) ("It requires little in the way of diligence to ascertain the truth of a representation made as to the legal effect of plain and unambiguous documents which a party has the opportunity to read.").

At deposition, Ms. Schweickert admitted she reviewed the clear, unambiguous, three-page promissory note before the phone call with Du Wors and that she had time to review it again before executing the loan. This alone is sufficient to defeat any claims arising from Du Wors' alleged oral misrepresentations to Ms. Schweickert about the terms of her loan to HPV or her conditional equity interest in HPV-Group.

2. **Ms. Schweickert cannot be allowed to rewrite her verified-under-penalty-of-perjury complaint to avoid summary judgment. And she presents no evidence in support of her new allegations.**

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

In her sworn complaint, Ms. Schweickert claims Du Wors misrepresented that HPV-Group was a formed viable entity capable of granting equity interests to her and other investors. In the face of un-contradicted evidence that HPV-Group was, in fact, a properly formed corporate entity capable of issuing equitable interests, Ms. Schweickert attempts to rewrite her allegations. She now claims that the misrepresentation was not that HPV-Group was a formed entity, but rather that it was not was set up for its intended purposes. (*See* Dkt. No. 89, pg. 12).  In any case, a plaintiff may not allege new claims in a pleading to avoid a summary judgment. *Wasco Products, Inc. v. Southwall Technologies, Inc*., 435 F.3d 989, 992 (9th Cir. 2006) (party may not oppose summary judgment by raising grounds not in issue under the pleadings); *Rodriguez v. Cavalry Portfolio Servs., LLC, No*. 11-CV-1837-LAB-MDD, 2012 WL 726474, at 1 (S.D. Cal. Mar. 6, 2012) (plaintiff may not allege new claims in a pleading that were not in its initial complaint); *See Kaplan v. Rose*, 49 F.3d 1363, 1369-70 (9th Cir. 1994) (holding that the district court did not err in rejecting additional allegations of fraud raised for first time in opposition to summary judgment).  Not only is this new allegation absent from either of Ms. Schweickert's verified complaints, she also does not provide any factual evidence to support it. In fact, the deposition testimony she cites to includes the same portion that Du Wors provided in his moving papers, confirming that at the time of her loan, Ms. Schweickert knew that HPV-Group was "not an up and running company." (*See* Franklin Decl., Ex. 1 at 66:20-67:6.).

Ms. Schweickert's testimony demonstrates that any alleged representation about HPV-Group was either true (i.e., the company was a properly formed entity) or not about a presently existing fact (because the parties agree that at the time of her loan, HPV-Group formal relationship with HPV was undecided and fluid). And Ms. Schweickert admits that even after the call she did not understand the details of the relationship between HPV and HPV-Group (*see* Dkt. 89 pg. 11) which negates any claim that she justifiably relied on such a relationship when

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

making the loan. *See Lawyers Title Ins. Corp. v. Baik*, 147 Wn. 2d 536, 551 (2002) (justifiable reliance is "reliance that was reasonable under the surrounding circumstances" quotations omitted).

> **3.  Any statement about whether Ms. Schweickert would benefit from future profit sharing between HPV and HPV-Group is non-actionable. And Ms. Schweickert offers no evidence that any such representation was false at the time it was made.**

Ms. Schweickert's opposition emphasizes her opinion that she was misled as to whether she'd share in the company's future profits, stating: "plaintiff believed that she would participate in an equity sharing scheme between HPV and HPV-Group, and that even if this expectancy did not come to fruition, she was led to believe the parties had formulated and would at least attempt to execute upon this strategy for any patent violation Du Wors prosecuted". (*See* Dkt. 89, p. 15.) Ms. Schweickert fails to present any evidence supporting her opinion that Du Wors misrepresented the relationship between HPV and HPV-Group, let alone that he did so knowingly. And, at most, the alleged misrepresentation is a promise of future performance, which cannot support her claims. *See Adams* 164 Wn. 2d at 662.

> **4.  Undisputed evidence confirms that Ms. Schweickert's loan to HPV was used to pay down Mark Phillips' legal bills thereby allowing Du Wors to pursue patent prosecution on HPV's behalf.**

Ms. Schweickert alleged that Du Wors misled her as to what her loan would be used for, but she admitted in deposition that Du Wors and Stephen Schweickert both told her that the bulk of her loan to HPV would go toward paying down outstanding legal fees owed to Du Wors' law firm.

> SCHWEICKERT: So I was told what things were going to be like in theory, and that my investment in the company would allow for Du Wors to get everything running up to speed and to start prosecuting patents, but that a big chunk of my investment would go to pay down the balance due on Mark's criminal defense.

DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 7
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(*See* Franklin Decl., Ex. 1 at 29:10-16.) And the record evidence reveals this is precisely what happened—her loan was used to pay Mark Phillips' outstanding legal fees. This, in turn, allowed Du Wors' firm to pursue patent litigation on HPV's behalf. (*See* Franklin Decl. at Ex. 6.) The fact that the patent litigation was not as successful as the parties had hoped it would be does not amount to a misrepresentation on Du Wors' part. In fact, Ms. Schweickert all but admits she cannot prove this allegation stating that "Plaintiff need not carry her burden with respect to every allegation proffered in her complaint." Dkt. 89, pg.17-18.  This allegation cannot support a claim for fraud or negligent misrepresentation.

### 5. It was Stephen Schweickert—not Du Wors—who represented to Jennifer Schweickert that she needed to act quickly in making the loan.

In both her sworn complaint (Dkt. 15 at ¶ 56), her sworn testimony (*Franklin Decl*., Ex. 1 at 66:2-5.), and her Opposition to the Motion for Summary Judgment (Dkt. 89, 18:7-8), Ms. Schweickert confirms that Stephen Schweickert was the one who told her that she needed to make the loan to HPV quickly or risk losing the opportunity to a third party. Ms. Schweickert's response does not provide any evidence suggesting Du Wors ever made this statement. Instead, she speculates, without citation to evidence, that Du Wors instructed Mr. Schweickert to make this representation. Such speculation is inadmissible at summary judgment and, in any case, Du Wors cannot be held responsible for Stephen Schweickert's statement. Finally, to the extent Mr. Schweickert told Ms. Schweickert that there was only one opportunity remaining, the undisputed evidence establishes that he spoke truly—Ms. Schweickert admitted she was the last person to obtain equity in HPV-Group. (*Franklin Decl*. Ex. 1 at 38:7-21).

### 6. Phillips was a shareholder, director and officer with 30% interest in HPV.

Ms. Schweickert's also fails to support her final alleged misrepresentation: that Mark Phillips was a shareholder, director and officer in HPV with at least 30% interest. At her deposition, Ms.

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Schweickert admitted that her allegation that Du Wors told her Mark Philips had at least 30% interest in HPV was actually just a "number she threw out". (*Franklin Decl*. Ex. 2 at 139:14-140:20.) And her inconsistent testimony makes clear that at best, she was unsure as to Phillips' status as a shareholder or director at the time she made her loan. (*Compare* Franklin Decl. Ex. 1 at 64:3-21, 79:11-24 (testifying she knew Phillips not on the board) *with* Franklin Decl. Ex. 2 at 113:2-114:11 (denying same).) Indeed, Ms. Schweickert's opposition goes to great lengths to explain away or shift blame for this inconsistent testimony. (*See* Dkt. No. 89 at pg. 18-20.) But even her arguments there suggest she was aware that Phillips was *not* part of HPV at the time of her loan. For example, Schweickert points to her testimony where she stated "And I was assured in that phone call that Mark **was going to be** on the board and running the company…" (*See* Dkt. No. 89 pg. 20). The forward looking nature of this statement confirms that Ms. Schweickert did not think Phillips was on the board at the time of her investment. At the very least, her uncertainty on this point means she did not justifiably rely on any belief (one way or the other) in making the loan.

### B.  Plaintiff has failed to establish a triable issue of fact supporting her claim for conspiracy.

Ms. Schweickert's opposition provides nothing more than conclusory allegations of a conspiracy between Du Wors and the Rudkins and Du Wors and Stephen Schweickert. But in order to support her conspiracy claim she must offer evidence that there was a meeting of the minds between the parties. *See, All-Star Gas, Inc. of Washington v. Bechard*, 100 Wn. App. 732, 740-41 (2000) (mere suspicion or commonality of interests not sufficient to support conspiracy) *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (more than conclusory allegations required); *see also United Steelworkers of America V. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (meeting of the minds required).

DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 9
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

For plaintiff to establish a civil conspiracy under Washington law, one must prove by clear, cogent and convincing evidence that1) two or more people combined to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means, and 2) the conspirators entered into an agreement to accomplish the conspiracy. *Robinson v. Pierce Cnty.*, 539 F. Supp. 2d 1323 (W.D. Wash. 2008). The test for the sufficiency of evidence to prove conspiracy is that circumstance must be inconsistent with a lawful or honest purpose and reasonably consistent only with the existence of a conspiracy. *Corbit v. J. I. Case Co.,* 70 Wn. 2d 522, 424 P.2d 290, 295 (1967), *Robinson v. Pierce Cnty.*, (supra).

