Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER P. SCHWEICKERT,

    Plaintiff,

vs.

HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS and AMBER DU WORS, and their marital community comprised thereof; and DOES 1-4,

    Defendants.

No. 13-CV-675RSM

DEFENDANTS DU WORS' MOTION IN LIMINE

**Noting Date: January 2, 2015**

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 403, and 404, defendant John Du Wors seeks a ruling in limine that plaintiff may not introduce evidence of prior lawsuits or claims against him or his colleagues at the law firm Newman & Du Wors.

## II. STATEMENT OF FACTS

Plaintiff's boyfriend, Mark Phillips, is represented by the same attorneys as plaintiff, and he has a pending lawsuit against Mr. Du Wors and his colleagues. Plaintiff's mother, Joyce Schweickert, also has a pending lawsuit against Mr. Du Wors and his colleagues. Defendant anticipates Plaintiff may attempt to introduce evidence of other lawsuits, claims, or

DEFENDANTS DU WORS' MOTION IN LIMINE - 1
13-CV-675RSM
5723388.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

complaints against Defendant and/or other attorneys at his firm, and defendant asks the Court to rule in limine that such evidence should be excluded.

### III. STATEMENT OF ISSUE

Should evidence of past lawsuits, claims, and complaints against Defendant John Du Wors and/or other attorneys at his firm be excluded in limine?

### IV. ARGUMENT AND AUTHORITY

**A.     The evidence is not relevant.**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. The central factual dispute in this lawsuit is whether, during a single telephone conversation between Plaintiff and Defendant, with a nonparty on the line, Defendant made material and false representations to Plaintiff to induce her to loan money to a nonparty. Whether anyone (especially persons with relationships so close to Plaintiff) has ever made a claim, lawsuit, or complaint against Defendant or one of his colleagues is not relevant. It has no tendency to make any of the facts in this lawsuit more or less probable—prior lawsuits, claims, or complaints do not make Plaintiff's version of the facts of that telephone call more likely to be true. Even more attenuated is the connection between Defendant's colleagues' conduct and events at issue in this lawsuit.

**B.     Were the evidence relevant, its probative value is substantially outweighed by other considerations.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Should the Court determine the evidence is relevant, over Defendant's

DEFENDANTS DU WORS' MOTION IN LIMINE - 2
13-CV-675RSM
5723388.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

objection, permitting a jury to hear it would be unfairly prejudicial, confusing, misleading, and wasteful. Attorneys face claims, lawsuits, and complaints more frequently than the general populace. Often such claims are frivolous or are adjudicated in the attorney's favor. However, a jury could reach the mistaken conclusion that being sued amounts to unlawful conduct, which would be unfairly prejudicial. In addition, having to explain to a jury the substance of the unrelated claims and defenses introduces all sorts of confusing and misleading issues. It would also waste the time of the parties, the judge, and the jury.

### C. The evidence is presented to attempt to prove bad character.

"Evidence of a . . . wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Defendant requests the evidence be excluded in limine so that Plaintiff does not attempt to use evidence of other lawsuits, claims, or complaints impermissibly.

## V. CONCLUSION

Each of the bases above is an independent reason to exclude the evidence at issue, and Defendant requests the Court to make a ruling in limine.

Respectfully submitted this 15th day of December, 2014.

LEE SMART, P.S., INC.

By:/s/ Pamela J. DeVet
Sam B. Franklin, WSBA No. 1903
Pamela J. DeVet, WSBA No. 32882
Lee Smart, P.S., Inc.
701 Pike St, Ste. 1800
Seattle, WA 98101
Telephone 206-624-7990
Fax 206-624-5944
sbf@leesmart.com
pjd@leesmart.com
Attorneys for Defendants Du Wors

DEFENDANTS DU WORS' MOTION IN LIMINE - 3
13-CV-675RSM
5723388.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Reed Yurchak
Law Office of Reed Yurchak
40 Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
yurchaklaw@gmail.com

Mr. Mark D. Kimball
Law Office of Mark Douglas Kimball, P.S.
10900 Northeast Fourth Street, Suite 2030
Bellevue, WA 98004
mark@mdklaw.com

Mr. Joel B. Ard
Mr. Rylan LS. Weythman
Foster Pepper, LLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
ardjb@foster.com

Mr. T. Jeffrey Keane
Keane Law Offices
100 NE Northlake Way, Ste. 200
Seattle, WA 98105
tjk@tjkeanelaw.com
weytr@foster.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 15th day of December, 2014, at Seattle, Washington.

_____
Jennifer A. Jimenez, Legal Assistant

DEFENDANTS DU WORS' MOTION IN LIMINE - 4
13-CV-675RSM
5723388.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944