The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>Plaintiff,<br><br>v.<br><br>HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; CHAD RUDKIN and ELIZABETH RUDKIN, and their marital community comprised thereof; JOHN DU WORS; and DOES 104;<br><br>Defendants. | No.: 13-cv-00675 RSM<br><br>REPLY IN SUPPORT OF ORDER AWARDING REASONABLE ATTORNEY'S FEES AND COSTS TO JOYCE SCHWEICKERT |

## INTRODUCTION

Defendant Du Wors, having simply ignored the clear requirements of a federal statute prohibiting his issuance of the subject subpoenas—and having ignored the cautionary letter Joyce Schweickert sent requesting that the subpoenas be withdrawn—now miscasts this Court's order awarding sanctions against defendant. He does so to deprive Ms. Schweickert of a fee award equal to her true cost of obtaining an Order from this Court quashing the illegal subpoenas.

Defendant Du Wors has now: 1) issued patently improper subpoenas prohibited by federal law; 2) scorned having his error pointed out to him, in detail, which if corrected would have eliminated this entire dispute; 3) vigorously opposed Ms. Schweickert's motion to quash;

REPLY IN SUPPORT OF ORDER AWARDING
REASONABLE ATTORNEY'S FEES AND COSTS
TO JOYCE SCHWEICKERT- 1
13-cv-00675 RSM

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540

and, 4) suggested this Court intended to award Ms. Schweickert one-third of her actual costs for the foregoing activity.

Ms. Schweickert asks the Court to ignore these efforts and award the amount requested, plus the cost of preparing this reply.

### A. Defendant Du Wors Intentionally Misreads This Court's December 4, 2014 Order.

As she was invited to do in the Court's December 4, 2014 Order quashing the Du Wors' subpoenas, Joyce Schweickert filed a fee application describing the fees and costs she incurred seeking to quash same. Dkt. 94. Du Wors objects to her fee application claiming that her fees should be limited to $1,200.00 *or less*. Du Wors argues that Ms. Schweickert's fee award should somehow be limited by, or connected to, the fee award sought by Plaintiff.

The Court stated:

> Rule 45(d)(1) requires the Court to enforce the duty of the party responsible for issuing and serving a subpoena to avoid imposing undue burden or expense, through the imposition of an appropriate sanction, ***including reasonable attorney's fees.*** Fed. R. Civ. P.45(d)(1). ***Sanctions in this matter are appropriate in light of the abusive scope of the subpoenas and the fact that clear authority shows that they should not have been issued in the first place.***

(emphasis added) Dkt. # 93, p. 20:22-21:3. *Plaintiff* sought $1,200 for opposing the Du Wors subpoenas. Dkt. #63-1, p. 2:6-8; Dkt. 93, p. 21:3-5. The Court awarded plaintiff sanctions in the amount sought. The Court further stated "that a similar award is appropriate for the time that counsel for Joyce Schweickert and Jeffrey Keane incurred opposing the subpoenas." Dkt. #93, p. 22:5-7.

A "similar award" does not mean "identical to an award made to a different party based upon different effort and cost." Had the Court intended "similar" to mean "similar in amount," then the Court would not have instructed Joyce Schweickert to submit a fee application. A

REPLY IN SUPPORT OF ORDER AWARDING
REASONABLE ATTORNEY'S FEES AND COSTS
TO JOYCE SCHWEICKERT- 2
13-cv-00675 RSM

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

"similar award" in this context means an award of Joyce Schweickert's actually incurred—and paid--reasonable attorney fees, which total $6,417.75.[1]

### B. The Reasonable Attorney Fees Claimed By Joyce Schweickert are Justified By the Quality and Quantity of Work Performed.

There are significant differences in the work performed by plaintiff's counsel and by counsel for Joyce Schweickert during the course of remedying wrongful issuance of these illegal subpoenas. For example, before any motion to quash was brought by Ms. Schweickert counsel for defendant was explicitly advised that the subpoenas were illegal and should be withdrawn. Counsel for plaintiff made no similar request, so far as the record is concerned. Nor did plaintiff's motion to quash even mention the Stored Communications Act, 18 U.S.C. § 2702 (SCA). This statute, and cases construing it, were included in the materials submitted to the Court by Joyce Schweickert. They were included in the letter requesting that Du Wors withdraw the subpoenas. The Court considered such authority dispositive, stating in its December 4, 2014 Order: "Aside from their abusive overbreadth and invasion of privilege, *the subpoenas are in direct violation of the SCA*." (emphasis added) Dkt. 93, p. 19:21-22.

The detailed time summaries provided to the Court by Joyce Schweickert describe the scope of work required to research, caution defendant against, and then move to quash—and respond to opposition to moving to quash--the improper subpoenas. Other than simply asserting that the fees sought are "exorbitant" and "completely unreasonable,"—never reckoning with the needlessness of the endeavor if only he had listened to the warning Joyce Schweickert gave him---Du Wors provides the Court with absolutely no evidence that the quantity of time billed, or that the rates charged by Joyce Schweickert's counsel are unreasonable  The Du Wors objection is based solely on his miscast of the Court's use of "similar award."

---

[1] The amount previously sought has been increased by $335.00 to cover the one hour of time it cost to prepare this reply.

REPLY IN SUPPORT OF ORDER AWARDING
REASONABLE ATTORNEY'S FEES AND COSTS
TO JOYCE SCHWEICKERT- 3
13-cv-00675 RSM

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

## CONCLUSION

Joyce Schweickert afforded Du Wors every opportunity to reverse course, voluntarily withdraw the subpoenas, and avoid all of this expense. Du Wors ignored her request, ignored clear authority that the subpoenas were invalid, and necessitated Joyce Schweickert's filing of a motion to quash. Having forced Joyce Schweickert to incur the expense of opposing the improper subpoenas, an award in the amount of the reasonable attorney fees she incurred is proper.

Ms. Schweickert asks that the Court make just such an award.

DATED this 17th day of December, 2014.

KEANE LAW OFFICES

T. Jeffrey Keane, WSBA #8465
Attorney for Joyce Schweickert

REPLY IN SUPPORT OF ORDER AWARDING
REASONABLE ATTORNEY'S FEES AND COSTS
TO JOYCE SCHWEICKERT- 4
13-cv-00675 RSM

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540