UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JENNIFER P. SCHWEICKERT,

                    Plaintiff,

     v.

HUNTS POINT VENTURES, INC.; HUNTS POINT VENTURE GROUP, LLC; JOHN DU WORS; and DOES 1-4,

                    Defendants.

Case No. 13-cv-675RSM

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE

This matter comes before the Court upon Defendant John Du Wors' Amended Motion for Summary Judgment (Dkt. # 83) and Motion for Leave to File Amended Motion for Summary Judgment and to Allow Over-Length Brief (Dkt. # 85). Also pending before the Court is Defendant Du Wors' Motion for Summary Judgment (Dkt. # 80), which shall be the subject of a forthcoming order. Having considered the Defendant's moving papers, Plaintiff's opposition thereto, and the relevant record, the Court denies Defendant leave to file an amended summary judgment motion and strikes the amended motion. The Court further orders corporate Defendants to show cause why default should not be entered against them due to their lack of representation by counsel, pursuant to LCR 83.2(b)(3).

**PROCEDURAL BACKGROUND**

On September 13, 2013, the Court entered a Scheduling Order setting a deadline for the filing of dispositive motions of October 14, 2014. Dkt. # 24. In accordance with this Order, Defendant Du Wors filed a Motion for Summary Judgment (Dkt. # 80) on the October

14th deadline. Several days thereafter, on October 17, 2014, Defendant filed an untimely Amended Motion for Summary Judgment. Dkt. # 83. The Amended Motion is 25 pages in length, one page beyond that prescribed by the local rules of this Court. *See* LCR 7(e)(3). On October 22, 2014, Defendant belatedly filed a Motion for Leave to File Amended Motion for Summary Judgment and Allow Over-Length Brief, to which Plaintiff has objected. Dkt. ## 85, 86. Plaintiff has thereafter filed a response in opposition solely to Defendant's original summary judgment motion. Dkt. # 89.

### DISCUSSION

The Court's Scheduling Order is meant to be neither flexible nor suggestive. Rather, "[t]he parties are bound by the dates in the scheduling order," LCR 16(b)(4), which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(4). This "good cause" standard "primarily considers the diligence of the party seeking the amendment," though the court may also take into account "the existence or degree of prejudice to the party opposing the modification." *Johnson v. Mammoth* Recreations, 975 F.2d 604, 609 (9th Cir. 1992). Mere "carelessness is not compatible with a finding of diligence." *Id.*

The Court agrees with Plaintiff that Defendant has failed to demonstrate the requisite diligence to satisfy the applicable "good cause" standard. Defendant was clearly capable of meeting the Court-ordered deadline, having done so by timely filing his first dispositive motion, and indeed admits that the "argument and legal authority [in the amended Motion] are essentially the same as those set forth in the initial filing." Dkt. # 85, p. 2.[1] The Court finds nothing ambiguous about its Scheduling Order, despite counsel's suggestion that it might be read to allow a filing two days after the firmly represented deadline. Defendant Du Wors has additionally failed to account for his delay in filing his motion for leave to modify the scheduling order until over a week after the dispositive motions deadline had lapsed and five

---

[1] To the extent that Defendant seeks resolution of separate issues through consideration of both summary judgment motions, he is certainly aware that "parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim" absent leave of the Court, which has not been sought. LCR 7(e)(3).

days after he filed his amended summary judgment motion. At the same time, the Court takes into account the prejudice that Plaintiff will face in expending time and resources to cull new factual and legal arguments from Defendant's second motion and in filing a second opposition brief in response. Accordingly, the Court denies Defendant leave to file an amended summary judgment motion and strikes the untimely filing. The Court further instructs the parties to meet and confer in order to narrow any future procedural disputes in order to permit the Court to focus judicial resources on resolving the merits of this proceeding.

## ORDER TO SHOW CAUSE

On April 2, 2014, the Court entered an Order granting Foster Pepper PLLC leave to withdraw as counsel. Dkt. # 45. The Court therein noted that in doing so, Defendant business entities Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC (collectively, "Hunts Point") were being left unrepresented. *See id.* Withdrawing counsel as well as the Court instructed Defendants Hunt Point that failure to obtain replacement counsel by the date withdrawal became effective may result in the entry of default against them in accordance with Local Civil Rule 83.2(b)(3). *See id.*; Dkt. # 44, ¶ 4. Counsel for the receiver for Hunts Point Ventures, Inc. was made aware of Foster Pepper's request to withdraw (*See* Dkt. # 44, ¶ 3) but has not since entered appearance on behalf of Defendants Hunt Point, nor has any other attorney.

"A business entity, except a sole proprietorship, must be represented by counsel." LCR 83.2(b)(3). Accordingly, the Court hereby ORDERS Defendants Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC to SHOW CAUSE within fourteen (14) days of the entry of this Order why default should not be entered against them on account of their lack of representation. In the alternative, Defendants Hunt Point may secure counsel within this fourteen-day window or seek a brief extension of time to acquire counsel upon making a clear showing of good cause.

## CONCLUSION

For the reasons provided herein, the Court hereby finds and ORDERS as follows:

(1) Defendant's Motion for Leave to File Amended Motion for Summary Judgment (Dkt. # 85) is DENIED.

(2) Defendant's Amended Motion for Summary Judgment (Dkt. # 83) is STRICKEN.

(3) Defendants Hunts Point Ventures, Inc. and Hunts Point Venture Group, LLC are ORDERED TO SHOW CAUSE within <u>fourteen (14) days</u> of the entry of this Order why default should not be entered against them due to their longstanding lack of representation by counsel.

(4) The Clerk is directed to forward a copy of this Order to counsel for the receiver for Hunts Point Ventures, Inc., Diana K. Carey and Stephanie R. Lakinski, at the addresses provided.

Dated this 19th day of December 2014.

	RICARDO S. MARTINEZ
	UNITED STATES DISTRICT JUDGE