1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

| | |
|---|---|
| JENNIFER P. SCHWEICKERT,<br><br>                              Plaintiff,<br><br>        v.<br><br>HUNTS POINT VENTURES, INC.; HUNTS<br>POINT VENTURE GROUP, LLC; CHAD and<br>ELIZABETH RUDKIN, and their marital<br>community comprised thereof; JOHN DU<br>WORS; and DOES 1-4,<br><br>                              Defendants. | Case No. 13-cv-675RSM<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

15

16

17

18

19

20

        This matter comes before the Court upon Motion for Summary Judgment by Defendant John Du Wors ("Du Wors"). Dkt. # 80. Du Wors moves for summary judgment dismissal of all claims against him pled by Plaintiff Jennifer Schweickert. Having considered the parties' pleadings, moving papers, and exhibits submitted therewith, as well as the remainder of the record, the Court grants Defendant's Motion and dismisses all claims against him with prejudice for the reasons provided herein.

21

**FACTUAL AND PROCEDURAL BACKGROUND**

22

23

24

25

        Additional factual details are provided in the Court's previous Order on Motions, dismissing Plaintiff's claims against former Defendants Chad and Elizabeth Rudkin. *See* Dkt. # 93. The instant action arises out of a $200,000 loan made by Plaintiff Jennifer Schweickert to Defendant Hunts Point Ventures, Inc. ("HPV"). *See* Dkt. # 15 ("FAC"). In her operative

26

Amended Complaint, Plaintiff pleads three state law causes of action against Defendant Du Wors based on alleged misrepresentations made by Du Wors to induce Plaintiff's investment in HPV: fraud in the inducement, negligent misrepresentation, and conspiracy. *Id.* Plaintiff additionally alleges that Du Wors conspired to interfere with her contractual rights by re-booking her loan as an "angel investment." *Id.* Du Wors is the sole remaining individual defendant in this action, scheduled for trial on January 12, 2015. *See* Dkt. # 24.

According to Plaintiff, HPV was incorporated on or about May 3, 2010 by various friends of Mark Phillips, a non-party and the now fiancé of Plaintiff who was convicted in a separate criminal proceeding on counts of wire fraud, mail fraud, and money laundering arising out of theft from his former company MOD Systems, Inc. *See United States v. Mark Phillips*, 2:10-cr-00269-JCC; Dkt. # 80, Ex. 1 (J. Schweickert Dep.) at 5:22-6:6. As Phillips became involved in civil litigation with Mod Systems, Inc. in 2009 and 2010, as well as the subject of criminal investigation, he contacted friends for assistance in financing his litigation costs and protecting his intellectual property. FAC at ¶¶ 9, 10. Phillips subsequently licensed his intellectual property ("IP") to the newly formed HPV, which was to raise funds by prosecuting violations of the IP. *Id.* at ¶ 11. Plaintiff contends that it was her understanding that the initial shares of HPV were divided between Chad Rudkin and non-parties Stephen Schweickert, Doug Lower, and Mark Phillips. *Id.*[1]

Plaintiff asserts that she was approached in April 2011 by Stephen Schweickert, her father's cousin and the boyfriend of her mother, Joyce Schweickert, to become an investor in HPV. Schweickert Dep., p. 18; Dkt. # 90, Ex. A (S. Schweickert Decl.), ¶¶ 18, 50. According to Stephen Schweickert, Joyce Schweickert had withdrawn her own $200,000 investment in HPV out of concern that she could be implicated in the federal investigation of Phillips, and Plaintiff's investment was intended as replacement capital. *Id.* at ¶¶ 48-50. Plaintiff asserts that she desired to speak to Du Wors, the sole attorney involved in HPV who was

---

[1] Stephen Schweickert attests that the initial shares were equally divided between himself and Joyce Schweickert, and that HPV's articles of incorporation were later amended to reallocate voting and non-voting stock. S. Schweickert Decl. at ¶¶ 18, 22.