As described in detail in the original briefing, and above, Schweickert fails to raise a genuine issue of fact to support her claims of fraud and negligent misrepresentation. As such the conspiracy claims premised on these allegations should be dismissed. Similarly, her claim that Du Wors and the Rudkins re-characterized her loan as an angel investment should be dismissed because even if they did so, Ms. Schweickert was not harmed—renaming the loan does not change the legal effect of her promissory note.[5]

Regarding the Schweickert's claim of claim that Du Wors and Steve Schweickert conspired to induce Schweickert into a loan they did not intend to repay, Schweickert again, has failed to provide any material facts to support this contention, she only claims that various representation made to her over the phone were untrue, which as described in detail was not the case.

---

[5] Ms. Schweickert's claim that Du Wors committed bad faith when he allegedly conspired with the Rudkins to have Sandy Hoover loan an additional $20,000 in order to file a UCC statement securing Hoover's prior loan, and this was bad faith because Hoover is Elizabeth Rudkins' mother, and thus, an insider…" (Dkt. No. 89 pg. 22) is perhaps the most ridiculous argument, as Schweickert herself made her investment in HPV when her mother and uncle owned 50% share each in HPV.

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 10
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## C. Ms. Schweickert still cannot meet the standard for clear, cogent, and convincing evidence.

Ms. Schweickert must prove her fraud and negligence claims by clear, cogent and convincing evidence. Schweickert claims that there are multiple witnesses whose testimony both contradicts Du Wors deposition testimony and corroborates her own testimony, claiming that the presence of corroborating testimony alone, in spite of any apparent contradictory statements made by plaintiff, is sufficient to create a genuine issue of material fact. (*See* Dkt. 89: 9). Schweickert only identifies several instances where her testimony is "corroborated" (see Dkt. No. 89 at pg. 3, 4, and 6), however none of the additional testimony she has identified by third parties prove any of Ms. Schweickert's claims against Du Wors. Ms. Schweickert herself has only provided self-contradictory testimony, which does not support the standard of clear, cogent and convincing evidence. See e.g. *Miller v. Tietz Const. C*o., 46 Wn. 2d 180, 182, 279 P.2d 641 (1995).

## D. Additional discovery will not alter the conflicting testimony already provided by Ms. Schweickert in her verified pleadings and sworn deposition testimony.

Ms. Schweickert's request for relief under Rule 56(d) fails because she did not make a separate motion under Rule 56(d) for a continuance and for leave to conduct additional discovery. Plaintiff may not raise a request for relief under Rule 56(d) in an opposition brief. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."); see also *Weinberg v. Whatcom Cnty*., 241 F.3d 746, 751 (9th Cir.2001) (affirming denial of Rule 56(f) request and finding that inclusion of request in opposition brief was "plainly inadequate"). Here, Ms. Schweickert has not made a motion for a

DEFENDANT DU WORS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 11
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

continuance or for leave to conduct additional discovery, but rather refers to the need for additional discovery in her opposition to Du Wors' Motion for Summary Judgment.

Further, Plaintiff has already received a plethora of discovery from Defendant. (*See* Dkt. No. 64.)   Schweickert's claim that she has not received adequate discovery is simply false. However, regardless of whether or not plaintiff is entitled to additional discovery does not change the statements made by Schweickert in her sworn depositions testimony or her verified pleadings. Any additional discovery will not alter Schweickert's conflicting testimony, or provide material facts that prove her causes of action against Du Wors. If this court deems additional discovery is warranted, this motion for summary judgment should be continued, not dismissed.

## IV.  CONCLUSION

For the foregoing reasons, and those asserted in Du Wors initial motion for summary judgment, Du Wors respectfully requests this Court dismiss Jennifer Schweickert's claims against him with prejudice.

DATED this 7th day of November 2014.

> LEE SMART, P.S., INC.
>
> By: s/ Sam B. Franklin
> Sam B. Franklin, WSBA No. 1903
> Pamela J. DeVet, WSBA No. 32882
> Attorneys for Defendants Du Wors
>
> Lee Smart, P.S., Inc.
> 701 Pike St, Ste. 1800
> Seattle, WA 98101
> Telephone 206-624-7990
> Fax 206-624-5944
> sbf@leesmart.com
> pjd@leesmart.com

## CERTIFICATE OF SERVICE

DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 12
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA  98005
yurchaklaw@gmail.com

Mr. Mark D. Kimball
Law Office of Mark Douglas Kimball, P.S.
10900 Northeast Fourth Street, Suite 2030
Bellevue, WA  98004
mark@mdklaw.com

Mr. Joel B. Ard
Foster Pepper, LLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101
ardjb@foster.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 7th day of November, 2014, at Seattle, Washington.

*/s/ Christie A. Williams*
Christie A. Williams
Legal Assistant

DEFENDANT DU WORS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 13
13-CV-675RSM
Schweickert v. Du Wors - Reply in Support of SJ.docx

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944