1   simultaneously serving as Phillips' personal attorney, in order to vet the company before

2   extending any loan. J. Schweickert Dep. at pp. 22-23; FAC at ¶¶ 11, 16. Plaintiff's

3   misrepresentation claims against Du Wors relate to statements that he made during a

4   telephone call on or about April 22, 2011, pursuant to Plaintiff's request. J. Schweickert Dep.

5   at p. 27. Plaintiff attests that Stephen Schweickert, Du Wors, and herself were the sole

6   participants on the call. *Id.*

7       Following the call, Plaintiff decided to proceed with the loan, secured by a written

8   promissory note on behalf of HPV. Dkt. # 80, Ex. 3. The promissory notes provides a

9   schedule for repayment of the loan and further provides that "the Lender has been induced to

10  enter this agreement with the mutual understanding and stipulation that an 8% fully paid

11  passive membership participation in that venture entity known as Hunts Point Venture Group,

12  LLC ["HPVG"] shall be granted." *Id.* at p. 2 & Ex. A. Plaintiff wired $200,000 to an HPV

13  account on April 26, 2011 upon receiving a signed copy of the Promissory Note and Joint

14  Participation Agreement from HPV and HPVG. *Id.* at ¶ 27; *see also id.* at Ex. A. Plaintiff

15  attests that at the time she executed the Note, she was unclear about the relationship between

16  HPV and HPVG, the latter of which had been registered on March 1, 2011. FAC, ¶ 19.

17  Plaintiff asserts that she has not received any scheduled payments from HPV on her note or

18  any written documentation concerning her ownership of shares in HPVG. *Id.* at pp. 12, 13.

19      Plaintiff filed the instant lawsuit seeking to recover her damages from this alleged

20  breach. On November 25, 2013, this action was automatically stayed for 60 days upon the

21  appointment of a general receiver on behalf of Defendant HPV in Case No. 13-2-40014-6

22  (King Co. Sup. Ct.). *See* Dkt. # 26. Plaintiff has since filed a proof of claim in the receivership

23  action seeking to recover principal and interest on her loan directly from HPV. *See* Dkt. # 28,

24  Ex. 1. On December 4, 2014, the Court filed an Order on Motions, which dismissed all claims

25  against Chad and Elizabeth Rudkin and their marital community. Dkt. # 93. As a

26  consequence, John Du Wors is the sole remaining individual defendant in this case. Du Wors

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 3

filed the instant Motion for Summary Judgment on October 14, 2014, seeking dismissal of all claims against him asserted by Plaintiff in her First Amended Complaint. Dkt. # 80.[2]

Plaintiff alleges that Du Wors made the following material misrepresentation during the 20-minute April 2011 phone call: (1) that HPVG was formed as a viable entity to grant equity interests to certain individuals as promised in the note (FAC at ¶ 19); (2) that Plaintiff would benefit in profit-sharing between HPV and HPVG as an equity holder in HPVG (*id.* at ¶ 20); (3) that Du Wors would use Plaintiff's loan to pursue patent violations (*id.* at ¶ 21); (4) that time was of the essence for Plaintiff to make her loan or she would lose the final slot to invest (*id.* at ¶ 22); (5) and that Mark Phillips was a shareholder, director, and officer of HPV with at least a 30% interest in the company as well as an economic and voting member (*id.* at ¶ 23). In addition, Plaintiff alleges that Du Wors counseled or instructed the Rudkins to book Plaintiff's loan as an "angel investment" to HPV in order to avoid repayment obligations. *Id.* at ¶ 24. This order considers each claim asserted against Du Wors in turn.

## DISCUSSION

### A.  Summary Judgment Standard

Summary Judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The nonmoving party defeats a motion for summary judgment if she "produces enough evidence to create a genuine issue of material fact." *Nissan Fire*, 969 F.2d at 1103. By contrast, the moving party is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a

---

[2] Defendant has moved together with his wife, Amber Du Wors, for summary judgment dismissal of all claims asserted against them. *See* Dkt. # 80. However, Amber Du Wors was not named in the operative complaint and is not a party to this suit. *See* Dkt. # 15.

reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted). Inferences drawn from underlying facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995).

In ruling on summary judgment, the court is required to consider only "the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The court is not required to search the entire record for evidence of a material dispute of fact. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

**B. Fraud and Negligent Misrepresentation**

Plaintiff first argues that Defendant Du Wors knowingly and negligently made material misrepresentations of fact during the April 2011 phone call in order to induce her to loan money to HPV. In order to prevail on her fraud claim under Washington law,[3] Plaintiff must establish nine elements by "clear, cogent, and convincing evidence." *Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996) (en banc). These nine elements include: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intention that it shall be acted upon by the plaintiff; (6) the plaintiff's ignorance of falsity; (7) reliance; (9) right to rely; and (9) resulting damages. *Id.*

In order to prevail on her claim for negligent misrepresentation, Plaintiff must prove by "clear, cogent, and convincing evidence" that (1) the defendant supplied information for the guidance of others in their business transactions that was false; (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in business

---

[3] The parties do not dispute that the Court is to apply the substantive law of the State of Washington in this diversity case.

1    transaction; (3) the defendant was negligent in obtaining or communicating false information;

2    (4) the plaintiff relied on the false information supplied by the defendant; (5) the plaintiff's

3    reliance on the false information was reasonable under the circumstances; and (6) the false

4    information was the proximate cause of damages to the plaintiff. *Ross v. Kirner*, 162 Wn.2d

5    493, 499, 172 P.2d 701 (2007).

6           Because the court must view evidence presented on summary judgment "through the

7    prism of the substantive evidentiary burden," *Anderson*, 477 U.S. at 254, a defendant seeking

8    summary judgment on fraud or negligent misrepresentation must prove that no reasonable

9    factfinder could find that the plaintiff has proven each element by clear, cogent, and

10   convincing evidence. *Maring v. PG Alaska Crab Inv. Co.,* LLC, 2006 WL 328400, *2 (W.D.

11   Wash. 2006). That is, the non-moving party must show from evidence in the record that the

12   facts are in issue are "highly probable." *Tiger Oil Corp. v. Yakima Cnty.*, 158 Wn. App. 553,

13   562, 242 P.3d 936 (2010).

14          Plaintiff is unable to satisfy this evidentiary burden as to each of the allegedly false

15   statements. As an initial matter, Plaintiff cannot claim justifiable reliance on alleged oral

16   misrepresentations made about her loan which are contradicted by its own terms. Justifiable

17   reliance is "reliance that was reasonable under the surrounding circumstances," *Lawyers Title

18   Ins. Corp. v. Baik*, 147 Wash. 2d 536, 551 (2002) (internal quotations omitted), and a "party

19   may not be heard to say that she [she] relied upon a representation when [she] had no right to

20   do so. *Williams v. Joslin*, 65 Wash. 2d 696, 698 (1965). Under Washington law, a party

21   cannot reasonably rely on an oral misrepresentation when a party had an opportunity to later

22   review the document contradicting the misrepresentation before executing it. *Id.*; *Skagit State

23   Bank v. Rasmussen*, 109 Wash.2d 377, 385 (1987) ("A party generally cannot escape the duty

24   of reading the documents…."). Here, Plaintiff admitted that she reviewed the unambiguous

25   three-page promissory note prior to executing her loan. Consequently, she cannot show that

26   she reasonably relied on any prior oral misrepresentations about its terms. In addition,

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 6

Plaintiff has failed to establish that each of the alleged individual misrepresentations made by Du Wors was actionable.

First, Plaintiff has not shown by clear, cogent, and convincing evidence that Du Wors' statement that HPVG was formed as a viable entity to grant equity interests was actually false or that her reliance on this statement was reasonable. Plaintiff admitted in her deposition that she understood that HPVG had actually been formed as of the time of the call, and the terms of her loan show that she was assured an equity stake in the company. J. Schweickert Dep. at p. 29; Dkt. # 80, Ex. 3. Accordingly, she has not shown that Du Wors falsely misrepresented the nature of the company as it existed at that time. Further, Plaintiff's repeated admissions that HPVG was merely a "concept" at the time of her investment rather than "a well-oiled machine" and that its relationship to HPV was unsettled and fluid (*see* J. Schweickert Dep. at pp. 28-29, 66-67) negate her claim that she justifiably relied on a promise that her loan would guarantee her an equity interest that would confer upon her a "future economic expectancy." FAC at ¶ 19. In addition, to the extent that Plaintiff interpreted Du Wors' statement as being a promise for the "conferral of a future economic expectancy" (*id.*), the statement is not a representation of an existing fact and consequently not actionable as a matter of law for either a claim of fraud or negligent misrepresentation. *See Adams v. King County*, 164 Wash.2d 640, 662, 192 P.3d 891 (2008) ([A] false promise does not constitute the representation of an existing fact."); *Micro Enhancement Intern., Inc. v. Coopers & Lybrand LLP*, 110 Wash.App. 412, 436, 40 P.3d 1206 (2002) ("[F]ailure to perform [promises of future conduct] cannot establish the requisite negligence for negligent misrepresentation."); *Havens v. C&D Plastics, Inc.*, 124 Wash.2d 158, 182, 876 P.2d 435 (1994).

Similarly, the second alleged misrepresentation – that Plaintiff would benefit from profit sharing between HPV and HPVG – is at most a promise of future performance. As such, it does not constitute a representation of an existing fact and is not actionable as a matter of law. *See Adams*, 164 Wash. 2d at 662; *Havens*, 124 Wash.2d at 182. Plaintiff attempts to avoid this result by asserting that she was "led to believe the parties had formulated and

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 7

would at least attempt to execute upon this strategy for any patent violations that Mr. Du Wors prosecuted." FAC at ¶ 20. Plaintiff's fraud claim still fails based on the alleged misrepresentation so characterized. Plaintiff has failed to adduce any evidence that Du Wors mischaracterized the then-existing relationship between HPV and HPVG, while a promise about future intentions remains nonactionable.

The third alleged misrepresentation – that Plaintiff's loan would be used to pursue patent violations – is also a nonactionable promise of future performance. Plaintiff has admitted that this statement is entirely about future expectations. J. Schweickert Dep. at p. 145 ("Du Wors made assurances. Of course nobody makes guarantees.") In addition, Plaintiff has failed to show that the statement was actually false. Plaintiff admitted that she was told by Du Wors that "a big chunk of [her] investment would go to pay down the balance due on Mark's criminal defense." *Id.* at p. 29. Further, evidence in the record shows that Du Wors' firm did pursue patent litigation on HPV's behalf, albeit with limited success. *See* Dkt. # 80 at Ex. 6.

The fourth alleged misrepresentation – that time was of the essence for Plaintiff to make her loan or she would lose the final slot to invest – fails on multiple grounds. First, Plaintiff admitted upon deposition and in the operative complaint that it was Steve Schweickert and not Du Wors who made this statement. J. Schweickert Dep. at p. 66; FAC at ¶ 56. Accordingly, Plaintiff has failed to show that Du Wors knowingly misrepresented an existing fact or supplied false information so as to establish a claim of either fraud or negligent misrepresentation. Plaintiff's assertion on response that Du Wors was somehow behind the statement is unsupported by any record evidence. Such pure speculation is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995). Plaintiff has also failed to show that this statement was actually false. To the contrary, Plaintiff admits that she was the last investor to obtain equity in HPVG. J. Schweickert Dep. at p. 38.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT- 8

Finally, Plaintiff fails to show that the fifth alleged misrepresentation – that Phillips was a shareholder, director, and officer of HPV with at least 30% interest – is actionable for either fraud or negligent misrepresentation. As with her fourth alleged misrepresentation, Plaintiff admits that Du Wors never told her that Phillips had at least a 30% interest in HPV and that 30% was "just a number that [she] threw out." *Id.* at p. 140. Further, Plaintiff admits that she knew that Phillips could not actually hold any shares in HPV or function as an active board member since he was incarcerated at the time she extended her loan. *Id.* at pp. 64, 79. Under these circumstances, her reliance on this alleged statement cannot be justified.

## C. Conspiracy to Commit Fraud and to Interfere with Contractual Rights

Under Washington law, to establish a claim of civil conspiracy, a plaintiff must show by "clear, cogent, and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State of* Washington, 84 Wash.App. 332, 350-51, 929 P.2d 448 (1996). To be viable, the civil conspiracy claim "must be premised on underlying 'actionable wrongs,' 'overt acts,' or a 'tort working damage to the plaintiffs.'" *Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F.Supp.2d 1211, 1216 (W.D. Wash. 1999) (quoting *W.G. Platts, Inc. v. Platts*, 73 Wn. 2d 434, 438-40, 438 P.2d 867 (1968)). Consequently, a civil conspiracy claim fails if the underlying act or claim is not actionable. *Id.*

Here, Plaintiff alleges two species of civil conspiracy: (1) that Du Wors and Steve Schweickert conspired to induce Plaintiff into a loan that they did not intend to repay through the asserted misrepresentations, and (2) that Du Wors and the Rudkins conspired to book Plaintiff's loan to HPV as an angel investment. This first conspiracy claim fails because Plaintiff has failed to raise a genuine issue of material fact to support the underlying claims of fraud and negligent misrepresentation on which it is premised. Plaintiff predicates her claim entirely on alleged misrepresentations that, as provided *supra*, are not actionable as a matter of law. She has also failed to adduce any evidence that Du Wors and Steve Schweickert did

not actually intend to repay the loan at the time that it was executed. The second conspiracy claim similarly fails because Plaintiff has not shown that the underlying act – the rebooking of Plaintiff's loan as an angel investment – is an actionable wrong. First, Plaintiff admits that she has no direct knowledge that her loan was so characterized; she attests that this information was relayed to her by Phillips, who discovered it upon reviewing HPV's business records. J. Schweickert Dep. at p. 141. Second, even if her loan was so rebooked, Plaintiff has not made any showing that she suffered harm as a consequence. Plaintiff has not shown that renaming the loan for internal record-keeping purposes in any way altered the legal effect of her promissory note, including the borrower's obligation to repay.

**D. Request for Continuance**

At the conclusion of her opposition brief, Plaintiff requests a continuance of the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). Dkt. # 89, pp. 24-25. This request must be denied. First, Plaintiff has failed to provide an affidavit or declaration showing that she cannot present facts essential to justify her opposition, as required under the Rule. Fed. R. Civ. P. 56(d); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("Failure to comply with the requirements of [Rule 56(d)] is a proper ground for denying discovery and proceeding to summary judgment."). Further, Plaintiff's opposition brief argues for a continuance to allow her to receive discovery that was the subject of two then-pending motions to compel. *See* Dkt. # 89, p. 25 (arguing that a continuance is needed to allow Plaintiff to receive discovery in response to Dkt. # 30 and Dkt. # 60). However, the Court's Order on Motions denied both of Plaintiff's motions to compel as moot (*see* Dkt. # 93). With the discovery period now closed, Plaintiff has made no showing that a continuance would enable her to present any facts not already in the record that are necessary to bolster her opposition.

**CONCLUSION**

For the reasons stated herein, the Court hereby ORDERS that Defendant John Du Wors' Motion for Summary Judgment (Dkt. # 80) is GRANTED. All claims in Plaintiff's

First Amended Complaint asserted against Defendant Du Wors shall be DISMISSED. As the record of evidence has shown the underlying alleged misrepresentations and asserted wrongful act to be nonactionable as a matter of law, the Court finds that any further amendment would be futile. Accordingly, the dismissal of Plaintiff's claims against Defendant Du Wors shall be WITH PREJUDICE.

DATED this 5 day of January 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE